IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE:<br>STEVEN D. BAXTER and<br>WENDY BAXTER,<br>     Debtors.<br><br>CURTIS C. REDING, STANDING<br>CHAPTER 13 TRUSTEE FOR THE<br>MIDDLE DISTRICT OF ALABAMA,<br>     Appellant,<br><br>v.<br><br>STEVEN D. BAXTER and<br>WENDY BAXTER,<br>     Appellees. | Case No. 06-10672-DHW-13<br>Chapter 13 |

**APPELLANT'S DESIGNATION OF ITEMS TO BE INCLUDED
IN THE RECORD AND STATEMENT OF ISSUES ON APPEAL**

COMES NOW Curtis C. Reding, Standing Chapter 13 Trustee for the Middle District of Alabama, by and through the undersigned counsel, and having filed a Notice of Appeal pursuant to 28 U.S.C. §158(a)(1) and (d)(1) and FED. R. BANK. P. 8001, from the Memorandum Opinion and Order of the United States Bankruptcy Court for the Middle District of Alabama on the Trustee's motion to modify debtors' plan entered on August 21, 2007, and hereby submits the following pursuant to FED. R. BANK. P. 8006:

**Designation of Items to be Included in the Record on Appeal**

| Docket<br>Item | Filing<br>Date | Docket Text |
|---|---|---|
| 1 | 07/11/06 | Chapter 13 Voluntary Petition & Schedules |
| 2 | 07/11/06 | Chapter 13 Plan |
| 27 | 10/12/06 | Trustee's Summary of Confirmed Chapter 13 Plan |

| 28 | 10/12/06 | Order Confirming Chapter 13 Plan |
| 30 | 01/16/07 | Adversary Case 07-01010 Complaint against Capital One Bank, G.C. Services Limited Partnership |
| 31 | 04/02/07 | Motion to Approve Compromise or Settlement |
| 32 | 04/02/07 | Application to Approve Professional Fees for Debtors' Attorney |
| 35 | 04/12/07 | Trustee's Response to Motion to Compromise Controversy |
| 36 | 04/12/07 | Trustee's Motion to Modify Plan Post Confirmation for lawsuit proceeds |
| 40 | 04/24/07 | Debtors' Objection to Trustee's Motion to Modify Confirmed Plan |
| 43 | 05/11/07 | Order Approving Settlement and Attorney's Fee |
| 44 | 05/11/07 | Submission Order on Motion to Modify Plan |
| 47 | 05/14/07 | Order Granting Application to Approve Professional Fees |
| 54 | 06/14/07 | Stipulation of Facts and Issues between Trustee Curtis C. Reding and Debtor on Trustee's Motion to Modify Plan |
| 55 | 06/15/07 | Debtors' Brief in Support of Debtors' Position That Settlement Proceeds Remain Property of the Debtors |
| 56 | 06/15/07 | Trustee's Brief in Support of Trustee's Motion to Modify |
| 57 | 06/18/07 | Amended Schedules B, C |
| 58 | 08/21/07 | Memorandum Decision/Opinion on Trustee's Motion to Modify Plan |
| 59 | 08/21/07 | Order Granting Trustee's Motion to Modify |
| 62 | 08/29/07 | Trustee's Motion to Alter, Amend or Vacate Order and to Reconsider Memorandum Decision on Trustee's Motion to Modify Plan |
| 68 | 09/10/07 | Order Denying Motions to Reconsider |
| 70 | 09/18/07 | Notice of Appeal |
| 75 | 09/19/2007 | Notice of Service of Appeal |
| 76 | 09/24/2007 | Transcript of Proceedings 05/09/2007 on Debtors' Motion to Approve Compromise Settlement and Trustee's Motion to Modify Plan |
| 77 | 09/24/2007 | Transcript of Proceedings 09/10/2007 on Trustee's Motion to |

| | | Alter, Amend and Reconsider Memorandum Decision on Trustee's Motion to Modify Plan |
| | | Docket sheet for chapter 13 Case #06-10672-DHW-13 |

### Statement of Issue on Appeal

Did the United States Bankruptcy Court for the Middle District of Alabama err in its holding that the debtors' post-petition cause of action is not property of the estate?

Respectfully submitted this 27th day of September, 2007.

Curtis C. Reding
Standing Chapter 13 Trustee


By: /s/ Sabrina L. McKinney
Sabrina L. McKinney (ASB-3162-I71S)
Staff Attorney for Chapter 13 Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL  36101-0173
(334) 262-8371 phone
(334) 834-7635 fax
Email: mckinneys@ch13mdal.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Appellant's Designation of Items to be Included in the Record and Statement of Issues on Appeal has been served upon the parties listed below either by electronic filing or by U.S. Mail, first-class postage prepaid, this the 27th day of September, 2007:

Steven D. and Wendy Baxter, Debtors
19 Baxter Station
Louisville, AL  36048

Michael D. Brock and
David G. Poston
Counsel for Debtors
Brock & Stout
P.O. Drawer 311167
Enterprise, AL 36331-1167

Teresa R. Jacobs
Unites States Bankruptcy Administrator
Middle District of Alabama
One Church Street
Montgomery, AL  36104

/s/ Sabrina L. McKinney
Sabrina L. McKinney

AMERICAN EXPRESS
CUSTOMER SERVICE
P.O. BOX 297812
FT. LAUDERDALE, FL  33329-7815


ASPIRE
P.O. BOX 105555
ATLANTA, GA  30348-5555


CAPITAL ONE BANK
BANKRUPTCY CORRESPONDENCE
P.O. BOX 5155
NORCROSS, GA  30091


CHASE BANK USA, N.A.
P.O. BOX 10043
KENNESAW, GA  30156-9243


CHASE CARDMEMBER SERVICES
P.O. BOX 100044
KENNESAW, GA  30156-9244


CITIFINANCIAL
808 GLOVER AVENUE
ENTERPRISE, AL  36330-2018


CITIFINANCIAL AUTO
P.O. BOX 1437
MINNEAPOLIS, MN  55440-1437


ENTERPRISE RESCUE, INC.
P.O. BOX 311441
ENTERPRISE, AL  36331-1441


FIRST NORTH AMERICAN NATIONAL BANK
P.O. BOX 42336
RICHMOND, VA  23242-2336


FLOWERS HOSPITAL
P.O. BOX 6907
DOTHAN, AL  36303

```
GREENTREE
BANKRUPTCY DEPARTMENT
P.O. BOX 6154
RAPID CITY, SD  57709


HOLLOWAY CREDIT SOLUTIONS
P.O. BOX 6441
DOTHAN, AL  36302


HOUSEHOLD BANK
HSBC CARD SERVICES
P.O. BOX 80084
SALINAS, CA  93912-0084


HSBC NV
P.O. BOX 19360
SALINAS, CA  93901


INTERNAL REVENUE SERVICE
DISTRICT DIRECTOR, IRS
801 TOM MARTIN DR, #126
BIRMINGHAM, AL  35211


LABCORP - LCA COLLECTIONS
P.O. BOX 2240
BURLINGTON, NC  27216-2240


MERCHANTS ADJUSTMENT
P.O. BOX 7511
MOBILE, AL  36690


MERRICK BANK
P.O. BOX 9201
OLD BETHPAGE, NY  11804


ORCHARD BANK - HOUSEHOLD CREDIT SERVICES
P.O. BOX 80084
SALINAS, CA  93912-0084
```

```
PATRICIA CONOVER
ASST U.S. ATTORNEY
P.O. BOX 197
MONTGOMERY, AL  36106


PEOPLES BANK
P.O. BOX 248
CLIO, AL  36017


SUNSOUTH BANK
P.O. BOX 1910
DOTHAN, AL  36302-1910


THE HOME DEPOT
P.O. BOX 689100
DES MOINES, IA  50368-9100
```

**United States Bankruptcy Court**
**Middle District of Alabama**

IN RE:                                                          Case No. _____

**Baxter, Steven D. & Baxter, Wendy**                          Chapter **13**
_____
Debtor(s)

## VERIFICATION OF CREDITOR MATRIX

The above named debtor(s) hereby verify(ies) that the attached matrix listing creditors is true to the best of my(our) knowledge.


Date: **July 11, 2006** _____    Signature: */s/ Steven D. Baxter*
                                                    **Steven D. Baxter**                          Debtor


Date: **July 11, 2006** _____    Signature: */s/ Wendy Baxter*
                                                    **Wendy Baxter**                          Joint Debtor, if any

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

(Official Form 1) (10/05)

| FORM B1 | United States Bankruptcy Court<br>Middle District of Alabama | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Baxter, Steven D.** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Baxter, Wendy** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): **2377** | Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): **3512** |

| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**19 Baxter Station<br>Louisville, AL** | ZIPCODE<br>**36048** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>**19 Baxter Station<br>Louisville, AL** | ZIPCODE<br>**36048** |
|---|---|---|---|
| County of Residence or of the Principal Place of Business:<br>**Barbour** | | County of Residence or of the Principal Place of Business:<br>**Barbour** | |
| Mailing Address of Debtor (if different from street address) | ZIPCODE | Mailing Address of Joint Debtor (if different from street address): | ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | | | ZIPCODE |

| Type of Debtor (Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check all applicable boxes.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and provide the information requested below.)<br>State type of entity: | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Nonprofit Organization qualified under 15 U.S.C. § 501(c)(3) | ☐ Chapter 7    ☐ Chapter 11   ☐ Chapter 15 Petition for Recognition<br>☐ Chapter 9    ☐ Chapter 12      of a Foreign Main Proceeding<br>☑ Chapter 13   ☐ Chapter 15 Petition for Recognition<br>of a Foreign Nonmain Proceeding<br><br>**Nature of Debts** (Check one box)<br>☑ Consumer/Non-Business   ☐ Business |

| Filing Fee (Check one box) | Chapter 11 Debtors: |
|---|---|
| ☐ Full Filing Fee attached<br>☑ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br>☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2 million. |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Debts

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

VOLUNTARY PETITION

(Official Form 1)  (10/05)                                                        **FORM B1**, Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Baxter, Steven D. & Baxter, Wendy** |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 8 Years** (If more than one, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed: **None** | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐  Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.<br>I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code.<br><br>X  */s/ Michael D Brock*                                    **7/11/06**<br>Signature of Attorney for Debtor(s)                                Date |
|---|---|

| **Exhibit C**<br>Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐  Yes, and Exhibit C is attached and made a part of this petition.<br><br>☑  No | **Certification Concerning Debt Counseling<br>by Individual/Joint Debtor(s)**<br><br>☑  I/we have received approved budget and credit counseling during the 180-day period preceding the filing of this petition<br><br>☐  I/we request a waiver of the requirement to obtain budget and credit counseling prior to filing based on exigent circumstances. (Must attach certification describing.) |
|---|---|

| **Information Regarding the Debtor (Check the Applicable Boxes)** |
|---|

**Venue** (Check any applicable box)

☑  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

| **Statement by a Debtor Who Resides as a Tenant of Residential Property** |
|---|

*Check all applicable boxes.*

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord or lessor that obtained judgment)

_____

(Address of landlord or lessor)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

(Official Form 1) (10/05)

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Baxter, Steven D. & Baxter, Wendy** |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United State Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by § 342(b) of the Bankruptcy Code.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Steven D. Baxter**
Signature of Debtor       **Steven D. Baxter**

X **/s/ Wendy Baxter**
Signature of Joint Debtor       **Wendy Baxter**

Telephone Number (If not represented by attorney)

**July 11, 2006**
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign main proceeding, and that I am authorized to file this petition. A certified copy of the order granting recognition is attached.

(Check one box only)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by § 1515 of title 11 are attached.

☐ Pursuant to § 1511 of title 11, United States Code, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

X _____
Printed Name of Foreign Representative

_____
Date

| Signature of Attorney | Signature of Non-Attorney Petition Preparer |
|---|---|

**Signature of Attorney**

X **/s/ Michael D Brock**
Signature of Attorney for Debtor(s)

**Michael D Brock Bro152**
Printed Name of Attorney for Debtor(s)

**Brock And Stout**
Firm Name

**P O Drawer 311167**
Address

**Enterprise, AL  36331**

**(334) 393-4357**
Telephone Number

**July 11, 2006**
Date

**Signature of Non-Attorney Petition Preparer**

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any,  of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

X _____
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

_____
Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.*

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

## United States Bankruptcy Court
## Middle District of Alabama

**IN RE:**                                                    Case No. _____

**Baxter, Steven D. & Baxter, Wendy** _____ Chapter **13** _____
<div style="text-align:center">Debtor(s)</div>

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities."

<div style="text-align:right">AMOUNTS SCHEDULED</div>

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 0.00 | | |
| B - Personal Property | Yes | 3 | $ 57,695.28 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 55,285.78 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 2 | | $ 13,989.04 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | $ 34,345.98 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $ 2,602.38 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | $ 2,495.17 |
| | TOTAL | 16 | $ 57,695.28 | $ 103,620.80 | |

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

SUMMARY OF SCHEDULES

**United States Bankruptcy Court**
**Middle District of Alabama**

IN RE:                                                      Case No. _____

Baxter, Steven D. & Baxter, Wendy _____   Chapter **13** _____

                    Debtor(s)

### STATISTICAL SUMMARY OF CERTAIN LIABILITIES (28 U.S.C. § 159)
### [Individual Debtors Only]

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | **13,989.04** |
| Claims for Death or Personal Injury While Debtor was Intoxicated (from Schedule E) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| **TOTAL** | **13,989.04** |

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE** Baxter, Steven D. & Baxter, Wendy                     Case No. _____
                           Debtor(s)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant , community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H" for Husband, "W" for Wife, "J" for Joint or "C" for Community in the column labeled "HWJC." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **None** | | | | |
| | | | **TOTAL**     0.00 | |

(Report also on Summary of Schedules)

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

SCHEDULE A - REAL PROPERTY

IN RE **Baxter, Steven D. & Baxter, Wendy** _____ Case No. _____
                             Debtor(s)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H" for Husband, "W" for Wife, "J" for Joint, or "C" for Community in the column labeled "HWJC." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." In providing the information requested in this schedule, do not include the name or address of a minor child. Simply state "a minor child."

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | CASH ON HAND ESTIMATED TO BE NOT MORE THAN | J | 110.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | CHECKING ACCOUNT | J | 6.00 |
| | | SAVINGS ACCOUNT | J | 29.76 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, include audio, video, and computer equipment. | | HOUSEHOLD GOODS | J | 1,775.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | BOOKS AND PICTURES | J | 150.00 |
| 6. Wearing apparel. | | CLOTHING | J | 450.00 |
| 7. Furs and jewelry. | | JEWELRY | J | 200.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | HOBBY EQUIPMENT | J | 240.00 |
| 9. Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | WHOLE LIFE INSURANCE POLICY | W | 367.13 |
| 10. Annuities. Itemize and name each issue. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(3). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | | RETIREMENT | H | 9,208.39 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE** Baxter, Steven D. & Baxter, Wendy                                    Case No. _____

Debtor(s)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) in customer lists or similar compilations provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1986 TOYOTA CRESSIDA (250,000+ MILES)** | H | 500.00 |
| | | **1993 MITSUBISHI GT (165,000+ MILES)** | H | 3,000.00 |
| | | **1996 FORD EXPLORER SPORT (150,000+ MILES)** | H | 3,175.00 |
| | | **2000 ISUZU TROOPER** | J | 8,200.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

**IN RE** Baxter, Steven D. & Baxter, Wendy _____  Case No. _____

Debtor(s)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | | **1996 GRAND MANOR 28X68 MOBILE HOME** | H | **29,709.00** |
| | | **LAWN EQUIPMENT AND TOOLS** | J | **575.00** |
| | | | **TOTAL** | **57,695.28** |

<div style="text-align:right">(Include amounts from any continuation sheets attached.<br>Report total also on Summary of Schedules.)</div>

_____ **0** continuation sheets attached

**SCHEDULE B - PERSONAL PROPERTY**

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE** Baxter, Steven D. & Baxter, Wendy _____    Case No. _____
                          Debtor(s)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:                    ☐ Check if debtor claims a homestead exemption that exceeds $125,000.
(Check one box)

☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---:|---:|
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| **CASH ON HAND ESTIMATED TO BE NOT MORE THAN** | **Ala. Code §§ 6-10-6** | **110.00** | **110.00** |
| **CHECKING ACCOUNT** | **Ala. Code §§ 6-10-6** | **6.00** | **6.00** |
| **SAVINGS ACCOUNT** | **Ala. Code §§ 6-10-6** | **29.76** | **29.76** |
| **HOUSEHOLD GOODS** | **Ala. Code §§ 6-10-6** | **1,775.00** | **1,775.00** |
| **BOOKS AND PICTURES** | **Ala. Code §§ 6-10-6** | **150.00** | **150.00** |
| **CLOTHING** | **Ala. Code §§ 6-10-6** | **450.00** | **450.00** |
| **JEWELRY** | **Ala. Code §§ 6-10-6** | **200.00** | **200.00** |
| **HOBBY EQUIPMENT** | **Ala. Code §§ 6-10-6** | **240.00** | **240.00** |
| **WHOLE LIFE INSURANCE POLICY** | **Ala. Code §§ 6-10-8, 27-14-29** | **367.13** | **367.13** |
| **RETIREMENT** | **Ala. Code § 19-3-1** | **9,208.39** | **9,208.39** |
| **1986 TOYOTA CRESSIDA (250,000+ MILES)** | **Ala. Code §§ 6-10-6** | **500.00** | **500.00** |
| **1993 MITSUBISHI GT (165,000+ MILES)** | **Ala. Code §§ 6-10-6** | **1,964.24** | **3,000.00** |
| **LAWN EQUIPMENT AND TOOLS** | **Ala. Code §§ 6-10-6** | **575.00** | **575.00** |

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

IN RE **Baxter, Steven D. & Baxter, Wendy** _____    Case No. _____
                                          Debtor(s)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child." and do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL / UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|
| Account No.<br>**CITIFINANCIAL AUTO**<br>**P.O. BOX 1437**<br>**MINNEAPOLIS, MN 55440-1437** | | J | **2000 ISUZU TROOPER**<br><br>Value $ **8,200.00** | | | | **10,345.00**<br><br>**2,145.00** |
| Account No. **9413**<br>**GREENTREE**<br>**BANKRUPTCY DEPARTMENT**<br>**P.O. BOX 6154**<br>**RAPID CITY, SD 57709** | | H | **1996 GRAND MANOR 28X68 MOBILE HOME**<br><br>Value $ **29,709.00** | | | | **40,749.24**<br><br>**11,040.24** |
| Account No. **0180**<br>**PEOPLES BANK**<br>**P.O. BOX 248**<br>**CLIO, AL 36017** | | H | **1996 FORD EXPLORER SPORT (150,000+ MILES)**<br><br>Value $ **3,175.00** | | | | **4,191.54**<br><br>**1,016.54** |
| Account No.<br>**SUNSOUTH BANK**<br>**P.O. BOX 1910**<br>**DOTHAN, AL 36302-1910** | | | **Assignee or other notification for:**<br>**PEOPLES BANK**<br><br>Value $ | | | | |

_____ **0** continuation sheets attached

Subtotal (Total of this page)    **55,285.78**

(Use only on last page of the completed Schedule D) **TOTAL**    **55,285.78**
(Report total also on Summary of Schedules)

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE** Baxter, Steven D. & Baxter, Wendy _____    Case No. _____

Debtor(s)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed.R.Bankr.P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. If applicable, also report this total on the Means Test form.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,000* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑ **Taxes and Other Certain Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____ **1** continuation sheets attached

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE** Baxter, Steven D. & Baxter, Wendy _____  Case No. _____

Debtor(s)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

### Taxes and Other Certain Debts Owed to Governmental Units

(Type of Priority)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | TOTAL AMOUNT OF CLAIM / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|
| Account No. | | J | 2000 TAXES | | | | |
| INTERNAL REVENUE SERVICE DISTRICT DIRECTOR, IRS 801 TOM MARTIN DR, #126 BIRMINGHAM, AL  35211 | | | | | | | 7,088.27 ........... 7,088.27 |
| Account No. | | | Assignee or other notification for: INTERNAL REVENUE SERVICE | | | | |
| PATRICIA CONOVER ASST U.S. ATTORNEY P.O. BOX 197 MONTGOMERY, AL  36106 | | | | | | | ........... |
| Account No. | | J | 2002 TAXES | | | | |
| INTERNAL REVENUE SERVICE DISTRICT DIRECTOR, IRS 801 TOM MARTIN DR, #126 BIRMINGHAM, AL  35211 | | | | | | | 6,900.77 ........... 6,900.77 |
| Account No. | | | Assignee or other notification for: INTERNAL REVENUE SERVICE | | | | |
| PATRICIA CONOVER ASST U.S. ATTORNEY P.O. BOX 197 MONTGOMERY, AL  36106 | | | | | | | ........... |
| Account No. | | | | | | | ........... |
| Account No. | | | | | | | ........... |

| | | |
|---|---|---|
| Sheet no. __1__ of __1__ sheets attached to Schedule of Creditors Holding Priority Claims | Subtotal (Total of this page) | 13,989.04 |
| | (Use only on last page of the completed Schedule E)  **TOTAL** | 13,989.04 |
| | (Report total also on Summary of Schedules) | |

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS**

**IN RE** Baxter, Steven D. & Baxter, Wendy _____ Case No. _____
<div align="center">Debtor(s)</div>

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed.R.Bankr.P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community maybe liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

<div style="writing-mode: vertical-lr">© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only</div>

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **1008** <br><br>**AMERICAN EXPRESS CUSTOMER SERVICE P.O. BOX 297812 FT. LAUDERDALE, FL  33329-7815** | | W | CREDIT CARD DEBT | | | | 836.18 |
| Account No. **6731** <br><br>**ASPIRE P.O. BOX 105555 ATLANTA, GA  30348-5555** | | H | CREDIT CARD DEBT | | | | 2,711.37 |
| Account No. **4023** <br><br>**CAPITAL ONE BANK BANKRUPTCY CORRESPONDENCE P.O. BOX 5155 NORCROSS, GA  30091** | | J | CREDIT CARD DEBT | | | | 2,482.76 |
| Account No. **5709** <br><br>**CAPITAL ONE BANK BANKRUPTCY CORRESPONDENCE P.O. BOX 5155 NORCROSS, GA  30091** | | W | CREDIT CARD DEBT | | | | 454.00 |
| Account No. **2014** <br><br>**CHASE CARDMEMBER SERVICES P.O. BOX 100044 KENNESAW, GA  30156-9244** | | J | CREDIT CARD DEBT | | | | 10,482.01 |

_____ **2** continuation sheets attached

| | |
|---|---|
| Subtotal (Total of this page) | 16,966.32 |

(Use only on last page of the completed Schedule F)  **TOTAL** _____
(Report total also on Summary of Schedules)

**SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS**

**IN RE** Baxter, Steven D. & Baxter, Wendy _____    Case No. _____
                                   Debtor(s)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **CHASE BANK USA, N.A.** P.O. BOX 10043 KENNESAW, GA 30156-9243 | | | Assignee or other notification for: CHASE CARDMEMBER SERVICES | | | | |
| Account No. **FIRST NORTH AMERICAN NATIONAL BANK** P.O. BOX 42336 RICHMOND, VA 23242-2336 | | | Assignee or other notification for: CHASE CARDMEMBER SERVICES | | | | |
| Account No. **5943** **CITIFINANCIAL** 808 GLOVER AVENUE ENTERPRISE, AL 36330-2018 | | | LOAN | | | | 11,400.86 |
| Account No. **2462** **ENTERPRISE RESCUE, INC.** P.O. BOX 311441 ENTERPRISE, AL 36331-1441 | | H | MEDICAL DEBT | | | | 568.00 |
| Account No. **HOLLOWAY CREDIT SOLUTIONS** P.O. BOX 6441 DOTHAN, AL 36302 | | | Assignee or other notification for: ENTERPRISE RESCUE, INC. | | | | |
| Account No. **FLOWERS HOSPITAL** P.O. BOX 6907 DOTHAN, AL 36303 | | | MEDICAL DEBT | | | | 100.00 |
| Account No. **MERCHANTS ADJUSTMENT** P.O. BOX 7511 MOBILE, AL 36690 | | | Assignee or other notification for: FLOWERS HOSPITAL | | | | |

Sheet no. _____ **1** of _____ **2** sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    **12,068.86**

(Complete only on last sheet of Schedule F)  **TOTAL**

(Report total also on Summary of Schedules)

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE** Baxter, Steven D. & Baxter, Wendy _____    Case No. _____
                    Debtor(s)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **3406**<br><br>**HOUSEHOLD BANK**<br>**HSBC CARD SERVICES**<br>**P.O. BOX 80084**<br>**SALINAS, CA  93912-0084** | | W | **CREDIT CARD DEBT** | | | | 1,023.60 |
| Account No. **8954**<br><br>**HSBC NV**<br>**P.O. BOX 19360**<br>**SALINAS, CA  93901** | | H | **CREDIT CARD DEBT** | | | | 687.61 |
| Account No. **9544**<br><br>**LABCORP - LCA COLLECTIONS**<br>**P.O. BOX 2240**<br>**BURLINGTON, NC  27216-2240** | | W | **MEDICAL DEBT** | | | | 188.00 |
| Account No. **2374**<br><br>**MERRICK BANK**<br>**P.O. BOX 9201**<br>**OLD BETHPAGE, NY  11804** | | W | **CREDIT CARD DEBT** | | | | 881.37 |
| Account No. **6319**<br><br>**MERRICK BANK**<br>**P.O. BOX 9201**<br>**OLD BETHPAGE, NY  11804** | | H | **CREDIT CARD DEBT** | | | | 1,145.24 |
| Account No. **0470**<br><br>**ORCHARD BANK - HOUSEHOLD CREDIT SERVICES**<br>**P.O. BOX 80084**<br>**SALINAS, CA  93912-0084** | | H | **CREDIT CARD DEBT** | | | | 675.29 |
| Account No. **6357**<br><br>**THE HOME DEPOT**<br>**P.O. BOX 689100**<br>**DES MOINES, IA  50368-9100** | | | **CREDIT CARD DEBT** | | | | 709.69 |

Sheet no. _____ **2** of _____ **2** sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

|  | Subtotal (Total of this page) | 5,310.80 |
|---|---|---|
| | **(Complete only on last sheet of Schedule F)  TOTAL** | 34,345.98 |

(Report total also on Summary of Schedules)

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**IN RE** Baxter, Steven D. & Baxter, Wendy _____ Case No. _____
<center>Debtor(s)</center>

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed.R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**IN RE** **Baxter, Steven D. & Baxter, Wendy** _____ Case No. _____
Debtor(s)

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

SCHEDULE H - CODEBTORS

**IN RE** Baxter, Steven D. & Baxter, Wendy _____    Case No. _____
                        Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 7, 11, 12, or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| **Married** | RELATIONSHIP | | AGE |
| | | | |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **ACCOUNTANT/ASST. PLANT MANAGER** | **HOUSEWIFE** |
| Name of Employer | **SLAWSON MANUFACTURING** | |
| How long employed | **9 YEARS** | |
| Address of Employer | **3077 CARTER HILL ROAD** | |
| | **MONTGOMERY, AL 36111** | |

**INCOME:** (Estimate of average monthly income)                                          DEBTOR          SPOUSE

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ | **4,333.33** | $ |
| 2. Estimated monthly overtime | $ | | $ |
| **3. SUBTOTAL** | $ | **4,333.33** | $ **0.00** |
| 4. LESS PAYROLL DEDUCTIONS | | | |
|    a. Payroll taxes and Social Security | $ | **997.04** | $ |
|    b. Insurance | $ | **300.58** | $ |
|    c. Union dues | $ | | $ |
|    d. Other (specify)  **401K RETIREMENT** | $ | **433.33** | $ |
| | $ | | $ |
| **5. SUBTOTAL OF PAYROLL DEDUCTIONS** | $ | **1,730.95** | $ **0.00** |
| **6. TOTAL NET MONTHLY TAKE HOME PAY** | $ | **2,602.38** | $ **0.00** |
| | | | |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ | | $ |
| 8. Income from real property | $ | | $ |
| 9. Interest and dividends | $ | | $ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | | $ |
| 11. Social Security or other government assistance | | | |
|    (Specify) _____ | $ | | $ |
| | $ | | $ |
| 12. Pension or retirement income | $ | | $ |
| 13. Other monthly income | | | |
|    (Specify) _____ | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| **14. SUBTOTAL OF INCOME REPORTED ON LINES 7 THROUGH 13** | $ | | $ |
| **15. TOTAL MONTHLY INCOME** (Add amounts shown on Lines 6 through 14.) | $ | **2,602.38** | $ **0.00** |

**16. TOTAL COMBINED MONTHLY INCOME $ _____ 2,602.38 _____** (Report also on Summary of Schedules)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None**

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Baxter, Steven D. & Baxter, Wendy** _____    Case No. _____
_____ Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 488.00 |
|    a. Are real estate taxes included?    Yes ____  No ✓ | |
|    b. Is property insurance included?    Yes ____  No ✓ | |
| 2. Utilities: | |
|    a. Electricity and heating fuel | $ _____ |
|    b. Water and sewer | $ _____ |
|    c. Telephone | $ _____ |
|    d. Other  **NON-MORTGAGE UTILITIES** | $ 316.00 |
| _____ | $ _____ |
| 3. Home maintenance (repairs and upkeep) | $ _____ |
| 4. Food | $ 514.00 |
| 5. Clothing | $ 141.00 |
| 6. Laundry and dry cleaning | $ 20.00 |
| 7. Medical and dental expenses | $ 150.00 |
| 8. Transportation (not including car payments) | $ 343.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ _____ |
| 10. Charitable contributions | $ _____ |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|    a. Homeowner's or renter's | $ _____ |
|    b. Life | $ _____ |
|    c. Health | $ _____ |
|    d. Auto | $ 224.17 |
|    e. Other | $ _____ |
| _____ | $ _____ |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
|    (Specify) _____ | $ _____ |
| 13. Installment payments (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan) | |
|    a. Auto | $ _____ |
|    b. Other | $ _____ |
|    c. Other | $ _____ |
| 14. Alimony, maintenance, and support paid to others | $ _____ |
| 15. Payments for support of additional dependents not living at your home | $ _____ |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ _____ |
| 17. Other  **See Schedule Attached** | $ 299.00 |
| _____ | $ _____ |
| _____ | $ _____ |
| **18. TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules)** | $ 2,495.17 |

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
**\*DEBTORS ARE CURRENTLY EXPECTING A CHILD AND EXPECT INCREASE IN EXPENSES AS A RESULT OF INCREASED FAMILY SIZE.**

**20. STATEMENT OF MONTHLY NET INCOME**

| | |
|---|---:|
|    a. Total monthly income from Line 16 of Schedule I | $ 2,602.38 |
|    b. Total monthly expenses from Line 18 above | $ 2,495.17 |
|    c. Monthly net income (a. minus b.) | $ 107.21 |

SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE** Baxter, Steven D. & Baxter, Wendy _____ Case No. _____
Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Continuation Sheet - Page 1 of 1

Other Expenses (DEBTOR)

| | |
|---|---|
| **PRESCRIPTIONS** | **50.00** |
| **HOUSEKEEPING** | **55.00** |
| **PERSONAL CARE** | **56.00** |
| **MISCELLANEOUS** | **138.00** |

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)**

**IN RE** Baxter, Steven D. & Baxter, Wendy _____     Case No. _____

_____
Debtor(s)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**17** sheets, and that
                                                                                                                                (Total shown on summary page plus 1)

they are true and correct to the best of my knowledge, information, and belief.

Date: **July 11, 2006** _____     Signature: _**/s/ Steven D. Baxter**_
                                                        **Steven D. Baxter**                                                        Debtor

Date: **July 11, 2006** _____     Signature: _**/s/ Wendy Baxter**_
                                                        **Wendy Baxter**                                                        (Joint Debtor, if any)
                                                                                                [If joint case, both spouses must sign.]

_____

#### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____               _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer               Social Security No. (Required by 11 U.S.C. § 110.)

_If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document._

_____
_____
Address

_____               _____
Signature of Bankruptcy Petition Preparer               Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

_A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156._

_____

#### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____
(corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.
                                        (Total shown on summary page plus 1)

Date: _____     Signature: _____

                                                        _____
                                                        (Print or type name of individual signing on behalf of debtor)

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

**Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.**

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

### United States Bankruptcy Court
### Middle District of Alabama

IN RE:                                                                                    Case No. _____

**Baxter, Steven D. & Baxter, Wendy** _____    Chapter **13** _____
<div align="center">Debtor(s)</div>

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

---

**1. Income from employment or operation of business**

None ☐    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT   SOURCE
**64,919.00   2004 -- SLAWSON MANUFACTURING (H) & SE ALABAMA RURAL HEALTH (W)**
**53,129.00   2005 -- SLAWSON MANUFACTURING (H) & SE ALABAMA RURAL HEALTH (W)**

---

**2. Income other than from employment or operation of business**

None ☑    State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**3. Payments to creditors**
*Complete a. or b., as appropriate, and c.*

None ☑    a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

None ☑ *b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ *c. All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☑ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 5. Repossessions, foreclosures and returns

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 6. Assignments and receiverships

None ☑  a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 7. Gifts

None ☑  List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 8. Losses

None ☑ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 9. Payments related to debt counseling or bankruptcy

None ☑ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

## 10. Other transfers

None ☑ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

**11. Closed financial accounts**

None ☑ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**12. Safe deposit boxes**

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13. Setoffs**

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14. Property held for another person**

None ☑ List all property owned by another person that the debtor holds or controls.

**15. Prior address of debtor**

None ☑ If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

**16. Spouses and Former Spouses**

None ☑ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**18. Nature, location and name of business**

None ☑    a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

None ☑    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: **July 11, 2006**       Signature   */s/ Steven D. Baxter*

                                   of Debtor                                                        **Steven D. Baxter**

Date: **July 11, 2006**       Signature   */s/ Wendy Baxter*

                                   of Joint Debtor                                            **Wendy Baxter**

(if any)

_____ **0** continuation pages attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. § 152 and 3571.*

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

## United States Bankruptcy Court
## Middle District of Alabama

**IN RE:**                                                                    Case No. _____

**Baxter, Steven D. & Baxter, Wendy** _____     Chapter **13** _____
<div align="center">Debtor(s)</div>

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept ................................................................ $ _____**2,000.00**

    Prior to the filing of this statement I have received ........................................................ $ _____

    Balance Due ................................................................................... $ _____**2,000.00**

2.  The source of the compensation paid to me was: ☑ Debtor  ☐ Other (specify):

3.  The source of compensation to be paid to me is: ☑ Debtor  ☐ Other (specify):

4.  ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~
    e.  [Other provisions as needed]

6.  By agreement with the debtor(s), the above disclosed fee does not include the following services:
    **(A) Adversary proceedings**
    **(B) Amendments**

<div align="left" style="writing-mode: vertical-rl">© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only</div>

---

<div align="center">CERTIFICATION</div>

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

_____**July 11, 2006**_____     _____**/s/ Michael D Brock**_____
<div align="center">Date                              Signature of Attorney</div>

_____     **Brock And Stout**_____
<div align="right">Name of Law Firm</div>

**DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR**

**UNITED STATES BANKRUPTCY COURT**

**NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b)
OF THE BANKRUPTCY CODE**

---

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

---

**1. Services Available from Credit Counseling Agencies**

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.

**2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors**

**Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)**

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in instalments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them,

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

### 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

<div style="margin-left: 5%">© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only</div>

### Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

Printed Name and title, if any, of Bankruptcy Petition Preparer
Address:

Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.)
(Required by 11 U.S.C. § 110.)

**X** _____
Signature of Bankruptcy Petition Preparer of officer, principal, responsible person, or partner whose Social Security number is provided above.

### Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

| | |
|---|---|
| **Baxter, Steven D. & Baxter, Wendy** | **X** */s/ Steven D. Baxter*        **7/11/2006** |
| Printed Name(s) of Debtor(s) | Signature of Debtor                        Date |
| | |
| Case No. (if known) _____ | **X** */s/ Wendy Baxter*            **7/11/2006** |
| | Signature of Joint Debtor (if any)            Date |

**NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b) OF THE BANKRUPTCY CODE**

## United States Bankruptcy Court
## Middle District of Alabama

**IN RE:**                                                    Case No. _____

**Baxter, Steven D. & Baxter, Wendy** _____    Chapter **13** _____

<center>Debtor(s)</center>

## CHAPTER 13 PLAN

**1. PAYMENTS TO TRUSTEE:** The debtor(s) shall pay $ **265.00** to the Chapter 13 Trustee **bi-weekly** beginning _____.

**2. DISTRIBUTIONS BY TRUSTEE FROM THE PAYMENTS RECEIVED SHALL BE MADE AS FOLLOWS:**

First: **Administrative Claims** under 11 U.S.C. § 503(b). The debtor's attorney fee is $ **2,000.00**.

Second: **Secured Claims:**

a. Secured claims being paid through the trustee:

| Creditor | Amount of Debt | Value of Collateral | Interest Under Plan | Specified Monthly Payment |
|---|---|---|---|---|
| **CITIFINANCIAL AUTO** | **10,345.00** | **8,200.00** | **8.75%** | **185.00** |
| **PEOPLES BANK** | **4,191.54** | **3,175.00** | **8.75%** | **70.00** |

b. Prepetition defaults being cured through the trustee:

| Creditor | Amount of Arrearage | Annual Interest | Date Post-Petition Payment will Resume | Specified Monthly Payment |
|---|---|---|---|---|
| **GREENTREE** | **370.68** | **8.75%** | **July 20, 2006** | **8.00** |

c. Secured claims to be paid directly by the debtor or other party to the creditor:

| Creditor | Amount of Debt | Value of Collateral | Contractual Payment |
|---|---|---|---|
| **GREENTREE** | **40,749.24** | **29,709.00** | **365.68** |

d. Secured claims to be satisfied by the surrender and return of collateral:

| Creditor | Description of Collateral | Amount of Debt | Value of Collateral |
|---|---|---|---|
| **None** | | | |

Third: **Priority Claims** (11 U.S.C. § 507(a)(2) to (8)):

| Creditor | Amount of Debt | Specified Monthly Payment |
|---|---|---|
| **INTERNAL REVENUE SERVICE** | **7,088.27** | **118.00** |
| **INTERNAL REVENUE SERVICE** | **6,900.77** | **114.00** |

Fourth: **Specifically Classified Unsecured Claims:**

| Creditor | Basis for Classification | Amount of Debt Specifically Classified | Specified Monthly Payment |
|---|---|---|---|
| **None** | | | |

Fifth: **Unsecured Claims:** Including the unsecured portion of secured claims, a pro rata amount equal to **0.00** % of the claim. If unsecured creditors are to receive less than 100% of their claims, the debtor(s) will pay all projected disposable income to the trustee for at least 36 months.

**3. DURATION OF PLAN**

The expected duration of this plan is **58** months.

**4. PROVISIONS FOR UNSCHEDULED, POST-PETITION, OR LATE FILED CLAIMS ARE AS FOLLOWS:**

Debtor reserves the right to amend schedules to add unscheduled and post-petition claims as same might be determined to exist arise, respectively.

With regard to any filed claims, these claims whether submitted by priority claimants such as Internal Revenue Service or the State of alabama Department of Revenue, or Whether filed by any other general, unsecured or secured creditor, shall be disallowed if an objection is submitted by the Debtor and sustained by the Court.

Debtor reserves the privilege to include any post-petition arrearage in mortgage or other secured debt initially proposed for direct servicing to a reasonably cure a post-petition default.

**5. <u>PROVISIONS FOR PROPERTY OF THE ESTATE (See 11 U.S.C. § 1303, § 1306 and § 1327):</u>**


**6. <u>PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES (See 11 U.S.C. § 1322(b)(7) and § 365):</u>**

Debtor will propose a provision of the instant chapter 13 Plan any and all executory contracts or unexpired leases shall be deemed rejected unless motion to assume such contracts or leases is filed by the Debtor before entry of any Order Confirming Plan.

**7. <u>OTHER PROVISIONS:</u>**


Dated: This 11th day of July, 2006


**/s/ Steven D. Baxter** _____
Signature of Debtor


**/s/ Michael D. Brock** _____     **/s/ Wendy Baxter** _____
Signature of Attorney                                 Signature of Spouse (if applicable)

**Brock And Stout**
**P O Drawer 311167**
**Enterprise, AL  36331**
**(334) 393-4357**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**

In re                                    Case No. 06-10672-DHW
STEVEN D BAXTER                          Chapter 13
Soc. Sec. No. XXX-XX-2377
WENDY BAXTER
Soc. Sec. No. XXX-XX-3512
          Debtor.

**TRUSTEE'S SUMMARY OF CONFIRMED CHAPTER 13 PLAN**

     The debtor's plan was filed on Tue Jul 11, 2006.  A summary of the
plan or the final modification was transmitted to  the  creditors under
Fed R Bankr P 3015. The Confirmation hearing for the debtor(s) plan was
held on Wed Oct 04, 2006, and the Court ordered the plan confirmed.

     Following is a Summary of the plan as confirmed by the Court:

**1.**  Payment:
     Amount of debtor(s) plan payment: $    265.00  bi-weekly.
     Period of payments: 055 months or until    .00 % is paid on allowed
     unsecured claims or a "pot" of $       .00  is paid to unsecureds.

     **Payable to:   CHAPTER 13 TRUSTEE**
     **P O BOX 830529**
     **BIRMINGHAM AL  35283**

**2.**  Senior expenses and Administrative claims to be paid:

                         ADMINISTRATIVE EXPENSES
Debtor's Attorney          Attorney's fee allowed          $  2,000.00
Chapter 13 Trustee         Notice fee @ $.50 per copy       $      2.50
Chapter 13 Trustee         Trustee administrative fee       $      9.32


                 SECURED, PRIORITY, AND SPECIAL CLAIMS
CITIFINANCIAL AUTO CORP       $  8,200.00      8.75 %   $    185.00
GREEN TREE AL LLC             $    370.68      8.75 %   $      8.00
PEOPLES BANK                  $  3,175.00      8.75 %   $     70.00
INTERNAL REVENUE SERVICE TOCB $  4,906.21       .00 %   $    232.00
INTERNAL REVENUE SERVICE TOCB $       .00       .00 %   $       .00

**3.**  Payments on allowed unsecured claims (including undersecured claims)
     will be made after senior expenses and claims are paid.

Dated this the 11th day of October, 2006.

P. O. Box 173                        _____/s/_____
Montgomery AL  36101-0173            Curtis C. Reding
Phone: (334)262-8371                 Chapter Thirteen Trustee
Fax: (334)262-8599
email: trustees_office@ch13mdal.com

In re                                    Case No. 06-10672-DHW
STEVEN D BAXTER                          Chapter 13
Soc. Sec. No. XXX-XX-2377
WENDY BAXTER
Soc. Sec. No. XXX-XX-3512
          Debtor.

<u>**CERTIFICATE OF SERVICE**</u>

   I hereby certify that I have served a copy of the Trustee's Summary
of Confirmed Plan upon the following parties, by placing them in  the
U. S. Mail, postage prepaid, and properly addressed, or by electronic
mail this 11th day of October, 2006.

                         _____/ S /_____
                         Curtis C. Reding, Trustee

# UNITED STATES BANKRUPTCY COURT

## Middle District of Alabama

In re:                                                      Case No.: 06–10672
**Steven D. Baxter and Wendy Baxter**                        Chapter: 13
    Debtors

A *Petition for Relief under Chapter 13 of Title 11, U.S. Code* , filed by or against the above named Debtors on 7/11/06.

### ORDER CONFIRMING PLAN

The debtors' plan was filed on 7/11/06. The plan or a summary of the plan was transmitted to creditors pursuant to Bankruptcy Rule 3015.  The court finds that the plan meets the requirements of 11 U.S.C. § 1325.

It is **ORDERED** that the debtors chapter 13 plan, as amended, if applicable, is **confirmed** .

Dated:  10/12/06

Dwight H. Williams Jr.
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |  |
|---|---|---|---|
| STEVEN BAXTER, &<br>WENDY BAXTER,<br>DEBTORS. | ) ) ) | BANKRUPTCY CASE NO.:<br>06-10672<br>CHAPTER 13 CASE |

*************************************************************************************

|  |  |  |
|---|---|---|
| STEVEN BAXTER, &<br>WENDY BAXTER,<br><br>PLAINTIFFS,<br><br>vs.<br><br>CAPITAL ONE BANK, &<br>GC SERVICES LIMITED PARTNERSHIP,<br><br>DEFENDANTS. | ) ) ) ) ) ) ) ) ) ) | A.P. NO.: 07-_____ |

## COMPLAINT

COME NOW, the Debtors, Steven and Wendy Baxter, as Plaintiffs, by and through the undersigned attorney, and respectfully state the grounds for their Complaint against the Defendants as follows, to-wit:

1. This is a Complaint for Defendant, Capital One Bank's (hereinafter, "Capital One"), violation of the automatic stay as afforded by 11 U.S.C. § 362 (a) & (h); and for Defendant, GC Services Limited Partnership's (hereinafter, "GC Services"), violation of the Fair Debt Collection Practices Act (hereinafter, "FDCPA"), 15 U.S.C. § 1692, et seq.

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. Venue before this Court is proper pursuant to 28 U.S.C. § 1409.

3. This Complaint contains both core and non core proceedings pursuant to 28 U.S.C. §§ 157 and 1409.

4. The Plaintiffs are resident citizens of the State of Alabama.

5. The Defendant, Capital One, is a Virginia corporation with its principal place of business believed to be located at 4581 Cox Road, Glen Allen, Virginia 23060.

6. The Defendant, GC Services, is a Delaware corporation engaged in the debt collection business with its principal place of business being located at 6330 Gulfton, Houston, Texas 77081. The Defendant's principal purpose is to collect debts using the mail and telephone. The Defendant, GC Services, regularly attempts to collect debts alleged to be due another.

7. The Defendant, GC Services, is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8.    The Plaintiffs seek damages for Defendant, Capital One's, willfulness in assigning the account for collection after Defendant, Capital One, received written notice of the Plaintiffs' bankruptcy case.

9.    The Plaintiffs seek damages for Defendant, Capital One's, willfulness in failing to disqualify the account for collection, as an attempt to collect a pre petition debt, before assignment to a third party collector, to wit: Defendant, GC Services.

10.   The Plaintiffs seek damages for Defendant, Capital One's, willfulness in failing to implement any reliable systems to eliminate from active collection all claims in bankruptcy thereby resulting in attempted collection of the debt by Defendant, GC Services, in violation of the automatic stay.

11.   On July 11, 2006, the Plaintiffs, as Debtors, filed a voluntary petition under Title 11 Chapter 13, United States Code.  Pursuant to 11 U.S.C. § 362(a), relief was granted July 11, 2006.  The relief also initiated an automatic stay which prohibits certain collection activity by creditors.

12.   The Debtors filed a list of unsecured claim holders (Schedule F) which included two debts owed to the Defendant, Capital One. Schedule F is attached hereto as Exhibit "A."

13.   On or about July 14, 2006, BAE Systems served notice of the Chapter 13 bankruptcy on all creditors.  The Certificate of Service shows that notice was served to the Defendant, Capital One, via electronic submission and written notification. Furthermore, BAE Systems also served written notification of the Plaintiffs' Chapter 13 plan to the Defendant, Capital One, on or about July 14, 2006.  The Certificate of Service, for both the notice of bankruptcy and the Chapter 13 plan are attached hereto as Exhibit "B."

14.   On or about October 12, 2003, BAE Systems served notice of the Order Confirming Plan on all creditors.  The Certificate of Service shows that notice was mailed to Defendant, Capital One, and is attached hereto as Exhibit "C."

15.   The debt, to Defendant, was for personal, family, or household purposes.

16.   On or about October 28, 2006, the Defendant, Capital One, mailed correspondence to the Plaintiff, Wendy Baxter, requesting that she or her attorney provide it (Capital One) with her bankruptcy information.  The letter is attached hereto as Exhibit "D."

17.   On or about October 29, 2006, the Defendant, Capital One, by and through its agent, to-wit: NCO Financial Systems, Inc. (hereinafter, "NCO"), mailed correspondence to the Plaintiff, Steven Baxter, in an attempt to collect a pre-petition indebtedness.  The letter, from NCO, is attached hereto as Exhibit "E."

18.   On or about November 14, 2006, Plaintiffs, by and through their undersigned attorney, mailed correspondence to Capital One (via certified mail) and NCO (via regular mail) notifying them of  the Plaintiffs' Chapter 13 bankruptcy case.  Furthermore, the undersigned attached a copy of the Plaintiffs' Notice of Electronic Bankruptcy Case Filing .  The correspondence, to both NCO and Capital One, as well as the certified mail return receipts are attached hereto as Exhibits "F" and "G," respectively.

19.   On or about December 1, 2006, the Defendant, Capital One, submitted a statement to the Plaintiffs in an attempt to collect a pre-petition indebtedness.  The statement is attached hereto as Exhibit "H."

20. On or about December 11, 2006, the Defendant, Capital One, by and through its agent, Defendant, GC Services, mailed the Plaintiffs a collection letter in an attempt to collect a pre-petition indebtedness. The letter is attached hereto as Exhibit "I."

21. 11 U.S.C. § 362(a)(3) prohibits "any act to obtain possession of property of the estate...or to exercise control over property of the estate."

22. 11 U.S.C. § 362(a)(6) prohibits "any act to recover a claim against the Debtor that arose before the commencement of the case...."

23. During the pendency of the instant Chapter 13 bankruptcy case, the Defendants, have not obtained termination, modification, or relief from the effects of the automatic stay as it pertains to the unsecured debt owed to the Defendant, Capital One.

## COUNT I - WILLFUL VIOLATION OF AUTOMATIC STAY
## BY DEFENDANT, CAPITAL ONE BANK

24. Plaintiffs, Steven and Wendy Baxter, adopt and incorporate paragraphs 1 through 23 as if fully set out herein.

25. 11 U.S.C. § 362(a)(6) prohibits "any act to collect...a claim against the Debtor that arose before the commencement" of the Chapter 13 bankruptcy case.

26. The Defendant, Capital One, received at least one electronic notification and at least four written notifications of the Plaintiffs' Chapter 13 bankruptcy case.

27. Defendant, Capital One, willfully violated the automatic stay by mailing the Plaintiffs billing statements and by assigning the Plaintiffs' account for collection as an attempt to collect a pre petition debt in violation of the bankruptcy automatic stay.

28. Defendant, Capital One, willfully failed to disqualify the Plaintiffs' account for collection. The failure to disqualify the account was an attempt to collect a pre petition debt.

29. Defendant, Capital One, willfully failed to implement any reliable systems to eliminate from active collection the Plaintiffs' debt was an act to collect a pre petition debt.

30. Assigning an account to a collection agency is an act to collect a debt.

31. By failing to implement any reliable systems to eliminate from active collection all claims in bankruptcy, the Defendant, Capital One, acted to collect this debt.

32. By mailing the Plaintiffs' a billing statement after receiving abundant notice of the Plaintiffs' instant Chapter 13 bankruptcy case, the Defendant, Capital One, acted to collect its debt from the Plaintiffs.

33. By assigning the Plaintiffs' pre petition debt to Defendant, GC Services, for collection, the Defendant, Capital One, acted to collect its debt from the Plaintiffs.

34. Because of the Defendant, Capital One's, willful violation of the automatic stay, the Plaintiffs suffered damages consisting of, but not limited to, emotional distress, lost employment opportunities, fear, fright, worry, mental anguish, loss of sleep, and anxiety.

35. Because of the Defendant, Capital One's, actions, the Plaintiffs were also forced to hire counsel to prosecute this claim.  11 U.S.C. § 362(h) provides that any individual injured by a Defendant's willful violation shall recover attorney fees, costs, and in certain circumstances, punitive damages.

36. All of Defendant, Capital One's, conduct rises to the level of willfulness.

## COUNT II - VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) BY DEFENDANT, GC SERVICES LIMITED PARTNERSHIP

37. Plaintiffs, Steven and Wendy Baxter, adopt and incorporate paragraphs 1 through 36 as if fully set out herein.

38. The Defendant, GC Services, violated 15 U.S.C. § 1692c(a)(2) by mailing the Plaintiffs a form debt collection letter when Defendant knew, or could have readily ascertained, that the Plaintiffs are represented by an attorney with respect to such debt.

39. The Defendant, GC Services, violated 15 U.S.C. §§ 1692e & 1692e(10) by sending a false, deceptive, or misleading communication to a consumer in connection with the collection of an alleged debt.

40. The Defendant, GC Services, violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt.

41. The Defendant, GC Services', violation of 15 U.S.C. § 1692, et seq renders it liable for statutory damages, costs, and reasonable attorney fees.  15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Steven and Wendy Baxter, respectfully request this Honorable Court enter judgment against the Defendants, Capital One Bank and GC Services Limited Partnership, for the following:

a) Actual damages;

b) Maximum statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k from Defendant, GC Services;

c) Punitive damages;

d) Costs and reasonable attorney fees pursuant to 11 U.S.C. § 362(k)(1) and 15 U.S.C. § 1692k; and,

e) For such other relief that is just.

Respectfully submitted,

BROCK & STOUT

David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com

FORM 104 (10/06)

| | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | |

| **PLAINTIFFS**<br>STEVEN AND WENDY BAXTER | **DEFENDANTS**<br>CAPITAL ONE BANK AND GC SERVICES LIMITED<br>PARTNERSHIP |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>DAVID G. POSTON, BROCK & STOUT, POST OFFICE DRAWER 311167,<br>ENTERPRISE, ALABAMA 36331, 334-671-5555 | **ATTORNEYS** (If Known) |

| **PARTY** (Check One Box Only)<br>☑ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
VIOLATION OF BANKRUPTCY AUTOMATIC STAY AND FAIR DEBT COLLECTION PRACTICES ACT.

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property – §542 turnover of property
☐ 12-Recovery of money/property – §547 preference
☐ 13-Recovery of money/property – §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge – §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
     actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other
     than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☑ 02-Other (e.g. other actions that would have been brought in state court if
     unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>STEVEN & WENDY BAXTER | | BANKRUPTCY CASE NO.<br>06-10672 |
| DISTRICT IN WHICH CASE IS PENDING<br>MIDDLE DISTRICT OF ALABAMA | DIVISIONAL OFFICE<br>NORTHERN DIVISION | NAME OF JUDGE<br>Hon. Dwight H. Williams, Jr. |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ David G. Poston | | |
| DATE<br>01/16/07 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>David G. Poston | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re:

STEVEN BAXTER, &
WENDY BAXTER,

     **Debtors**                                 Bankruptcy Case No.06-10672

STEVEN BAXTER, &
WENDY BAXTER
     **Plaintiffs**

                                            Adversary Proceeding No.

CAPITAL ONE BANK, &
GC SERVICES LIMITED PARTNERSHIP
     **Defendants**

# SUMMONS AND NOTICE OF TRIAL
# IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the Clerk of the Bankruptcy Court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

<div style="border:1px solid black; padding:10px;">

Address of Clerk: United States Bankruptcy Court
                 P.O. Box 1248
                 Montgomery, AL 36102-1248

</div>

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

<div style="border:1px solid black; padding:10px;">

Name and Address of Plaintiff's Attorney:
                 DAVID G. POSTON
                 BROCK & STOUT
                 POST OFFICE DRAWER 311167
                 ENTERPRISE, ALABAMA 36331

</div>

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

**EXHIBIT A**

IN RE Baxter, Steven D. & Baxter, Wendy _____    Case No _____
                    Debtor(s)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed.R.Bankr.P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community maybe liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total"o n the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **1008**<br>**AMERICAN EXPRESS**<br>**CUSTOMER SERVICE**<br>**P.O. BOX 297812**<br>**FT. LAUDERDALE, FL  33329-7815** | | W | CREDIT CARD DEBT | | | | 836.18 |
| Account No. **6731**<br>**ASPIRE**<br>**P.O. BOX 105555**<br>**ATLANTA, GA  30348-5555** | | H | CREDIT CARD DEBT | | | | 2,711.37 |
| Account No. **4023**<br>**CAPITAL ONE BANK**<br>**BANKRUPTCY CORRESPONDENCE**<br>**P.O. BOX 5155**<br>**NORCROSS, GA  30091** | | J | CREDIT CARD DEBT | | | | 2,482.76 |
| Account No. **5709**<br>**CAPITAL ONE BANK**<br>**BANKRUPTCY CORRESPONDENCE**<br>**P.O. BOX 5155**<br>**NORCROSS, GA  30091** | | W | CREDIT CARD DEBT | | | | 454.00 |
| Account No. **2014**<br>**CHASE CARDMEMBER SERVICES**<br>**P.O. BOX 100044**<br>**KENNESAW, GA  30156-9244** | | J | CREDIT CARD DEBT | | | | 10,482.01 |

_____ **2** continuation sheets attached

|  | Subtotal (Total of this page) | 16,966.32 |
|---|---|---|
|  | (Use only on last page of the completed Schedule F) **TOTAL** | |

(Report total also on Summary of Schedules)

SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**EXHIBIT B**

**BAE SYSTEMS**

Bankruptcy Noticing Center
2525 Network Place, 3rd Floor
Herndon, Virginia 20171-3514

# CERTIFICATE OF SERVICE

District/off: 1127-1          User: admin            Page 1 of 1              Date Rcvd· Jul 12, 2006
Case: 06-10672               Form ID: b9i            Total Served: 29

The following entities were served by first class mail on Jul 14, 2006.
db        +Steven D. Baxter,    19 Baxter Station,    Louisville, AL 36048-3221
jdb       +Wendy Baxter,    19 Baxter Station,    Louisville, AL 36048-3221
aty       +Michael-AH D. Brock,    Brock & Stout,    PO Drawer 311167,    Enterprise, AL 36331-1167
tr         Curtis C. Reding,    P. O. Box 173,    Montgomery, AL  36101
1336017    ASPIRE,    P.O. BOX 105555,    ATLANTA, GA  30348-5555
1336014   +BAXTER STEVEN D,    19 Baxter Station,    Louisville, AL 36048-3221
1336015   +BAXTER WENDY,    19 Baxter Station,    Louisville, AL 36048-3221
1336019    CHASE BANK USA, N.A.,    P.O  BOX 10043,    KENNESAW, GA 30156-9243
1336021    CITIFINANCIAL,    808 GLOVER AVENUE,    ENTERPRISE, AL  36330-2018
1336023    ENTERPRISE RESCUE, INC.,    P.O. BOX 311441,    ENTERPRISE, AL  36331-1441
1336024    FIRST NORTH AMERICAN NATIONAL BANK,    P.O. BOX 42336,    RICHMOND, VA  23242-2336
1336025   +FLOWERS HOSPITAL,    P.O. BOX 6907,    DOTHAN, AL 36302-6907
1336027   +HOLLOWAY CREDIT SOLUTIONS,    P.O. BOX 6441,    DOTHAN, AL 36302-6441
1336028    HOUSEHOLD BANK,    HSBC CARD SERVICES,    P.O. BOX 80084,    SALINAS, CA  93912-0084
1336029    HSBC NV,    P.O. BOX 19360,    SALINAS, CA  93901
1336031    LABCORP - LCA COLLECTIONS,    P.O BOX 2240,    BURLINGTON, NC  27216-2240
1336032   +MERCHANTS ADJUSTMENT,    P.O. BOX 7511,    MOBILE, AL 36690-0001
1336033   +MERRICK BANK,    P.O. BOX 9201,    OLD BETHPAGE, NY 11804-9001
1336034    ORCHARD BANK - HOUSEHOLD CREDIT SER,    P O. BOX 80084,    SALINAS, CA  93912-0084
1336036   +PEOPLES BANK,    P.O. BOX 248,    CLIO, AL 36017-0248
1336037    SUNSOUTH BANK,    P.O. BOX 1910,    DOTHAN, AL  36302-1910
1336038    THE HOME DEPOT,    P.O  BOX 689100,    DES MOINES, IA  50368-9100

The following entities were served by electronic transmission on Jul 12, 2006 and receipt of the transmission
was confirmed on:
1336016   +EDI: AMEREXPR.COM Jul 12 2006 17:20:00     AMERICAN EXPRESS,    CUSTOMER SERVICE,    P O  BOX 297812,
           FT. LAUDERDALE, FL 33329-7812
1336018   +EDI· CAPITALONE.COM Jul 12 2006 17:20:00     CAPITAL ONE BANK,    BANKRUPTCY CORRESPONDENCE,
           P.O. BOX 5155,    NORCROSS, GA 30091-5155
1336020    EDI: CHASE.COM Jul 12 2006 17:20:00     CHASE CARDMEMBER SERVICES,    P O. BOX 100044,
           KENNESAW, GA  30156-9244
1336022    EDI: PHINARCADIA.COM Jul 12 2006 17·20·00     CITIFINANCIAL AUTO,    P.O  BOX 1437,
           MINNEAPOLIS, MN  55440-1437
1336026   +EDI: TSYS.COM Jul 12 2006 17:20:00     GREENTREE,    BANKRUPTCY DEPARTMENT,    P.O  BOX 6154,
           RAPID CITY, SD 57709-6154
1336028    EDI: HFC.COM Jul 12 2006 17:20:00     HOUSEHOLD BANK,    HSBC CARD SERVICES,    P.O  BOX 80084,
           SALINAS, CA  93912-0084
1336030   +EDI: IRS.COM Jul 12 2006 17:20:00     INTERNAL REVENUE SERVICE,    DISTRICT DIRECTOR, IRS,
           801 TOM MARTIN DR, #126,    BIRMINGHAM, AL 35211-6425
1336035   +E-mail: patricia conover@usdoj.gov Jul 12 2006 22:19:27     PATRICIA CONOVER,    ASST U S. ATTORNEY,
           P O. BOX 197,    MONTGOMERY, AL 36101-0197                                        TOTAL: 8

         ***** BYPASSED RECIPIENTS *****                                              TOTAL: 0
NONE
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner
shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jul 14, 2006               Signature:  _Joseph Speetjens_

**BAE SYSTEMS**

Bankruptcy Noticing Center
2525 Network Place, 3rd Floor
Herndon, Virginia 20171-3514

# CERTIFICATE OF SERVICE

District/off: 1127-1          User: jingram          Page 1 of 1          Date Rcvd: Jul 12, 2006
Case: 06-10672               Form ID: pdf13pln       Total Served: 27

The following entities were served by first class mail on Jul 14, 2006.
```
db         +Steven D. Baxter,   19 Baxter Station,   Louisville, AL 36048-3221
jdb        +Wendy Baxter,   19 Baxter Station,   Louisville, AL 36048-3221
1336016    +AMERICAN EXPRESS,   CUSTOMER SERVICE,   P.O. BOX 297812,   FT. LAUDERDALE, FL 33329-7812
1336017     ASPIRE,   P.O. BOX 105555,   ATLANTA, GA 30348-5555
1336014    +BAXTER STEVEN D,   19 Baxter Station,   Louisville, AL 36048-3221
1336015    +BAXTER WENDY,   19 Baxter Station,   Louisville, AL 36048-3221
1336018    +CAPITAL ONE BANK,   BANKRUPTCY CORRESPONDENCE,   P.O. BOX 5155,   NORCROSS, GA 30091-5155
1336019     CHASE BANK USA, N.A.,   P.O. BOX 10043,   KENNESAW, GA 30156-9243
1336020     CHASE CARDMEMBER SERVICES,   P.O. BOX 100044,   KENNESAW, GA 30156-9244
1336021     CITIFINANCIAL,   808 GLOVER AVENUE,   ENTERPRISE, AL 36330-2018
1336022     CITIFINANCIAL AUTO,   P O BOX 1437,   MINNEAPOLIS, MN 55440-1437
1336023     ENTERPRISE RESCUE, INC.,   P.O. BOX 311441,   ENTERPRISE, AL 36331-1441
1336024     FIRST NORTH AMERICAN NATIONAL BANK,   P.O. BOX 42336,   RICHMOND, VA 23242-2336
1336025    +FLOWERS HOSPITAL,   P.O. BOX 6907,   DOTHAN, AL 36302-6907
1336026    +GREENTREE,   BANKRUPTCY DEPARTMENT,   P.O. BOX 6154,   RAPID CITY, SD 57709-6154
1336027    +HOLLOWAY CREDIT SOLUTIONS,   P.O. BOX 6441,   DOTHAN, AL 36302-6441
1336028     HOUSEHOLD BANK,   HSBC CARD SERVICES,   P.O. BOX 80084,   SALINAS, CA 93912-0084
1336029     HSBC NV,   P.O. BOX 19360,   SALINAS, CA 93901
1336030   ++INTERNAL REVENUE SERVICE,   CENTRALIZED INSOLVENCY OPERATIONS,   PO BOX 21126,
            PHILADELPHIA PA 19114-0326
           (address filed with court: INTERNAL REVENUE SERVICE,   DISTRICT DIRECTOR, IRS,
            801 TOM MARTIN DR, #126,   BIRMINGHAM, AL 35211-6425)
1336031     LABCORP - LCA COLLECTIONS,   P.O BOX 2240,   BURLINGTON, NC 27216-2240
1336032    +MERCHANTS ADJUSTMENT,   P.O. BOX 7511,   MOBILE, AL 36690-0001
1336033    +MERRICK BANK,   P.O. BOX 9201,   OLD BETHPAGE, NY 11804-9001
1336034     ORCHARD BANK - HOUSEHOLD CREDIT SER,   P.O. BOX 80084,   SALINAS, CA 93912-0084
1336036    +PEOPLES BANK,   P.O. BOX 248,   CLIO, AL 36017-0248
1336037     SUNSOUTH BANK,   P.O. BOX 1910,   DOTHAN, AL 36302-1910
1336038     THE HOME DEPOT,   P O BOX 689100,   DES MOINES, IA 50368-9100
```
The following entities were served by electronic transmission on Jul 12, 2006 and receipt of the transmission
was confirmed on:
```
1336035    +E-mail: patricia_conover@usdoj.gov Jul 12 2006 22:19:27    PATRICIA CONOVER,   ASST U S ATTORNEY,
            P.O. BOX 197,   MONTGOMERY, AL 36101-0197                                         TOTAL: 1
```

          ***** BYPASSED RECIPIENTS *****                                          TOTAL: 0
NONE.

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4)

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jul 14, 2006                    Signature:   _Joseph Speetjens_

**EXHIBIT C**

**BAE SYSTEMS**

Bankruptcy Noticing Center
2525 Network Place, 3rd Floor
Herndon, Virginia 20171-3514

# CERTIFICATE OF SERVICE

District/off: 1127-1          User: jingram          Page 1 of 1          Date Rcvd: Oct 12, 2006
Case: 06-10672               Form ID: van297a        Total Served: 33

The following entities were served by first class mail on Oct 14, 2006.
```
db        +Steven D. Baxter,   19 Baxter Station,   Louisville, AL 36048-3221
jdb       +Wendy Baxter,   19 Baxter Station,   Louisville, AL 36048-3221
cr        +c/o Parnell & Crum CitiFinancial Corp,   P.O. Box 2189,   Montgomery, AL 36102-2189
1336016   +AMERICAN EXPRESS,   CUSTOMER SERVICE,   P.O. BOX 297812,   FT LAUDERDALE, FL 33329-7812
1336017    ASPIRE,   P.O. BOX 105555,   ATLANTA, GA  30348-5555
1344066    American Express Centurion Bank,   c/o Becket and Lee LLP,   POB 3001,   Malvern PA 19355-0701
1336018   +CAPITAL ONE BANK,   BANKRUPTCY CORRESPONDENCE,   P.O. BOX 5155,   NORCROSS, GA 30091-5155
1336019    CHASE BANK USA, N.A.,   PO BOX 10043,   KENNESAW, GA 30156-9243
1339410   +CHASE BANK, USA, N.A.,   PO BOX 100018,   KENNESAW, GA 30156-9204
1336020    CHASE CARDMEMBER SERVICES,   P.O. BOX 100044,   KENNESAW, GA  30156-9244
1336021    CITIFINANCIAL,   808 GLOVER AVENUE,   ENTERPRISE, AL  36330-2018
1336022    CITIFINANCIAL AUTO,   P.O. BOX 1437,   MINNEAPOLIS, MN  55440-1437
1345194    CitiFinancial Auto,   PO Box 1472,   Minneapolis, MN 55440-1472
1349927    CitiFinancial Corp,   c/o Parnell & Crum, PA,   P.O. Box 2189,   Montgomery, Alabama 36102-2189
1336023    ENTERPRISE RESCUE, INC.,   P.O. BOX 311441,   ENTERPRISE, AL  36331-1441
1336024    FIRST NORTH AMERICAN NATIONAL BANK,   P.O. BOX 42336,   RICHMOND, VA  23242-2336
1336025   +FLOWERS HOSPITAL,   P.O BOX 6907,   DOTHAN, AL 36302-6907
1336026   +GREENTREE,   BANKRUPTCY DEPARTMENT,   P.O. BOX 6154,   RAPID CITY, SD 57709-6154
1344777    Green Tree Servicing, LLC,   345 St Peter St ,   Landmark Towers Suite 800,
             Saint Paul, MN  55102-1211
1344778    Green Tree Servicing, LLC,   PO Box 6154,   Rapid City, SD  57709-6154
1336027   +HOLLOWAY CREDIT SOLUTIONS,   P.O. BOX 6441,   DOTHAN, AL 36302-6441
1336028    HOUSEHOLD BANK,   HSBC CARD SERVICES,   P.O. BOX 80084,   SALINAS, CA  93912-0084
1336029    HSBC NV,   P.O. BOX 19360,   SALINAS, CA 93901
1336030   ++INTERNAL REVENUE SERVICE,   CENTRALIZED INSOLVENCY OPERATIONS,   PO BOX 21126,
             PHILADELPHIA PA 19114-0326
            (address filed with court:  INTERNAL REVENUE SERVICE,   DISTRICT DIRECTOR, IRS,
             801 TOM MARTIN DR, #126,   BIRMINGHAM, AL 35211-6425)
1336031   +LABCORP - LCA COLLECTIONS,   P.O. BOX 2240,   BURLINGTON, NC  27216-2240
1336032   +MERCHANTS ADJUSTMENT,   P.O. BOX 7511,   MOBILE, AL 36690-0001
1336033   +MERRICK BANK,   P.O. BOX 9201,   OLD BETHPAGE, NY 11804-9001
1350610   +Merrick Bank,   c/o Weinstein & Riley, P.S ,   2101 Fourth Ave , Suite 900,
             Seattle, WA 98121-2339
1336034    ORCHARD BANK - HOUSEHOLD CREDIT SER,   P.O. BOX 80084,   SALINAS, CA  93912-0084
1336036   +PEOPLES BANK,   P.O. BOX 248,   CLIO, AL 36017-0248
1336037   +SUNSOUTH BANK,   P.O. BOX 1910,   DOTHAN, AL  36302-1910
1336038    THE HOME DEPOT,   P.O. BOX 1910,   DES MOINES, IA  50368-9100
```
The following entities were served by electronic transmission on Oct 12, 2006.
```
1336035   +E-mail/PDF: patricia.conover@usdoj.gov Oct 12 2006 21:16:41      PATRICIA CONOVER,
             ASST U.S. ATTORNEY,   P O BOX 197,   MONTGOMERY, AL 36101-0197
```
                                                                              TOTAL: 1

     ***** BYPASSED RECIPIENTS *****                                          TOTAL: 0
NONE.

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR 2002(g)(4).

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Oct 14, 2006                    Signature: *Joseph Speetjens*

**EXHIBIT D**



**Capital One Services, Inc.**
15000 Capital One Drive
Richmond, VA 23238

October 28, 2006

Creditor: Capital One Bank

Re: 5178052457093926

Wendy Baxter
19 Baxters Station Rd      19835
Louisville, AL 36048-3114

Dear Wendy Baxter,

We regret having to cancel your Capital One charging privileges and restrict your account from further charges. Unfortunately, when we learned you plan to file for bankruptcy, these actions became necessary.

We ask that you please discontinue use of your account and destroy any associated cards and checks. You will also need to cancel all services billed directly to your account -- for example, insurance premiums, credit card protection services and monthly Internet Service Provider billings.

Please forward a copy of this letter to your attorney if you have retained one. In the event you have already filed for bankruptcy, please send or have your attorney send us as soon as possible a copy of your **Bankruptcy Petition** or your **Notice of Bankruptcy Case** issued by the clerk's office. These documents contain the following information necessary to speed up the processing of your account:

- Date filed
- Chapter filed
- Debtor(s) name(s)
- Social Security Number of debtor(s)
- Case number

- Court/district filed in
- Your attorney's name
- Your attorney's address
- Your attorney's phone number

Please send all bankruptcy correspondence to us at the following address:

Capital One
P.O. Box 5155
Norcross, GA 30091

If you do not respond to this letter within 30 days, we will assume you have not filed for bankruptcy. If you have questions, please call us toll free at 1-800-955-6600.

Thank you for your prompt response.

Sincerely,

Capital One Services, Inc.

---

**EQUAL CREDIT OPPORTUNITY ACT**

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided that the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning the creditor is: The Federal Reserve Bank of Richmond, 701 East Byrd Street, Richmond, VA 23219.

For additional payment information you should reference your periodic statement. NOV 0 7 2006

**EXHIBIT E**

PO Box 61247
DEPT 64
Virginia Beach VA 23466

# NCO FINANCIAL SYSTEMS INC

4740 Baxter Road
Virginia Beach VA 23462

1-866-312-0375
OFFICE HOURS (ALL TIMES EASTERN)
8AM-11PM MON THRU THURSDAY
8AM-9PM FRIDAY
8AM-5PM SATURDAY
12PM-9PM SUNDAY
Oct 29, 2006

MPC845                    1400



STEVE BAXTER
19 BAXTER RD
LOUISVILLE AL   36048-3221

Creditor: Capital One Bank
Account #: 5178052457094023
Total Balance: $ 2881 10

The above named creditor has placed this account with our office for collection. It is important that you forward payment in full

Send payment in full directly to your creditor at the address listed below. If you need to speak to a representative, contact us at 1-866-312-0375

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office, in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor

Calls to or from NCO Financial Systems, Inc may be monitored or recorded for quality assurance

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

---

0000000 0 5178052457094023 00 0000000000000000000

| | |
|---|---|
| Total Balance: | $ 2881.10 |

Please print address changes below using blue or black ink

| Street | Apt. # |
|---|---|
| City | State | ZIP |
| Home Phone | Alternate Phone |

Total enclosed        $ [        ]

CAPITAL ONE BANK
PO Box 650007
Dallas, TX  75265-0007

MPC845
STEVE BAXTER
19 BAXTER RD
LOUISVILLE AL   36048-3221

NCO  F7
1400

**EXHIBIT F**

LAW OFFICES OF

# BROCK & STOUT

**MICHAEL D. BROCK**

**GARY W. STOUT**

**QUINN E. BROCK**
Admitted in Alabama & Florida

Reply To·
POST OFFICE DRAWER 311167
ENTERPRISE, ALABAMA 36331-1167
(334) 393-4357
Fax (334) 393-0026

**BRIAN R. CARMICHAEL**

**DAVID S. CLARK**
of Counsel

**DAVID G. POSTON**
of Counsel

**T. RANDOLPH HARROLD**
of Counsel

November 14, 2006

NCO Financial Systems, Inc.
P.O. Box 61247 Dept. 64
4740 Baxter Rd.
Virginia Beach, VA 23466

**In the Matter of:**
Steven D. Baxter
Wendy Baxter
19 Baxter Station
Louisville, AL 36048
Chapter 13 Case
Court No: 06-10672
SSN: --- -- 2377 & --- -- 3512
File Date: July 11, 2006
Our File No: 06-1744
Your Account No: 5178052457094023

Dear Sir or Madam:

I represent the Debtors in a Chapter 13 Case filed with the United States Bankruptcy Court for the Middle District of Alabama, Dothan Division. Since the filing of this Chapter 13 case, the Debtors have advised my office that they have received one or more demands for payment on a debt which is included in their Bankruptcy proceeding. Since the Debtors are protected from such debt collection efforts and other actions by virtue of their Bankruptcy case, you are hereby notified that this action is in willful violation of Section 362 of Title 11 of the United States Code. The contact itself may also violate the Federal Fair Debt Collection Practices Act and the Alabama Unfair Debt Collection Practices Law.

Accordingly, THIS DEMAND FOR PAYMENT MUST BE WITHDRAWN, DISMISSED AND CANCELED WITHIN TEN (10) DAYS OF THE DATE OF YOUR RECEIPT OF THIS LETTER BY WRITTEN NOTICE TO MY LAW OFFICE.

Sincerely,

Michael D. Brock

cc: Steven & Wendy Baxter

United States Bankruptcy Court
Middle District of Alabama

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed
below was filed under Chapter 13 of the United
States Bankruptcy Code, entered on 07/11/2006 at
12:59 PM and filed on 07/11/2006.

**Steven D. Baxter**
19 Baxter Station
Louisville, AL 36048
SSN: xxx-xx-2377

**Wendy Baxter**
19 Baxter Station
Louisville, AL 36048
SSN: xxx-xx-3512

The case was filed by the debtor's attorney:        The bankruptcy trustee is:

**Michael-AH D. Brock**                             **Curtis C. Reding**
Brock & Stout                                       P. O. Box 173
PO Drawer 311167                                    Montgomery, AL 36101
Enterprise, AL 36331                                334 262-8371
334-393-4357

The case was assigned case number 06-10672 to Judge Dwight H. Williams.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://www.almb.uscourts.gov/ or at the Clerk's Office, PO Box
1248, Montgomery, AL 36102.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Richard S. Oda**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/14/2006 14:23:05 | | | |
| PACER Login: | bs0798 | Client Code: | |
| Description: | Notice of Filing | Search Criteria: | 06-10672 |
| Billable Pages: | 1 | Cost: | 0.08 |

LAW OFFICES OF

# BROCK & STOUT

**MICHAEL D. BROCK**

**GARY W. STOUT**

**QUINN E. BROCK**
Admitted in Alabama & Florida

Reply To:
POST OFFICE DRAWER 311167
ENTERPRISE, ALABAMA 36331-1167
(334) 393-4357
Fax (334) 393-0026

**BRIAN R. CARMICHAEL**

**DAVID S. CLARK**
of Counsel

**DAVID G. POSTON**
of Counsel

**T. RANDOLPH HARROLD**
of Counsel

November 14, 2006

Capital One
P.O. Box 5155
Norcross, GA 30091

**In the Matter of:**
Steven D. Baxter
Wendy Baxter
19 Baxter Station
Louisville, AL 36048
Chapter 13 Case
Court No: 06-10672
SSN: --- -- 2377 & --- -- 3512
File Date: July 11, 2006
Our File No: 06-1744
Your Account No: 5178052457093926

Dear Sir or Madam:

I represent the Debtors in a Chapter 13 Case filed with the United States Bankruptcy Court for the Middle District of Alabama, Dothan Division. Since the filing of this Chapter 13 case, the Debtors have advised my office that they have received one or more demands for payment on a debt which is included in their Bankruptcy proceeding. Since the Debtors are protected from such debt collection efforts and other actions by virtue of their Bankruptcy case, you are hereby notified that this action is in willful violation of Section 362 of Title 11 of the United States Code. The contact itself may also violate the Federal Fair Debt Collection Practices Act and the Alabama Unfair Debt Collection Practices Law.

Accordingly, THIS DEMAND FOR PAYMENT MUST BE WITHDRAWN, DISMISSED AND CANCELED WITHIN TEN (10) DAYS OF THE DATE OF YOUR RECEIPT OF THIS LETTER BY WRITTEN NOTICE TO MY LAW OFFICE.

Sincerely,

Michael D. Brock

cc:  Steven & Wendy Baxter

United States Bankruptcy Court
Middle District of Alabama

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed
below was filed under Chapter 13 of the United
States Bankruptcy Code, entered on 07/11/2006 at
12:59 PM and filed on 07/11/2006.



**Steven D. Baxter**
19 Baxter Station
Louisville, AL 36048
SSN: xxx-xx-2377

**Wendy Baxter**
19 Baxter Station
Louisville, AL 36048
SSN: xxx-xx-3512

The case was filed by the debtor's attorney:       The bankruptcy trustee is:

**Michael-AH D. Brock**          **Curtis C. Reding**
Brock & Stout                    P. O. Box 173
PO Drawer 311167                 Montgomery, AL 36101
Enterprise, AL 36331             334 262-8371
334-393-4357

The case was assigned case number 06-10672 to Judge Dwight H. Williams.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://www.almb.uscourts.gov/ or at the Clerk's Office, PO Box
1248, Montgomery, AL 36102.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Richard S. Oda**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/14/2006 14:23:05 | | |
| **PACER Login:** | bs0798 | **Client Code:** | |
| **Description:** | Notice of Filing | **Search Criteria:** | 06-10672 |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

**EXHIBIT G**



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Capital One
PO Box B155
Norcross, GA 3009)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery
Anne Wilson 11-16-06

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7006 0100 0002 6966 6750

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-154

---

**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | .39 |
| Certified Fee | | 2.40 |
| Return Receipt Fee (Endorsement Required) | | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 4.64 |

Sent To  Capital One
Street, Apt. No.; or PO Box No.  PO Box B155
City, State, ZIP+4  Norcross, GA 3009

7006 0100 0002 6966 6750

PS Form 3800, June 2002       See Reverse for Instructions

ENTERPRISE AL 36330
Postmark NOV 2006 USPS

**EXHIBIT H**

# NOT PAYING YOUR DEBT
# DOESN'T MAKE IT GO AWAY.

In fact, even if we report your account as charged off, you'll still be responsible for paying your debt. So why not call us to see what we can do together to keep you from receiving such a serious mark on your credit record?



**STEVE BAXTER**

## YOU'RE BEHIND BY
## 6
## PAYMENTS

We're here to help. Please contact us to find a solution that's right for you.

You can make a payment with our *free* check by phone service or speak to an associate by calling 1.800.955.6600.

Make sure you call to pay the amount due on your statement within 30 days to keep your account from being charged off.

© 2006 Capital One Services, Inc. Capital One is a federally registered service mark. All rights reserved.     500013-08503

---

**CapitalOne®** | what's in your wallet?                                     www.capitalone.com

| Previous Balance | Payments & Credits | FINANCE CHARGE | Transactions | New Balance | Minimum Payment | Due Date |
|---|---|---|---|---|---|---|
| $2,881.10 | $0.00 | $72.44 | $35.00 | $2,988.54 | $788.54 | Dec. 25, 2006 |

Oct. 26, 2006    Nov. 25, 2006    Page 1 of 1

*PLEASE PAY AT LEAST THIS AMOUNT*

**MasterCard Platinum Account**
5178-0524-5709-4023

**Your Account Information**

| | |
|---|---|
| TOTAL CREDIT LINE | $2,200.00 |
| TOTAL AVAILABLE CREDIT | $0.00 |
| CREDIT LINE FOR CASH | $2,200.00 |
| AVAILABLE CREDIT FOR CASH | $0.00 |

Your account is six payments behind. If we charge off your account due to late payments, we will report the charged-off status to several national credit bureaus, and the Purchase APRs as reflected on this statement will be applied to all your outstanding balances. Act now to prevent this from happening. Please pay the amount due on your statement or give us a call at 1.800.955.6600. We'll work with you so you can take control of your account and start rebuilding your credit with Capital One.

**Important Notice**: Under the terms we previously disclosed to you, your account is now eligible for an increase in Annual Percentage Rates (APRs) effective immediately. However, Capital One has elected not to raise your APRs at this time. Please be advised that if you fail to keep your account in good standing, Capital One reserves the right to raise your APRs in the future.

**Finance Charges** (Please see reverse for important information)

| | Balance Subject to Rate | Periodic Rate | Corresponding APR | FINANCE CHARGE |
|---|---|---|---|---|
| Purchases | $1,399.93 | .08112% | 29.24% | $34.75 |
| Cash | $1,817.67 | .08112% | 29.24% | $37.69 |

**ANNUAL PERCENTAGE RATE** applied this period: 29.24%

**Payments, Credits & Adjustments**

**Transactions**

| 11-25 NOV PAST DUE FEE | $35.00 |
|---|---|

Your were assessed a past due fee because your minimum payment was not received by the due date. To avoid this fee in the future, we recommend that you allow at least 7 business days for your minimum payment to reach Capital One.

**At Your Service** 1-800-903-3637
To call Customer Relations or to report a lost or stolen card.

**Send payments to:**
Capital One Bank, P.O. Box 650007, Dallas, TX 75265-0007

**Send inquiries to:**
Capital One, P.O. Box 30285, Salt Lake City, UT 84130-0285

*Could you please take care of this for us. This was included in our Chapt. 13.*

*Thanks, Steve & Wendy Baxter*

6856  8009-506            7—25  861325        PAGE 1 of 1    C01R239B        01866056—10045326

**PLEASE RETURN PORTION BELOW WITH PAYMENT**

---

**CapitalOne®** | what's in your wallet?®

0  5178052457094023 25 2988540070000788545

| New Balance | Minimum Payment | Due Date |
|---|---|---|
| $2,988.54 | $788.54 | Dec. 25, 2006 |

**PLEASE PAY AT LEAST THIS AMOUNT**

**Amount Enclosed** [        .        ]

**Account Number: 5178-0524-5709-4023**

Please print address or phone number changes below using blue or black ink.

Address _____

Home Phone _____  Alternate Phone _____

E-mail address _____ @ _____

Capital One Bank
P.O. Box 650007
Dallas, TX 75265-0007

\*903309521156425\* MAIL ID NUMBER
STEVE BAXTER
WENDY BAXTER                10045326
19 BAXTER RD
LOUISVILLE, AL 36048-3221

---

Please write your account number on your check or money order made payable to Capital One Bank and mail with this coupon in the enclosed envelope.

**EXHIBIT I**

GC Services Limited Partnership
6330 Gulfton, Houston, TX 77081

PO BOX 36347
HOUSTON TX 77236-9998

Change of Address

Address _____

City _____ State _____ Zip _____

Phone (_____) _._____

Creditor: Capital One Bank

Balance: * $2,988.54

Account: 5178052457094023

| Amount Enclosed |
| --- |
| $ |

December 11, 2006

C000114-0000571667-070601

BAXTER STEVE
19 BAXTER RD
LOUISVILLE AL 36048-3221

*Send Payment To:*

Capital One Bank
PO Box 650007
Dallas TX 75265-0007

*Please write your 16-digit account number on your check or money order made payable to* **Capital One Bank** *and mail in the enclosed envelope.*

PLCMNT - 1295

December 11, 2006

Creditor: Capital One Bank

Balance: * $2,988.54

Account: 5178052457094023

The above account has not been paid and has now been placed with GC Services for collections. Please remit the full balance to Capital One Bank at the address provided on the remittance section above.

A representative is available to answer any questions you may have at our toll free number (877) 290-8894.

Sincerely,

Dan Chun
Collection Manager

JAN 0 5 2007

* Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you

**NOTICE:** SEE ENCLOSED INSERT FOR IMPORTANT CONSUMER INFORMATION.

PLCMNT - 1295

GC SERVICES LIMITED PARTNERSHIP

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATON OBTAINED WILL BE USED FOR THAT PURPOSE.
CONSUMER INFORMATION:
UNLESS YOU, WITHIN THIRTY (30) DAYS AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID BY GC SERVICES. IF YOU NOTIFY GC SERVICES IN WRITING WITHIN THE ABOVE DESCRIBED THIRTY (30) DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, GC SERVICES WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU AND A COPY OF SUCH VERIFICATION OR JUDGMENT WILL BE MAILED TO YOU BY GC SERVICES. UPON YOUR WRITTEN REQUEST WITHIN THE ABOVE DESCRIBED THIRTY (30) DAY PERIOD, GC SERVICES WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

THE DEMANDS FOR PAYMENT IN THIS LETTER DO NOT REDUCE YOUR RIGHTS TO DISPUTE THIS DEBT, OR ANY PORTION THEREOF, AND/OR TO REQUEST VERIFICATION WITHIN THE THIRTY (30) DAY PERIOD AS SET FORTH ABOVE.

**NYC Department of Consumer Affairs** License Numbers: Atlanta – 0907258, Boston – 0907263, Central Legal & HHCC – 0907264, Chicago – 0982208, Columbus NSC – 0982207, DMD – 0808863, Eastern – 1019169, Jacksonville – 0907265, Midatlantic – 0982209, Oklahoma – 0982212, Phoenix – 0982213, San Antonio – 0982214, San Diego – 0982215, SCMC & LA – 0982219, St. Louis NSC – 0907261, Southwestern – 0907256, Saskatoon - 1193513
**California Residents:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-Help or www.ftc.gov.
**Colorado Residents:** For information about the Colorado Fair Debt Collection Practices Act, see WWW.AGO.STATE.CO.US/CADC/CADCMAIN.CFM GC Services 6330 Gulfton Houston, TX 77081
**Maine residents:** 2600 Koyl Ave., Saskatoon, SK S7L 5X9
**Minnesota Residents:** This collection agency is licensed by the Minnesota Department of Commerce.
**Wisconsin residents:** This collection agency is licensed by the Office of the Administrator of the Division of Banking, P O Box 7876, Madison, WI 53707.
**Texas residents:** 6330 Gulfton Houston, TX 77081

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| STEVEN BAXTER      & | ) | |
| WENDY BAXTER, | ) | BANKRUPTCY CASE NUMBER: |
| | ) | 06-10672 |
| DEBTORS. | ) | CHAPTER 13 CASE |

*************************************************************************************************

| | | |
|---|---|---|
| STEVEN BAXTER      & | ) | |
| WENDY BAXTER, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | AP #: 07-01010 |
| | ) | |
| CAPITAL ONE BANK, | ) | |
| GC SERVICES LIMITED PARTNERSHIP, & | ) | |
| INTELLIRISK MANAGEMENT CORPORATION, | ) | |
| d/b/a ALLIED INTERSTATE, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**PURSUANT TO LBR 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 20 DAYS OF SERVICE. RESPONSES MUST BE FILED AND SERVED UPON THE MOVING PARTY WITHIN 20 DAYS OF SERVICE. RESPONSES MUST BE FILED ELECTRONICALLY WITH THE CLERK OF THE BANKRUPTCY COURT, P.O. BOX 1248, MONTGOMERY, ALABAMA 36102.**

This pleading is being filed and noticed pursuant to M.D. AL L.B.R. 9007-1 procedures for:
**[Motion to Compromise Controversy pursuant to Rule 9019]**

## MOTION TO COMPROMISE CONTROVERSY

COME NOW, the Debtors, Steven and Wendy Baxter, by and through the undersigned attorney and move this Honorable Court to approve a settlement agreement between them, Capital One Bank, GC Services Limited Partnership, and Intellirisk Management Corporation, d/b/a Allied Interstate. The facts pertaining to this controversy arise under an alleged violation of the automatic stay and violation of the Fair Debt Collection Practices Act (hereinafter "FDCPA"). The Debtors duly note the existence of the asset and scheduled it in their Schedule B (Personal Property). The Debtors would make known to this Court that they have settled this matter pertaining to the automatic stay and the FDCPA claims in exchange for the Defendants paying damages to the Plaintiff in the amount of $9,000.00, which will be disbursed as follows:

1)     $4,500.00 will be paid to the Plaintiffs directly; and,

2)     $4,500.00 will be paid to the law firm of Brock & Stout, LLC. for attorney fees based on a fifty percent (50%) contingency fee contract.

Page 1 of 2

WHEREFORE, the Debtors, by and through the undersigned attorney approve the settlement between themselves and the Defendants.

Respectfully submitted this _2nd_ day of April, 2007.

BROCK & STOUT

David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email christal@circlecitylaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon the following, by placing a copy of same in the U.S. Mail, postage prepaid and properly addressed or by electronic mail this the _2nd_ day of April, 2007:

**SEE ATTACHED MAILING MATRIX**

David G. Poston

AMERICAN EXPRESS
CUSTOMER SERVICE
P.O. BOX 297812
FT. LAUDERDALE, FL 33329-7815

American Express Centurion Bank
c/o Becket and Lee LLP
POB 3001
Malvern PA 19355-0701

ASPIRE
P.O. BOX 105555
ATLANTA, GA 30348-5555

Aspire VISA Gold
P.O. Box 23051
Columbus, GA 31902-3051

CAPITAL ONE BANK
BANKRUPTCY CORRESPONDENCE
P.O. BOX 5155
NORCROSS, GA 30091

CHASE BANK USA, N.A.
P.O. BOX 10043
KENNESAW, GA 30156-9243

CHASE BANK, USA, N.A.
PO BOX 100018
KENNESAW, GA 30156-9104

CHASE CARDMEMBER SERVICES
P.O. BOX 100044
KENNESAW, GA 30156-9244

CITIFINANCIAL
808 GLOVER AVENUE
ENTERPRISE, AL 36330-2018

CITIFINANCIAL AUTO
P.O. BOX 1437
MINNEAPOLIS, MN 55440-1437

CitiFinancial Auto
PO Box 1472
Minneapolis, MN 55440-1472

CitiFinancial Corp
c/o Parnell & Crum, PA
P.O. Box 2189
Montgomery, Alabama 36102-2189

ENTERPRISE RESCUE, INC.
P.O. BOX 311441
ENTERPRISE, AL 36331-1441

FIRST NORTH AMERICAN
NATIONAL BANK
P.O. BOX 42336
RICHMOND, VA 23242-2336

FLOWERS HOSPITAL
P.O. BOX 6907
DOTHAN, AL 36303

Green Tree Servicing, LLC
PO Box 6154
Rapid City, SD 57709-6154

Green Tree Servicing, LLC
345 St. Peter St.
Landmark Towers Suite 800
Saint Paul, MN 55102-1211

GREENTREE
BANKRUPTCY DEPARTMENT
P.O. BOX 6154
RAPID CITY, SD 57709

HOLLOWAY CREDIT SOLUTIONS
P.O. BOX 6441
DOTHAN, AL 36302

HOUSEHOLD BANK
HSBC CARD SERVICES
P.O. BOX 80084
SALINAS, CA 93912-0084

HSBC Bank Nevada NA
c/o eCAST Settlement Corporation
POB 35480
Newark NJ 07193-5480

HSBC NV
P.O. BOX 19360
SALINAS, CA 93901

INTERNAL REVENUE SERVICE
DISTRICT DIRECTOR, IRS
801 TOM MARTIN DR, #126
BIRMINGHAM, AL 35211

LABCORP - LCA COLLECTIONS
P.O. BOX 2240
BURLINGTON, NC 27216-2240

MERCHANTS ADJUSTMENT
P.O. BOX 7511
MOBILE, AL 36690

Merrick Bank
c/o Weinstein & Riley, P.S.
2101 Fourth Ave., Suite 900
Seattle, WA, 98121

MERRICK BANK
P.O. BOX 9201
OLD BETHPAGE, NY 11804

ORCHARD BANK - HOUSEHOLD
CREDIT SER
P.O. BOX 80084
SALINAS, CA 93912-0084

PATRICIA CONOVER
ASST U.S. ATTORNEY
P.O. BOX 197
MONTGOMERY, AL 36106

PEOPLES BANK
P.O. BOX 248
CLIO, AL 36017

SUNSOUTH BANK
P.O. BOX 1910
DOTHAN, AL 36302-1910

THE HOME DEPOT
P.O. BOX 689100
DES MOINES, IA 50368-9100

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEVEN BAXTER, &<br>WENDY BAXTER,<br>    DEBTORS. | )<br>)<br>)<br>) | BANKRUPTCY CASE NO.:<br>06-10672<br>CHAPTER 13 CASE |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| STEVEN BAXTER, &<br>WENDY BAXTER,<br><br>    PLAINTIFFS,<br><br>vs.<br><br>CAPITAL ONE BANK,<br>GC SERVICES LIMITED PARTNERSHIP, &<br>INTELLIRISK MANAGEMENT CORPORATION,<br>D/B/A ALLIED INTERSTATE,<br><br>    DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | A.P. NO.: 07-01010 |

## APPLICATION FOR APPROVAL OF ATTORNEY FEES

COMES NOW, the undersigned attorney, and requests this Honorable Court approve attorney fees and expenses incurred in conjunction with the representation and subsequent proposed settlement of the Debtors' claim as follows:

1.  On or about January 12, 2007, the Debtors employed the undersigned counsel to prosecute an automatic stay and Fair Debt Collection Practices Act violation against the Defendants, Capital One Bank, GC Services Limited Partnership, and IntelliRisk Management Corporation d/b/a Allied Interstate. In exchange for the representation, the Debtors agreed to pay the undersigned attorney fees of 50 percent (%) of any recovery.

2.  The undersigned obtained a total settlement of $9,000.00. Under the agreement executed by the Debtors the undersigned is entitled to attorney fees of 50 percent (%) of the total recovery.

3.  After payment of attorney's fees, the remaining amount of recovery of $4,500.00, shall be paid to the Debtors.

4.  Concurrent with this motion, the undersigned filed a motion for approval of the settlement reached in this case.

WHEREFORE, the undersigned respectfully requests this Honorable Court approve his request for attorney fees in the amount of $4,500.00, and for all other relief that is just.

Respectfully submitted,

BROCK & STOUT

David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email christal@circlecitylaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon Capital One Bank, % Kristina Kavalieratos, kristina.kavalieratos@capitalone.com , GC Services Limited Partnership, % L. Jackson Young, 2100 Third Avenue North, Suite 700, Birmingham, Alabama 35203, IntelliRisk Management Corporation, d/b/a Allied Interstate, % Kurt Tullar, ktullar@irmc.com , and Curtis C. Reding, Chapter 13 Trustee, by placing a copy of same in the U.S. Mail, postage prepaid and properly addressed *or* by electronic mail this the _2nd_ day of April, 2007:

David G. Poston

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

IN RE:                                             **CHAPTER 13 CASES
                                                    NO. 06-10672-DHW**

**STEVEN D. BAXTER, XXX-XX-2377, AND
WENDY BAXTER, XXX-XX-3512,**

    **Debtor(s).**

**TRUSTEE'S RESPONSE TO MOTION TO COMPROMISE CONTROVERSY**

    COMES NOW, the Trustee, by and through the undersigned counsel, and moves this Honorable Court to deny the motion to compromise controversy pertaining to settlement and distribution of proceeds, and as grounds for said motion, states as follows:

    The debtors have filed a motion to comprise controversy. A settlement has been negotiated in the amount of $9000.00. After attorney fees and expenses, there remains an amount of $4500.00. The debtor has requested to receive these funds directly. The debtors have not pledged these proceeds or exempted them on Schedule C. The Trustee contends that this is an asset of the debtors' estate and currently has a motion pending before this Court to modify the debtors plan.

    WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to disapprove the debtors' motion to compromise controversy pertaining to settlement and distribution of proceeds.

    Respectfully submitted this 12th day of April, 2007.

                         Curtis C. Reding, Jr.
                         Standing Chapter 13 Trustee

        By:    /s/Sabrina L. McKinney
              Sabrina L. McKinney
              Staff Attorney (ASB-3162-I71S)

Office of the Chapter 13 Trustee
166 Commerce St., Ste. 202
P. O. Box 173
Montgomery, AL 36101-0173
Phone:  334-262-8371
Fax:  334-262-8599
mckinneys@ch13mdal.com

## CERTIFICATE OF SERVICE

I, Sabrina L. McKinney, certify that I have served a copy of the foregoing TRUSTEE'S RESPONSE TO MOTION TO COMPROMISE CONTROVERSY on the parties listed below by electronic mail or placing same in the United States Mail, postage prepaid and properly addressed, this 12th day of April, 2007.


/s/ Sabrina L. McKinney
Sabrina L. McKinney

Steven D. & Wendy Baxter
19 Baxter Station
Louisville, AL 36048

Michael D. Brock & David G. Poston via electronic mail

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

IN RE:                                                    **CHAPTER 13 CASE
                                                          NO. 06-10672-DHW**

**STEVEN D. BAXTER, XXX-XX-2377, AND
WENDY BAXTER, XXX-XX-3512,**

      **Debtor(s).**

---

**PURSUANT TO LBR 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 20 DAYS OF SERVICE. RESPONSES MUST BE FILED WITH THE CLERK AND SERVED UPON THE MOVING PARTY. RESPONSES MUST BE FILED ELECTRONICALLY WITH THE CLERK OR BY US MAIL ADDRESSED TO THE CLERK OF THE BANKRUPTCY COURT, P.O. BOX 1248, MONTGOMERY, ALABAMA 36102.**

This pleading is being filed and noticed pursuant to M.D. AL L.B.R. 9007-1 procedures for:
Motion to Modify Confirmed Chapter 13 Plan pursuant to 3015 (d) and (e)

---

**TRUSTEE'S MOTION TO MODIFY DEBTORS
CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS**

      COMES NOW, the Trustee, by and through the undersigned counsel, and pursuant to 11 USC §1329 and LBR 3015-1(d) and (e) moves this Honorable Court to modify the debtors confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

      The Trustee has been advised that the debtor is the party to a lawsuit or other cause of action/claim. It is unknown if the debtor's claim is a pre-petition or post-petition cause of action. The proceeds have not been claimed as exempt on Schedule C. It is the Trustee's contention that this lawsuit is an asset of the debtors Chapter 13 estate and is due to be paid to the Trustee for the benefit of unsecured creditors. The Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the net amount of these proceeds.

      WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtors confirmed plan to provide that all proceeds from the lawsuit or cause of action settlement, less and except any exempted amount and attorney fees and litigation expenses be paid to the Trustee for the benefit of the debtors unsecured creditors. To the extent that this

debtor' plan is less than 100%, the Trustee moves this Honorable Court to increase the dividend

percentage to unsecured creditors by the amount of the net lawsuit/claim proceeds.

Respectfully submitted this 12th day of April, 2007.

Curtis C. Reding, Jr.
Standing Chapter 13 Trustee


By:    /s/ Sabrina L. McKinney
       Sabrina L. McKinney
       Staff Attorney (ASB-3162-I71S)

Office of the Chapter 13 Trustee
166 Commerce St., Ste. 202
P. O. Box 173
Montgomery, AL 36101-0173
Phone:  334-262-8371
Fax:  334-262-8599
mckinneys@ch13mdal.com

<u>CERTIFICATE OF SERVICE</u>

I, Sabrina L. McKinney, certify that I have served a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTORS CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS on the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid and properly addressed, this 12th day of April, 2007.


/s/ Sabrina L. McKinney
Sabrina L. McKinney

Steven D. & Wendy Baxter
19 Baxter Station
Louisville, AL 36048

Michael D. Brock & David G. Poston via electronic mail

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **STEVEN D. BAXTER,** | * | **CASE NO.  06-10672-DHW** |
| **WENDY BAXTER,** | * | |
| | * | |
| **Debtors.** | * | **CHAPTER 13** |

<u>**DEBTORS' OBJECTION TO TRUSTEE'S MOTION TO MODIFY DEBTORS'**</u>
<u>**CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS**</u>

COMES NOW the Debtors, by and through the undersigned, and object to the Trustee's motion to modify the Debtors' confirmed Chapter 13 Plan and request that the same be set for hearing at the Court's convenience.

RESPECTFULLY SUBMITTED this 24th day of April, 2007.

BROCK & STOUT

/s/ Michael D. Brock
Michael D. Brock {BRO152}
Attorney for Debtor
Post Office Drawer 311167
Enterprise, Alabama 36331-1167
(334) 393-4357
(334) 393-0026 FAX
brockstout@entercomp.com

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that I have this date mailed a copy of the foregoing upon the Bankruptcy Administrator, Curtis Reding, Chapter 13 Trustee, by first class U.S. Mail, postage prepaid, or by electronic noticing in accordance with the local rules of the Bankruptcy Court this 24th day of April, 2007.

/s/ Michael D. Brock
Michael D. Brock {BRO152}
Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 06-10672-DHW
                                                         Chapter 13

STEVEN D. BAXTER
WENDY BAXTER,

       Debtors

## ORDER APPROVING SETTLEMENT AND ATTORNEY'S FEE

     David G. Poston, attorney for the estate, filed a motion to compromise controversy between the debtors and Capital One Bank, GC Services Limited Partnership, and Intellirisk Management Corporation, and an application to approve professional fees and expenses.

     The matter came on for hearing on May 9, 2007.

     The parties propose to settle the lawsuit for $9,000.00, and the attorney requests approval of a 50% contingent fee in the amount of $4,500.00.

     In the opinion of the court, the attorney for the debtor is entitled to a reasonable fee for his services in this matter, which in this case would be the sum of $4,500.00.   Accordingly, it is

     ORDERED that the proposed $9,000.00 settlement, and attorney's fee are APPROVED.

     Done this 11 day of May, 2007.

                   /s/ Dwight H. Williams, Jr.
                   United States Bankruptcy Judge

c: Debtors
   Michael D. Brock, Attorney for Debtors
   David G. Poston, Esq.
   Curtis C. Reding, Trustee

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                    Case No. 06-10672-DHW
                                         Chapter 13

STEVEN D. BAXTER
WENDY BAXTER,

        Debtors

## SUBMISSION ORDER

        The parties shall file a joint stipulation of facts material to the trustee's motion to modify confirmed plan no later than June 15, 2007.  The joint stipulation of facts shall be filed as a single document signed by both parties. Memorandum briefs in support of and in opposition to the motion shall be filed no later than June 15, 2007.  The motion will be taken as submitted thereafter.

        Done this 11 day of May, 2007.

                                    /s/  Dwight  H.  Williams,  Jr.
                                    United States Bankruptcy Judge

c: Debtors
    Michael D. Brock, Attorney for Debtors
    Curtis C. Reding, Trustee

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 06-10672-DHW
                                                         Chapter 13

STEVEN D. BAXTER
WENDY BAXTER,

        Debtors

### ORDER APPROVING SETTLEMENT AND ATTORNEY'S FEE

David G. Poston, attorney for the estate, filed a motion to compromise controversy between the debtors and Capital One Bank, GC Services Limited Partnership, and Intellirisk Management Corporation, and an application to approve professional fees and expenses.

The matter came on for hearing on May 9, 2007.

The parties propose to settle the lawsuit for $9,000.00, and the attorney requests approval of a 50% contingent fee in the amount of $4,500.00.

In the opinion of the court, the attorney for the debtor is entitled to a reasonable fee for his services in this matter, which in this case would be the sum of $4,500.00.   Accordingly, it is

ORDERED that the proposed $9,000.00 settlement, and attorney's fee are APPROVED.

Done this 11 day of May, 2007.

                /s/ Dwight H. Williams, Jr.
                United States Bankruptcy Judge

c: Debtors
   Michael D. Brock, Attorney for Debtors
   David G. Poston, Esq.
   Curtis C. Reding, Trustee

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:                              )
                                    )
STEVEN BAXTER      &                )
WENDY BAXTER,                       )        BANKRUPTCY CASE NUMBER:
                                    )        06-10672-DHW-13
            DEBTORS.                )        CHAPTER 13 CASE

## JOINT STIPULATION OF FACTS PURSUANT TO
## SUBMISSION ORDER ON TRUSTEE'S MOTION TO MODIFY PLAN

COME NOW Steven and Wendy Baxter, Debtors, and Curtis C. Reding, Chapter 13 Trustee, and hereby submit to this Honorable Court a Joint Stipulation of Facts pursuant to this Court's Submission Order on the Trustee's motion to modify the debtor's plan for lawsuit proceeds.

1.      The Debtors, Steven and Wendy Baxter, filed their instant Chapter 13 bankruptcy case on July 11, 2006.

2.      In their Chapter 13 Plan, the Debtors proposed to pay certain secured creditors the value of the collateral and to pay unsecured creditors 0.00%.  The expected duration of the Debtors' Chapter 13 plan was approximately 58 months.  However, with the claims filed in the debors' case, the actual pay out time for this plan is 41 months.  This is an above median income case for which an applicable commitment period of 60 months applies.

3.      Pursuant to 11 U.S.C. § 1306(b), the Debtors' Plan was silent regarding property of the estate.

4.      Pursuant to 11 U.S.C. § 1327(b), the Debtors' Plan was silent as to property of the estate.

5.      On July 14, 2006, written notice of the Debtors' Chapter 13 bankruptcy case was mailed to all creditors and parties in interest.

6.      The Debtors' Chapter 13 Plan was confirmed on October 12, 2006.

7.      On January 16, 2007 the Debtors commenced an adversary proceeding against Capital One Bank and GC Services Limited Partnership for, among other actions, violations of the automatic stay.  On February 5, 2007, Debtors amended their complaint to add Defendant, Intellirisk Management Corporation, d/b/a Allied Interstate.

8.      On or about March 26, 2007, the Debtors settled their Adversary Proceeding against Capital One Bank, GC Services Limited Partnership, and Intellirisk Management Corporation, d/b/a Allied Interstate.

9.      On April 2, 2007, the Debtors filed a Motion to Approve the settlement agreement.

10.     On April 12, 2007, the Trustee filed a response to the debtors' motion to approve settlement contending that the portion of the settlement remaining after payment of attorneys fees and expenses should be paid to the Trustee for the benefit of the debtors' estate and their unsecured creditors.

11.     On May 11, 2007, the Honorable Court approved the settlement.

12.     The portion of the settlement proceeds at issue amount to $4,500.00.

13.     The cause of action which was subject of the adversary proceeding was a post-petition cause of action.  The debtors have not as of the date of this stipulation amended schedule B or C to claim any of the proceeds of the settlement of the AP as exempt.  However, the debtors intend to file an amended Schedule B and C to list this asset and to claim $650.00 as exempt.  The Trustee has no objection to the debtors' claim of $650.00 exemption in these proceeds and if the schedules are amended, have no objection to the debtors retaining $650.00 from this settlement.

14.     On April 12, 2007, the Trustee filed a Motion to Modify the Debtors' Chapter 13 Plan to recover $4500.00 from the settlement for the benefit of unsecured creditors.  On April 24, 2007, the Debtors filed an objection to the Trustee's motion to modify the Chapter 13 Plan.

## ISSUES BEFORE THE COURT

1.      Whether the debtors' recovery from the adversary proceeding is property of the debtors' estate.

2.      If so, whether the recover from the adversary proceeding should be paid to the Trustee for the benefit of the debtors' unsecured creditors.

Jointly submitted this 14th day of June, 2007.


/s/ Sabrina L. McKinney          /s/ David Poston
Attorney for the Trustee          Attorney for the Debtors

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| STEVEN BAXTER  & | ) | BANKRUPTCY CASE NO.: |
| WENDY BAXTER, | ) | 06-10672 |
|  | ) |  |
| Debtors. | ) | CHAPTER 13 CASE |

**DEBTORS' BRIEF IN SUPPORT OF DEBTORS' POSITION THAT
SETTLEMENT PROCEEDS REMAINS PROPERTY OF THE DEBTORS'**

COME NOW the Debtors, Steven and Wendy Baxter by and through the undersigned attorney, in support of their proposition that the settlement proceeds from the Capital One litigation remains property of the bankruptcy estate.  In support of their position, the Debtors state as follows:

## I. FACTUAL BACKGROUND

The Trustee and the Debtors previously submitted joint stipulated facts regarding this matter.  As such, the Debtors will address only the legal issues and arguments pertaining to this matter

## II. ISSUE

Are the lawsuit proceeds property of the Debtors and therefore unreachable by the Trustee? Yes.

## III. SUMMARY OF ARGUMENT

Controlling Eleventh Circuit law requires that only that property necessary for plan fulfillment be considered property of the bankruptcy estate.  Telfair v. First Union Mortgage Corporation, 216 F. 3d 1333, 1340 (11th Cir. 2000).

## IV.  LEGAL ARGUMENT

1.      The court in Telfair v. First Union Mortgage Corporation, 216 F. 3d 1333, 1340 (11th Cir. 2000) adopted the estate transformation approach as it applies to property of the estate.

2.   In defining the estate transformation approach, the Eleventh Circuit reconciled the apparent conflict between 11 U.S.C. § 1306[1] with 11 U.S.C. § 1327(b)[2]

3.   In reconciling 11 U.S.C. §§ 1306 with 1327, the Telfair court held that the estate transformation approach defines property of the estate as only that property, remaining after confirmation, that is necessary for the execution of the plan. Telfair at 1340. (See In re Heath, 115 F. 3d 521, 524 (7th Cir. 1997); In re McKnight, 136 B. R. 891, 894 (Bankr. S. D. Ga. 1992);

4.   The Telfair court found it necessary to "read the two sections, 1306(a)(2) and 1327(b), to mean simply that while the filing of the petition for bankruptcy places all the property of the Debtor in the control of the bankruptcy court, the Plan upon confirmation returns so much of that property to the Debtor's control as is not necessary to the fulfillment of the Plan." Telfair at 1340 citing In re Heath, 115 F. 3d at 524).

     The following courts follow the holding of Telfair.  Muse v. Accord Human Res., Inc., 129 Fed. Appx. 487 (11th Cir. 2005); Bank United v. Manley, 273 B.R. 229 (N.D. Ala. 2001); In re Sanchez-Dobazo, 343 B.R. 742 (Bankr. S.D. Fla 2006); Old Republic Ins. Co. V. Farmer (In re Farmer), 324 B.R. 918 (Bankr. M.D. Ga. 2005); Robinson v. Citizens Bank & Trust Co. (In re Robinson), 2003 Bankr. Lexis 1764 (Bankr. S.D. Ga. 2003); In re Tomasevic, 275 B.R. 103 (Bankr. M.D. Fla. 2001); In re Brown, 260 B.R. 311 (Bankr. M.D. Ga. 2001); EconoLube N' Tune, Inc. V. Frausto (In re Frausto), 259 B.R. 201 (Bankr. N.D. Ala. 2000); Ex parte Moore, 793 So. 2d 762 (Ala. 2000).

5.   In the instant case, the violation of the automatic stay was unknown to the Debtors prior to filing their Chapter 13 bankruptcy case.  Indeed, the Debtors had no way to foresee that a creditor may violate the automatic stay.  In fact, the violations giving rise to the settlement proceeds did not arise until well after confirmation of the Debtors' Chapter 13 plan.

---

[1] 11 U.S.C. § 1306 states in part:

(a)     Property of the estate includes, in addition to the property specified in 541 of this title –
        . . .
        (2) earnings from services performed by the Debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under Chapter 7, 11, or 12 of this title, whichever occurs first.

(b)     Except as provided in a confirmed plan or order confirming a plan, the Debtor shall remain in possession of all property of the estate.

11 U.S.C § 1306 (1999).

[2] 11 U.S.C. § 1327(b) - Effect of Confirmation - states in relevant part: "except as otherwise provided in the plan or order confirming the plan, the confirmation of the plan vests all of the property of the estate in the Debtor."

6.   Following the estate transformation approach, as adopted by the Eleventh Circuit in <u>Telfair</u>, the proceeds of the Debtors' settlement should only be viewed as property of the estate if those proceeds are necessary to the execution of the Chapter 13 Plan.  Instead, the Trustee is attempting to increase the overall percentage paid to unsecured creditors based on the amount of the non-exempt settlement proceeds.

7.   Here, the settlement proceeds are not property of the estate and should remain under the control of the Debtors.  That is, the proceeds are not "necessary to the fulfillment of the Plan" in that they are not "required for the Plan payments."

8.   In a factual situation similar to the instant case, the Bankruptcy Court held that a tort claim, which arose in 1998, three years after the confirmation of the Debtors' Chapter 13 Plan, was not necessary for the Plan and not part of the bankruptcy estate.  <u>In re Carter</u>, 258 B.R.526 (Bankr. S.D. Ga. 2001)

## V.  CONCLUSION

9.   Here, the settlement arose after the confirmation of the Debtors' Chapter 13 Plan.  Also, there has been no assertion that these proceeds are necessary to carry out the Chapter 13 Plan.

10.  For these reasons, the settlement proceeds are not part of the bankruptcy estate and should be distributed directly to the Debtors.

Respectfully submitted,

BROCK & STOUT

Michael D. Brock, Esq.
David G. Poston, Esq.
Gary W. Stout, Esq.
Walter A. Blakeney, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
Tel: (334) 671-5555
Fax: (334) 671-2689
Email: <u>christal@circlecitylaw.com</u>

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon Curtis C. Reding, Chapter 13 Trustee, ℅ Sabrina L. McKinney, Esq., via electronic mail at <u>mckinneys@ch13mdal.com</u> this **15th** day of June, 2007.

Michael D. Brock, Esq.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:

                                     **CHAPTER 13**

**STEVEN D. BAXTER,**                     **CASE NO. 06-10672-DHW-13**
**xxx-xx-2377,**
**and**
**WENDY BAXTER,**
**xxx-xx-3512,**

      **Debtors.**

### *TRUSTEE'S MEMORANDUM BRIEF IN SUPPORT OF TRUSTEE'S MOTION TO MODIFY PLAN*

      COMES NOW, Curtis C. Reding, Jr., Standing Chapter 13 Trustee for the Middle District of Alabama, by and through the undersigned counsel, and in support of the Trustee's Motion to Modify the debtors' plan, states as follows:

### *STATEMENT OF THE FACTS*

      The facts in this case are not in dispute. The parties have submitted to the Court a Joint Stipulation of Facts pursuant to this Honorable Court's Submission Order.

### *ISSUES BEFORE THE COURT*

1.      Whether the debtors' recovery from the adversary proceeding is property of the debtors' estate.

2.      If so, whether the recovery from the adversary proceeding should be paid to the Trustee for the benefit of the debtors' unsecured creditors.

### *ARGUMENT*

      The issue in this case is whether the debtors' recovery from an adversary proceeding is property of the debtors' estate and, if so, whether that recovery must be

paid to the Trustee for the benefit of the debtors' unsecured creditors.  11 U.S.C. §1306

defines property of the estate in chapter 13 cases.

11 U.S.C. §1306 provides:

> (a)  Property of the estate includes, in addition to property
> specified in section 541 of this title
> (1) *all property* of the kind specified in such section that
> the debtor *acquires after* the commencement of the case but
> before the case is closed, dismissed, or converted to a case
> under chapter 7, 11, or 12 of this title, whichever occurs
> first; and
> (2) earnings from services performed by the debtor after
> the commencement of the case but before the case is
> closed, dismissed, or converted to a case under chapter 7,
> 11, or 12 of this title, whichever occurs first.

At the time of filing, any and all property of the debtor became property of the

bankruptcy estate pursuant to 11 U.S.C. §541.  This would include any lawsuits or other

causes of action.  Pursuant to §1306, property of the estate includes any property that the

debtor acquired after the filing of the case, which would include the recovery from the

adversary proceeding at issue.

Courts have held that causes of action by a debtor in chapter 13 are property of

the estate.  It has further been held that the Court "need not decide whether the debtors'

… claim arose prepetition or postpetition because, in either event, the claim is property of

the estate."  In re Jackson, 317 B.R. 573 (Bankr. D. Mass. 2004) citing to 11 U.S.C. §541

and §1306.  In this case, as in all cases, it is the Trustee's position that causes of action of

the debtor are property of the estate and whether those causes of action are pre-petition or

post-petition, they must be paid to the Trustee for the benefit of unsecured creditors.

The issue of post-petition property of the estate was examined in the case of <u>In re Nott</u>, 269 B.R. 250, 257 (Bankr.M.D.Fla.2000) wherein the debtor received a post-confirmation inheritance totaling between $275,000.00 and $300,000.00. The Court held

> Property of a chapter 13 estate that is in *existence and disclosed as of the date of confirmation* vests in the Debtor pursuant to Section 1327(b). Any property acquired post confirmation, however, is property of the estate pursuant to Section 1306(a). Id at 564-565. (emphasis added)

The <u>Nott</u> court, citing the case of <u>In re Holden</u>, 236 B.R. 156, 163(Bankr.D.Vt.1999) went on to say

> Upon confirmation of a Chapter 13 plan, all property of the estate is emptied from the estate and revested in the Debtors under Section 1327(b). Such property is no longer property of the estate. Immediately after confirmation, the estate begins to be refilled by property acquired by Debtors post-confirmation. That property is protected by the automatic stay and remains so until the case is closed, converted or dismissed.

Some have made an argument that the 11th Circuit's opinion in <u>Telfair v. First Union Mortgage Corp.</u>, 216 F.3d 1333 (11th Cir. 2000) takes property of the estate out of the reach of the Trustee for the benefit of unsecured creditors. It is the Trustee's contention that the 11th Circuit's opinion in the case of <u>Telfair</u> can be distinguished from the case at hand. In the <u>Telfair</u> case, the property of the estate argument arose regarding assets of the estate which were in existence and which were known at the time of confirmation and were actually anticipated by the debtor's plan. In the <u>Telfair</u> case, the issue was whether the debtor's payments to a creditor made outside the Chapter 13 Trustee's distributions should be considered property of the estate. The property at issue was available and was known and/or anticipated at the time of confirmation, but was specifically provided to be used outside the context of the Chapter 13 plan. Those funds

were not necessary for completion of the debtor's plan and, therefore, were found not to be property of the estate. The 11th Circuit's holding was specific to those circumstances and provided that property that is not "necessary to the completion of the debtor's plan" revests with the debtor upon confirmation of the debtor's plan.

In the case at hand, the automatic stay violation and the *Fair Debt Collection Practices Act* violations were not known at the time of confirmation and were not in existence at the time of confirmation because these causes of action arose post-petition. If the asset had been known at the time of confirmation, the Trustee would have required that the debtors' plan provide for the payment of those proceeds for the benefit of unsecured creditors to meet the "best interest of creditors test." By virtue of the plan provisions required by the Trustee for the lawsuit, the funds would therefore be "necessary" for the completion of the debtors' plan. As these proceeds were not known, they were not anticipated as part of the effect of confirmation which would revest them with the debtors.

The 11th Circuit case of In re Telfair does not apply to every situation regarding property of the estate. Telfair has been distinguished by Bankruptcy Courts within the 11th Circuit as not applying to all estate situations. Many courts that have distinguished the Telfair decision holding that the Telfair decision is a fact specific, fact driven ruling from the 11th Circuit. See In re McGlocking, 296 B.R. 884 (Bankr. SD GA 2003) (holding that the Court must determine what is "necessary" for completion of the plan under the particular facts of each case, distinguishing Telfair), In re Madison, 337 B.R. 99 (Bankr. ND MS 2006) (holding that each case must be examined separately,

distinguishing <u>Telfair</u>), and <u>In re Moore</u>, 312 B.R. 902 (Bankr. ND AL 2004) (holding that the estate transformation approach does not apply to all chapter 13 case situations).

The issue of whether post-confirmation personal injury claims were part of the bankruptcy estate, and subject to capture by the Trustee was before the court in <u>In re Harvey</u>, 356 B.R. 557 (Bkrtcy.S.D.Ga., 2006). The <u>Harvey</u> court, in a well reasoned opinion, performed an indepth analysis of <u>Telfair</u>, §1306, §1327, and §554. The Court concluded that while post-confirmation assets become property of the estate under §1306, they are not deemed to retroactively vest in the debtor as of confirmation pursuant to §1327.

The <u>Harvey</u> court began its analysis with <u>Telfair</u> and <u>Muse v. Accord Human Resources, Inc.</u>, 129 Fed. Appx. 487 (11th Cir. 2005). The Court first points out that <u>Muse</u> was not selected for publication and therefore pursuant to Eleventh Circuit Rule 36-2, is not binding precedent. Second, the <u>Harvey</u> court states that

> the issue of whether the post-petition cause of action was 'necessary' for the debtor's plan was not raised in <u>Muse</u>. Thus, <u>Telfair's</u> adoption of the estate transformation approach has not been applied in a binding opinion to an asset acquired post-confirmation in a Chapter 13 case, such as causes of action in the cases now before this Court. Id at 562.

The <u>Harvey</u> Court then interjects that while <u>Telfair</u> was applied to post-confirmation in cases such as <u>Muse</u>, those cases are not persuasive in light of <u>Burnes v. Pemco Aeroplex, Inc.</u>, 291 F.3d 1282 (11th Cir. 2002). In <u>Burnes</u>, the 11th Circuit held that "the debtor had a continuing duty to amend his schedules, both after confirmation of his Chapter 13 plan when he filed his lawsuit, and later when his case was converted to Chapter 7." Id at 562. The 11th Circuit's conclusions in <u>Burnes</u> "clearly reveal that

extending Telfair's vesting rule to post-confirmation assets is tenuous at best." Id at 562.

The Harvey court held that

> While Burnes does not articulate the impact of its ruling on Telfair,
> it could only have concluded that the debtor's schedules must be
> amended if it believed that post-confirmation causes of action
> remain estate property. Otherwise, the failure to amend to reveal
> those assets could hardly set the stage for a judicial estoppel attack.

The Harvey court distinguished Telfair from the facts of the case before it. The

Harvey facts are almost identical to the facts of this case. Telfair did two things.

> (1) it acknowledged the obvious, that upon filing a
> bankruptcy petition, all of a debtor's property comes under
> the control of the bankruptcy court as estate property; and
> (2) that confirmation of a Chapter 13 plan *returns* all of that
> property to the debtor unless it is "necessary to the
> fulfillment of the plan. Id at 562 citing Telfair 216 F.3d at
> 1340 (emphasis added).

The 11th Circuit ruled that under the "estate transformation approach," the plan

confirmation *"returns"* property to the debtor's control that is not necessary for the

fulfillment of the plan. Therefore, the property that is necessary for the completion of the

plan *"remains"* in the estate upon confirmation. Id. (emphasis added).

> This language, primarily the use of the words "returns" and
> "remaining" illustrates that when properly read, Telfair
> ruled solely on property that existed, and had been
> revealed, at or before the confirmation of the debtor's
> Chapter 13 plan.

The Harvey court then went on to discuss the phrase "not necessary to the

fulfillment of the plan" as being a "far broader exception to the vesting rule than may

appear at first glance." Id at 563. The Court reasoned that a debtor's "rights and

obligations include both the right to seek a modification of a Chapter 13 plan … as well

as the obligation to be subject to a post-confirmation modification." Id at 563-564.  All

plans are subject to modification under 11 U.S.C. §1329.

> Properly understood, the Telfair qualification that estate
> property includes whatever may be necessary to the
> fulfillment of the plan must therefore include not just
> property existing at the moment of confirmation but post-
> confirmation property necessary to fulfill a post-
> confirmation modified "plan," which may require increased
> payments to meet Section 1325(a)(4)'s Chapter 7
> liquidation test and Section 1325(3)'s good faith test at
> anytime during the three to five-year period *after* filing.

Finally, the Harvey court found instructive the reading of 11 U.S.C. §554 for

determining the proper treatment of assets acquired post-petition.

11 U.S.C. §554 provides:

> (a) After notice and a hearing, the trustee may abandon any
> property of the estate that is burdensome to the estate or
> that is of inconsequential value and benefit to the estate.

> (b) On request of a party in interest and after notice and a
> hearing, the court may order the trustee to abandon any
> property of the estate that is burdensome to the estate or
> that is of inconsequential value and benefit to the estate.

> (c) Unless the court orders otherwise, any property
> scheduled under section 521(1) of this title not otherwise
> administered at the time of the closing of a case is
> abandoned to the debtor and administered for purposes of
> section 350 of this title.

> (d) Unless the court orders otherwise, property of the estate
> that is not abandoned under this section and that is not
> administered in the case remains property of the estate.

The Harvey court held that "these provisions of Section 554 tip the scales in

resolving the tension between Sections 1306 and 1327 in a case involving post-

confirmation assets."  Id at 564.  While property that is not "otherwise administered" by

the closing of the bankruptcy case is "abandoned to the debtor," property that is not

scheduled is "never deemed abandoned and remains property of the estate." Id at 564.

The court held

> Therefore, post-confirmation causes of action that become property of the estate under Section 1306 remain property of the estate pursuant to Section 554(d), despite Section 1327, if they are not scheduled and made subject to administration or abandonment.

In this case, at the time of the Trustee's motion to modify the plan, the debtors had not amended their schedules to list their recovery.

The Harvey court concluded its discussion in finding

> post-confirmation assets, including a debtor's personal injury causes of action, become property of the estate under Section 1306 and are not deemed to be retroactively vested in the debtor as of confirmation by operation of Section 1327. Rather, they must be scheduled so that the Trustee's or a creditor's right to seek modification is a meaningful right. If they are not scheduled, they remain property of the estate pursuant to Section 1306 and 554(d), under a close reading of what Telfair requires and what Burnes strongly implies. Id at 565-566.

This case is before this Honorable Court on the Trustee's motion to modify the debtors' plan. 11 U.S.C. §1329 provides:

> (a)    At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to-
> (1)    increase or reduce the amount of payments on claims under a particular class provided for by the plan…
>
> (b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.

The Court in In re Furgeson, 263 B.R. 28 (Bankr. N.D. N.Y. 2001) has examined this issue and held that the debtor's settlement of a claim against his creditor for violation

of the automatic stay were included in property of the debtor's estate and would warrant modification of the debtor's plan. The <u>Furgeson</u> Court acknowledged that some Courts, such as this Honorable Court, do not require a "substantial change" in circumstances for modification of the debtor's plan. However, post-petition settlements such as these are unanticipated and warrant modification of the debtor's plan to increase the dividend to unsecured creditors as the claim arose post-petition and was received prior to the closure, dismissal, or conversion of the case. The Court concluded that the Trustee under §1329 is authorized to bring such motions to modify the plan.

In this case, the Trustee has moved to modify the plan to increase the percentage to claims of the unsecured class by the amount of any settlement proceeds from the underlying adversary proceeding. The Trustee's motion to modify the plan is in compliance with the provisions of §1329 and meets the requirements of §1325(a) for confirmation in that it is proposing to pay for the benefit of unsecured creditors the cause of action of the debtors to meet the "best interest of creditors test."

## <u>CONCLUSION</u>

In this case, the Trustee has moved to modify the plan pursuant to 11 U.S.C. §1329 to increase the percentage to claims of the unsecured creditors by any amount of the adversary proceeding settlement proceeds received by the debtor, less the debtors' claimed exemption. It is the Trustee's contention that the lawsuit proceeds are property of the debtors' estate and should be paid to the Trustee for the benefit of the debtors' unsecured creditors and that the debtors' plan should be modified pursuant to §1329 to increase the dividend to unsecured creditors by the amount of the net adversary proceeding settlement proceeds.

WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to grant the Trustee's motion to modify the debtors' Chapter 13 plan and order that the proceeds of the debtors' settlement, less any claimed exemption, be paid to the Trustee for the benefit of, and to increase the dividend to, the debtors' unsecured creditors.

Respectfully submitted this 15th day of June, 2007.

Curtis C. Reding, Jr.
Chapter 13 Trustee

By:    /s/ Sabrina L. McKinney
Staff Attorney (MCK041)
for the Chapter 13 Trustee
ASB-3162-I71S

Office of the Chapter 13 Trustee
Curtis C. Reding, Jr., Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: 334-262-8371
Fax: 334-834-7635
Email: mckinneys@ch13mdal.com

## CERTIFICATE OF SERVICE

I, Sabrina L. McKinney, certify that a copy of the foregoing TRUSTEE'S MEMORANDUM BRIEF IN SUPPORT OF MOTION TO MODIFY PLAN has been served on the parties listed below by either placing same in the United States Mail, postage prepaid and properly addressed, or via electronic mail, this 15th day of June, 2007.

/s/   Sabrina L. McKinney
Sabrina L. McKinney

Steven and Wendy Baxter
19 Baxter Station
Louisville, AL  36048

Michael Brock
David Poston
Attorneys for the Debtors (via electronic mail)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **STEVEN D. BAXTER,** | * | **CASE NO.  06-10672-DHW** |
| **WENDY BAXTER,** | * | |
| | * | |
| **Debtors.** | * | **CHAPTER 13** |

<u>**NOTICE OF FILING AMENDED SCHEDULES B AND C**</u>

COME NOW the Debtors, by and through the undersigned, and amend their Schedules B and C as follows:

1.     By disclosing a lawsuit against Capital One, GC Services and Allied Interstate for FDCPA claims and automatic stay violations.  Attached hereto you will find a copy of the Debtors amended Schedule B.

2.     By amending Schedule C as evidenced by the attached amended Schedule C.

RESPECTFULLY SUBMITTED this 18th day of June, 2007.

BROCK & STOUT

/s/ Michael D. Brock
Michael D. Brock {BRO152}
Attorney for Debtors
Post Office Drawer 311167
Enterprise, Alabama 36331-1167
(334) 393-4357
(334) 393-0026 FAX
brockstout@enter.twcbc.com

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that I have this date mailed a copy of the foregoing upon the Bankruptcy Administrator, Curtis Reding, Chapter 13 Trustee, by first class U.S. Mail, postage prepaid, or by electronic noticing in accordance with the local rules of the Bankruptcy Court this 18th day of June, 2007.

/s/ Michael D. Brock
Michael D. Brock {BRO152}
Attorney for Debtors

IN RE <u>Baxter, Steven D. & Baxter, Wendy</u>                                    Case No. <u>06-10672</u>
                          Debtor(s)

## AMENDED SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H" for Husband, "W" for Wife, "J" for Joint, or "C" for Community in the column labeled "HWJC." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." In providing the information requested in this schedule, do not include the name or address of a minor child. Simply state "a minor child."

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | CASH ON HAND ESTIMATED TO BE NOT MORE THAN | J | 110.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | CHECKING ACCOUNT | J | 6.00 |
| | | SAVINGS ACCOUNT | J | 29.76 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, include audio, video, and computer equipment. | | HOUSEHOLD GOODS | J | 1,775.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | BOOKS AND PICTURES | J | 150.00 |
| 6. Wearing apparel. | | CLOTHING | J | 450.00 |
| 7. Furs and jewelry. | | JEWELRY | J | 200.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | HOBBY EQUIPMENT | J | 240.00 |
| 9. Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | WHOLE LIFE INSURANCE POLICY | W | 367.13 |
| 10. Annuities. Itemize and name each issue. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | | RETIREMENT | H | 9,208.39 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

AMENDED SCHEDULE B - PERSONAL PROPERTY

IN RE Baxter, Steven D. & Baxter, Wendy
_____ Case No. 06-10672
Debtor(s)

## AMENDED SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | | LAWSUIT AGAINST CAPITAL ONE, GC SERVICES AND ALLIED INTERSTATE FOR FDCPA CLAIM AND AUTOMATIC STAY VIOLATION  REPRESENTED BY DAVID G. POSTON, P.O. BOX 311167, ENTERPRISE, ALABAMA 36331-1167. | J | unknown |
| 19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) in customer lists or similar compilations provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1986 TOYOTA CRESSIDA (250,000+ MILES) | H | 500.00 |
| | | 1993 MITSUBISHI GT (165,000+ MILES) | H | 3,000.00 |
| | | 1996 FORD EXPLORER SPORT (150,000+ MILES) | H | 3,175.00 |
| | | 2000 ISUZU TROOPER | J | 8,200.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested  Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

AMENDED SCHEDULE B - PERSONAL PROPERTY

IN RE Baxter, Steven D. & Baxter, Wendy _____  Case No. 06-10672
                              Debtor(s)

## AMENDED SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize | | **1996 GRAND MANOR 28X68 MOBILE HOME** | H | **29,709.00** |
| | | **LAWN EQUIPMENT AND TOOLS** | J | **575.00** |
| | | | TOTAL | **57,695.28** |

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules.)

_____**0**_____ continuation sheets attached.

**AMENDED SCHEDULE B - PERSONAL PROPERTY**

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE <u>Baxter, Steven D. & Baxter, Wendy</u>                    Case No. <u>06-10672</u>

<div align="center">Debtor(s)</div>

## AMENDED SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:
(Check one box)

☐ Check if debtor claims a homestead exemption that exceeds $136,875.

☐ 11 U S C § 522(b)(2)
☑ 11 U S C § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| **CASH ON HAND ESTIMATED TO BE NOT MORE THAN** | Ala. Code §§ 6-10-6 | 110.00 | 110.00 |
| **CHECKING ACCOUNT** | Ala. Code §§ 6-10-6 | 6.00 | 6.00 |
| **SAVINGS ACCOUNT** | Ala. Code §§ 6-10-6 | 29.76 | 29.76 |
| **HOUSEHOLD GOODS** | Ala. Code §§ 6-10-6 | 1,775.00 | 1,775.00 |
| **BOOKS AND PICTURES** | Ala. Code §§ 6-10-6 | 150.00 | 150.00 |
| **CLOTHING** | Ala. Code §§ 6-10-6 | 450.00 | 450.00 |
| **JEWELRY** | Ala. Code §§ 6-10-6 | 200.00 | 200.00 |
| **HOBBY EQUIPMENT** | Ala. Code §§ 6-10-6 | 240.00 | 240.00 |
| **WHOLE LIFE INSURANCE POLICY** | Ala. Code §§ 6-10-8, 27-14-29 | 367.13 | 367.13 |
| **RETIREMENT** | Ala. Code § 19-3-1 | 9,208.39 | 9,208.39 |
| **LAWSUIT AGAINST CAPITAL ONE, GC SERVICES AND ALLIED INTERSTATE FOR FDCPA CLAIM AND AUTOMATIC STAY VIOLATION REPRESENTED BY DAVID G. POSTON, P.O. BOX 311167, ENTERPRISE, ALABAMA 36331-1167.** | Ala. Code §§ 6-10-6 | 650.00 | unknown |
| **1986 TOYOTA CRESSIDA (250,000+ MILES)** | Ala. Code §§ 6-10-6 | 500.00 | 500.00 |
| **1993 MITSUBISHI GT (165,000+ MILES)** | Ala. Code §§ 6-10-6 | 1,964.24 | 3,000.00 |
| **LAWN EQUIPMENT AND TOOLS** | Ala. Code §§ 6-10-6 | 575.00 | 575.00 |

AMENDED SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 06-10672-DHW
                                                         Chapter 13
STEVEN D. BAXTER and
WENDY BAXTER,

        Debtors.

## MEMORANDUM OPINION

Curtis C. Reding, chapter 13 trustee, filed a motion to modify the confirmed plan in this case.  The trustee requests that the non-exempt, net proceeds due to the debtors from settlement of a lawsuit be paid under the plan for the benefit of unsecured creditors.  The debtors object to the motion. A hearing to consider the motion was held on May 9, 2007.  Subsequent to the hearing, the parties filed a joint statement of stipulated facts and respective briefs of law.

## Jurisdiction

The court's jurisdiction derives from 28 U.S.C. § 1334 and from the general order of the United States District Court for this district referring title 11 matters to the Bankruptcy Court.  Further, because the issue here concerns the confirmation of a plan, this court's jurisdiction extends to the entry of a final order or judgement pursuant to 28 U.S.C. § 157(b)(2)(L).

## Stipulated Facts

A  joint stipulation of facts (Doc. #54) has been filed by the parties.  The court adopts those facts and summarizes them as follows.

The debtors filed a chapter 13 petition for relief in this court on July 11, 2006.  Their plan, which was confirmed on October 12, 2006, provided that certain secured creditors be paid the value of the collateral securing their claims but that unsecured creditors be paid nothing.

On January 16, 2007, the debtors commenced an adversary proceeding

against Capital One Bank, GC Services Limited Partnership, and Intellirisk Management Corporation alleging violations of the automatic stay imposed by 11 U.S.C. § 362 and the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq*.  The alleged violations occurred after the date that the plan was confirmed.

On April 2, 2007, the debtors filed a motion seeking court approval of a settlement of the adversary proceeding (Doc. #31).  Under the settlement agreement, the net proceeds to be paid to the debtors are $4,500.  On April 12, 2007, the trustee filed an objection to the settlement (Doc. #35) and a motion to modify the confirmed plan  (Doc. #36).  The trustee requests that the non-exempt settlement proceeds be paid not to the debtors but to the trustee for the benefit of unsecured creditors.[1]

## Conclusions of Law

This case presents two rather perplexing legal issues.  The first issue is whether the  proceeds from a post-confirmation cause of action are property of a chapter 13 debtor's bankruptcy estate.  The second issue is whether those same proceeds, if not property of the estate, constitute disposable income warranting a plan modification.

I.  Property of the Estate

The parties frame the issue here as one requiring a determination of whether property acquired by the debtors after confirmation of a chapter 13 plan is property of the bankruptcy estate.  Seemingly, the parties agree that if these settlement proceeds are not estate property, they are outside the reach of the trustee and unavailable for distribution under the plan.

Whether a post-confirmation asset is property of a chapter 13 debtor's estate requires the court to examine the interplay between two Bankruptcy Code

---

[1] Subsequently, the debtors amended their schedule of exempt property, Schedule C, to claim $650 of the lawsuit proceeds as exempt (Doc. #57).  The trustee does not oppose the exemption claim.  Thus, only $3,850 is at issue here ($4,500 less $650).

sections. 11 U.S.C. § 1306(a)(1) provides that the bankruptcy estate includes "all property of the kind specified in [§ 541] that the debtor **acquires after the commencement of the case** but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first." (Emphasis added). Here, the parties do not dispute that a post-confirmation cause of action, such as the one asserted by the debtors in the adversary proceeding, is property of the sort described in § 1306 and is therefore estate property.

The second relevant Code section is 11 U.S.C. § 1327(b) which provides that "confirmation of a plan **vests all of the property of the estate in the debtor**." (Emphasis added). Hence, section 1306 includes in the estate most property acquired by the debtor postpetition, but section § 1327 vests property of the estate in the debtor upon the confirmation of the plan.

The vesting provision of § 1327 is at the heart of this dispute. The debtors contend that the cause of action, having accrued post-confirmation, vested in the debtors and is no longer estate property. Therefore, they maintain that the lawsuit settlement proceeds are beyond the reach of the trustee and creditors. The trustee, of course, disputes that contention.

The Court of Appeals for this circuit in *Telfair v. First Union Mortgage Corp.*, 216 F.3d 1333 (11th Cir. 2000), *cert. denied*, 531 U.S. 1073, 121 S. Ct. 765, 148 L. Ed. 2d 666 (2001), dealt with the tension between sections 1306 and 1327. In *Telfair*, the court adopted the "estate transformation approach." That approach was explained as follows:

> while the filing of the petition for bankruptcy places all the property of the debtor in the control of the bankruptcy court, the plan upon confirmation returns so much of that property to the debtor's control as is not necessary to the fulfillment of the plan.

*Id*. at 1340 (quoting *Black v. United States Postal Service (In re Heath)*, 115 F.3d 521, 524 (7th Cir. 1997).

In a subsequent case, applying the holding in *Telfair*, the Eleventh Circuit determined that because a debtor's claim for unpaid wages accrued post-

confirmation and the necessity of that claim to carry out the plan was not asserted, the claim was not property of the bankruptcy estate. *Muse v. Accord Human Resources, Inc.,* 129 Fed. Appx. 487 (11th Cir. 2005) (citing *In re Carter*, 258 B.R. 526 (Bankr. S.D. Ga. 2001) and *In re Ross*, 278 B.R. 269 (Bankr. M.D. Ga. 2001), both holding that post-confirmation causes of action were not part of the chapter 13 bankruptcy estates if unnecessary for execution of the plan). *See In re Brown*, 260 B.R. 311, 313 (Bankr. M.D. Ga. 2001) (holding that post-confirmation cause of action for personal injuries is not property of the chapter 13 estate); *In re Tomasevic*, 279 B.R. 358, 362 (Bankr. M.D. Fla. 2002) (holding that a postpetition cause of action for violation of the Real Estate Settlement Procedures Act is not property of the bankruptcy estate).

The trustee, however, cites this court to the holding of the Bankruptcy Court in the Southern District of Georgia in *In re Harvey*, 356 B.R. 557 (Bankr. S.D. Ga. 2006) where the ruling in *Telfair* was distinguished and limited. In *Harvey* the debtor contended that a claim arising from a post-confirmation automobile accident was not property of the estate. The court rejected that contention based, in part, on the holding in *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002).

*Burnes* held that a chapter 13 debtor was judicially estopped from prosecuting a discrimination claim begun more than two years after filing the petition because he had intentionally failed to amend his schedules to disclose the claim. The court noted that a debtor has a continuing obligation to amend his schedules even after his plan is confirmed. *Id.* at 1286-88.

The *Harvey* court acknowledged that *Burnes* did not discuss the impact of its ruling on *Telfair*. However, the *Harvey* court reasoned that the *Burnes* panel

> could only have concluded that the debtor's schedules must be amended if it believed that post-confirmation causes of action remain estate property. Otherwise, the failure to amend to reveal those assets could hardly set the stage for a judicial estoppel attack.

*Harvey,* 356 B.R. at 562.

4

This court, however, respectfully disagrees with that reasoning. The debtor's duty to disclose property acquired post-confirmation could be for another purpose — to determine whether plan modification is warranted as a result of additional disposable income.

As in *Telfair*, *Muse*, *Carter*, and *Ross*, the cause of action in the case at bar accrued post-confirmation. That claim is unnecessary for the execution of the current plan. Therefore, the court finds that the proceeds from that claim are not property of the bankruptcy estate.

II. Plan Modification and Disposable Income Test Requirements

This case then turns on whether funds, which are not estate property, may be considered under the disposable income requirement of 11 U.S.C. § 1325(b)(1) in a post-confirmation plan modification scenario.

By statute, the trustee may request a modification of a confirmed chapter 13 plan in order to increase the amount of payments on claims of a particular class of creditors. The exact text provides:

> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to–
>> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

11 U.S.C. § 1329(a)(1). In the case at bar, the trustee moves to modify the plan to increase the payments (currently 0%) to unsecured creditors predicated on the additional disposable income provided by the settlement proceeds.

A chapter 13 plan, which proposes to pay unsecured creditors less than in full, can be confirmed in the first instance only if the "disposable income test" of § 1325(b)(1) is met.[2] Yet, it is unclear whether the disposable income test

---

[2] In general, the disposable income test requires debtors in composition plans to pay all of their disposable income for the benefit of unsecured creditors over the

5

applies to a post-confirmation modification. The Code provides: "Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section." 11 U.S.C. § 1329(b)(1).

Conspicuously missing from this list of applicable provisions are the disposable income provisions of § 1325(b). The exclusion has led some courts to conclude that the disposable income test is inapplicable for plan modification purposes. *See Forbes v. Forbes (In re Forbes)*, 215 B.R. 183 (B.A.P. 8th Cir. 1997); *In re Young*, 2007 WL 1880713 (Bankr. E.D. Wis. July 2, 2007); *In re Sounakhene*, 249 B.R. 801, 805 (Bankr. S.D. Cal. 2000).

Clearly, section 1329 makes the provisions of section 1325(a) applicable to modified plans. 11 U.S.C. § 1329(b)(1). Section 1325(a) begins with the phrase "[e]xcept as provided in subsection (b) . . . ." The exception for subsection (b) found in subsection (a) has the effect of capturing both subsections making the disposable income requirement of § 1325(b) applicable to modified plans. Further, section 1325(a)(1) makes all other provisions of chapter 13 applicable to plan confirmation. The disposable income requirements are a provision of chapter 13. Therefore, this court finds that the disposable income provisions of § 1325(b)(1) are applicable to plan modifications.[3]

Disposable income may include property that is not property of the estate. Recently, this court considered whether exempt income entered into the calculus for determining the debtor's disposable income under § 1325(b)(2). *In re Salter*, 2007 WL 1076686 (Bankr. M.D. Ala. April 6, 2007) (lump sum disability benefit accruing post-confirmation).[4] The court, following most others that have

---

applicable commitment period.

[3] This holding is all the more practicable when routinely and as a matter of course, debtors modify plans to reduce payments to creditors based on a diminution of disposable income.

[4] The Social Security benefit was claimed by the debtor as exempt pursuant to 42 U.S.C. § 407(a) which specifically exempts those benefits from the operation of bankruptcy law.

considered the issue, reasoned that nothing in the statutory definition of "disposable income" limits it to only income that is not exempt. Applying that logic in the present case, nothing in the statutory definition limits disposable income to only income that is property of the estate.

## Conclusion

For these reasons, the court finds that while the proceeds of a post-confirmation cause of action are not property of the chapter 13 estate, they are nevertheless properly considered as additional disposable income warranting modification of the plan. Pursuant to Fed. R. Bankr. Proc. 9021, a separate order consistent with this opinion will enter overruling the objection filed by the debtors and granting the motion filed by the trustee to modify the plan.

Done this the 20th day of August, 2007.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtors
   Michael D. Brock, Debtors' Attorney
   David G. Poston, Debtors' Attorney
   Curtis C. Reding, Jr., Trustee
   Sabrina L. McKinney, Trustee's Attorney

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                          Case No. 06-10672-DHW
                                               Chapter 13
STEVEN D. BAXTER and
WENDY BAXTER,

       Debtors.

## ORDER GRANTING TRUSTEE'S MOTION TO MODIFY

In accordance with the Memorandum Opinion entered this day, it is hereby

ORDERED that the objection filed by the debtors to the trustee's motion to modify the plan is OVERRULED, the trustee's motion is GRANTED as provided in the opinion, and the debtors shall pay the settlement proceeds to the trustee as disposable income for the benefit of unsecured creditors.

Done this 20th day of August, 2007.

       /s/ Dwight H. Williams, Jr.
       United States Bankruptcy Judge

c: Debtors
   Michael D. Brock, Debtors' Attorney
   David G. Poston, Debtors' Attorney
   Curtis C. Reding, Jr., Trustee
   Sabrina L. McKinney, Trustee's Attorney

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

IN RE:

                                           **CHAPTER 13**

**STEVEN D. BAXTER,**                   **CASE NO. 06-10672-DHW-13**
**xxx-xx-2377,**
**and**
**WENDY BAXTER,**
**xxx-xx-3512,**

       **Debtors.**

*__TRUSTEE'S MOTION TO RECONSIDER, OR IN THE ALTERNATIVE, TO__*
*__ALTER OR AMEND COURT'S MEMORADUM DECISION GRANTING__*
*__TRUSTEE'S MOTION TO MODIFY PLAN__*

COMES NOW, Curtis C. Reding, Jr., Standing Chapter 13 Trustee for the Middle District of Alabama, by and through the undersigned counsel, and moves this Honorable Court pursuant to Rule 9023, <u>F.R.B.P.</u> to reconsider, or in the alternative, to alter or amend its Memorandum decision granting Trustee's motion to modify plan and as grounds for said motion, states as follows:

The Trustee moves this Honorable Court to reconsider and alter or amend the portion of its opinion holding that the debtors' settlement is not property of the bankruptcy estate.

Rule 9023, <u>F.R.B.P.</u> provides that Rule 59 <u>F.R.Civ.P.</u> applies in cases under the Bankruptcy Code. Rule 59 <u>F.R.Civ.P.</u> provides that motions to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment. Rule 8002(b), <u>F.R.B.P.</u> provides that the time for filing for an appeal runs from the entry of an order disposing of a motion to alter or amend the judgment under Rule 9023. The Court's

opinion was issued on August 21, 2007.  Pursuant to Rule 9023, the above styled motion is timely filed.

First and foremost, the Court's opinion states that "seemingly the parties agree that if these settlement proceeds are not estate property, they are outside the reach of the Trustee and unavailable for distribution under the plan."  This is not the Trustee's position.  However, the issue before the Court in this case was whether the debtors' settlement was property of the estate.  The Trustee contends that whether this is property of the estate or disposable income, then the settlement should be available for distribution under the plan.  However, for the reasons set out hereinbelow, the issue of whether the settlement is property of the estate and can be captured by the Trustee as property of the estate for the benefit of unsecured creditors was of utmost importance in this case as well as in others.

As stated in this Honorable Court's opinion, the parties did not dispute that a post-confirmation cause of action is property of the sort described in §1306 and therefore property of the estate.  However, the Court ruled in its opinion that due to the vesting provisions of §1327 the settlement is not property of the estate.  The Trustee first moves this Court to reconsider whether a post-confirmation cause of action, or action by the debtor, is in fact property of the estate.  Then it becomes an issue of whether §1327 revests all, or part, of the estate back with the debtor making it unreachable by the Trustee.  The dispute in this case, and others, arises with respect to the effects of §1327 on post-confirmation causes of action which are property of the estate.

For the Court to rule that this asset is not property of the estate, but only disposable income, makes the asset potentially unreachable by the Trustee for the benefit

of unsecured creditors.  In point of fact, after the Court released its opinion in this case, the first response that the Trustee received to the Court's opinion by one of the debtors' counsel was that since this is <u>only</u> disposable income, then it does not necessarily have to be paid to the Trustee for the benefit of creditors.  Fortunately for the Trustee, and creditors in this case, the Court's order specifically required that the money be turned over to the Trustee for the benefit of creditors.

By modifying the plan to make the asset disposable income, does this not make the asset then again property of the estate that is necessary for the completion of the plan?

By ruling that the asset is only disposable income, the debtor could argue (as happened in this case) that if this is merely disposable income, then all that is required is an increase in the percentage of the plan, but that they would not actually have to turn over the income to the Trustee to fund the plan because the settlement itself is not property of the estate.  The debtor could argue that all he need do to meet the disposable income test is to propose to pay the amount of that income over time to creditors through his regular monthly payments to the Trustee.  The debtors could propose to increase the percentage of the plan with payments over time, take the settlement for their own uses, and then later dismiss the case when they cannot afford to make the higher payment, thereby, robbing the creditors of the benefit of the settlement.  Furthermore, the debtor could argue that a new and total disposable income test analysis needs to be done in the case and there may be no new dividend to unsecured creditors in the case.

If these type funds are only disposable income and not property of the estate, it would allow some debtors to walk away from chapter 13 with a windfall.

In the case at hand, the funds came into the possession of the debtor within the initial 36 months of the plan so whether it is disposable income was not the issue before the Court. However, what if this were a below median income case with an applicable commitment period of 36 months and the debtor recovered these funds in month 42 of the plan? What if the debtor were to win a $1,000,000 lottery in month 42 or month 50 of the plan? In an above median income case where the applicable commitment period is 60 months, then the disposable income argument could still allow the estate to benefit in some instances, but only where the debtor does not make a new disposable income analysis to "use up" all this new income. With the Court's ruling, the debtor could walk away from a 0% chapter 13 plan with a windfall and still pay nothing to unsecured creditors. Another scenario to consider is what if the debtor were to inherit unencumbered property after confirmation of the plan? Would that debtor then be allowed to keep a 0% plan for unsecured creditors in chapter 13 when there are assets with equity sufficient to pay creditors in full pursuant to §1306?

The Court's ruling that these type recoveries are not property of the estate could also have other long-term effects on the chapter 13 program in this district.

The implementation of BAPCPA has had a devastating effect on unsecured creditors. Prior to BAPCPA, the overwhelming majority of chapter 13 cases were 70% or better plans. After BAPCPA, the overwhelming majority of cases are either 0% plans or a minimum $2,500 pot plan for unsecureds. The recovery of lawsuit proceeds for the benefit of unsecured creditors, as property of the estate, is a powerful tool for the Trustee to recover additional dividends to unsecured creditors who would otherwise receive nothing under the new provisions of BAPCPA. Since the implementation of BAPCPA,

4

the Trustee has collected over $1,000,000 in lawsuit proceeds for the benefit of unsecured creditors that might not have been available to them if the proceeds were determined to be outside the estate.

There are many avenues available to debtors to take disposable income out of the reach of unsecured creditors. There are very few avenues available to take property of the estate out of the reach of unsecured creditors. One example of how a debtor could choose to remove recoveries outside the reach of creditors in a disposable income argument would be to wait until just prior to the expiration of the statute of limitations to begin prosecuting an action. Then, after the action is brought, to choose to wait until after the 36 month applicable commitment period in a below median income case to settle the action or to seriously prosecute the action. By delaying the action outside the 36 months, this could enable a debtor to walk away from his creditors with the creditors receiving no benefit from the action.

Another effect of taking settlements outside the estate will be the danger of the Court, the Bankruptcy Administrator, and the Trustee losing control over the professional persons who are employed to represent debtors in their causes of action.

There is currently pending in the Northern District of Alabama an adversary proceeding filed by a personal injury law firm against the Chapter 13 Trustee. The law firm's contention in the adversary proceeding is that the debtors' claims are not property of the estate and therefore the Court has no jurisdiction over the approval of their employment. The Chapter 13 Trustee for the Middle District has been advised that he may be the next defendant in an adversary proceeding of this nature filed by that same personal injury firm as the firm has several clients who are chapter 13 debtors in the

5

Middle District of Alabama.  If this Court were to uphold its ruling that causes of action are not property of the estate, this would give a perfect defense to such attorneys who do not seek to have their employment approved by this Court.

Another factor to consider is that if all property of the estate is vested with the debtor upon confirmation, there may be very little "stay" left to protect the debtor and the debtor may have no standing to bring violation of stay actions against his creditors.

While the Trustee is very appreciative of the Court's disposable income ruling in this case, for the above reasons, the Trustee is respectfully requesting this Honorable Court to reconsider its ruling that the debtors' recovery is not property of the chapter 13 estate available for capture by the Trustee for the benefit of unsecured creditors.

In support of the Trustee's motion to reconsider or in the alternative to alter or amend the Court's opinion ruling, the Trustee offers the following for the Court's consideration:

The issue in this case is whether the debtors' recovery from an adversary proceeding is property of the debtors' estate and, if so, whether that recovery must be paid to the Trustee for the benefit of the debtors' unsecured creditors.  11 U.S.C. §1306 defines property of the estate in chapter 13 cases.

11 U.S.C. §1306 provides:

> (a)  Property of the estate includes, in addition to property specified in section 541 of this title
> (1) **all property** of the kind specified in such section that the debtor **acquires after** the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first…. (emphasis added).

6

At the time of filing, any and all property of the debtor became property of the bankruptcy estate pursuant to 11 U.S.C. §541. This would include any lawsuits or other causes of action. <u>Miller v. Shallowford Comm. Hospital</u>, 767 F.2d 1556 (11th Cir. 1985). Pursuant to §1306, property of the estate includes any property that the debtor acquired after the filing of the case, which would include the recovery from the adversary proceeding at issue.

The trustee contends that it is not within the rules of logic for the vesting provisions of §1327 to apply to property that is not even in existence at the time of confirmation of the plan. Section 1327 says that property of the estate vests with the debtor upon confirmation of the plan. Section 1327 does not specify property that does not exist at the time of confirmation of the plan. If §1327 meant to vest even after acquired property, then §1306 would have no meaning at all and would be of no consequence in chapter 13. Section 1327 does not say all property, including §1306 property. Using the rules of logic, ruling that the vesting provisions of §1327 applies only to property of the estate that is in existence at the time of confirmation is the only way to reconcile the apparent conflict between §1306 and 1327.

The issue of post-petition property of the estate was examined in the case of <u>In re Nott</u>, 269 B.R. 250, 257 (Bankr.M.D.Fla.2000) wherein the debtor received a post-confirmation inheritance totaling between $275,000.00 and $300,000.00. The Court held

> Property of a chapter 13 estate that is in *existence and disclosed as of the date of confirmation* vests in the Debtor pursuant to Section 1327(b). Any property acquired post confirmation, however, is property of the estate pursuant to Section 1306(a). Id at 564-565. (emphasis added)

The <u>Nott</u> court, citing the case of <u>In re Holden</u>, 236 B.R. 156,

163(Bankr.D.Vt.1999) went on to say

> Upon confirmation of a Chapter 13 plan, all property of the
> estate is emptied from the estate and revested in the
> Debtors under Section 1327(b).  Such property is no longer
> property of the estate.  Immediately after confirmation, the
> estate begins to be refilled by property acquired by Debtors
> post-confirmation.  That property is protected by the
> automatic stay and remains so until the case is closed,
> converted or dismissed.

The <u>Nott</u> court also cited to the cases of <u>In re Euerle</u>, 70 B.R. 72, (Bankr. D. N.H.

1987), holding a post confirmation inheritance is property of the estate under §1306; and

<u>In re Reiter</u>, 126 B.R. 961 (Bankr. W.D. Tex. 1991), holding the intent of §1306 was to

include all property acquired post confirmation in property of the estate.

See also <u>In re Koonce</u>, 54 B.R. 643 (Bankr. D.S.C. 1985) where the Court

allowed the modification of the chapter 13 plan by the Trustee to increase the percentage

to a 100% plan to reflect the debtor's winnings in a $1.3 million dollar lottery.

Furthermore, the Court in <u>In re Easley</u>, 205 B.R. 334 (Bankr. M.D. Fla. 1996) also

citing to <u>In re Euerle</u>, held

> [W]hen a Chapter 13 debtor suddenly and unexpectedly
> inherits money or property prior to the completion of the
> plan, the new assets become property of the estate pursuant
> to Sections 541 and 1306 of the Bankruptcy Code…. The
> debtor is obligated to advise the trustee of the event and to
> file a supplemental schedule listing this asset…. The new
> assets, whether they are an increase in income, an
> inheritance or lottery winnings, normally are used to
> increase the monthly payments until there is full payment
> to the unsecured creditors or until the new assets are
> exhausted.

Unfortunately, there are very few, if any cases, from this District or even from

this Circuit which are directly on point with this issue.  Most cases which deal with

property of the estate issues following the <u>Telfair</u> decision are either "standing" cases or "judicial estoppel" cases.   While not directly on point with the issue at hand, there have been cases released by the District Court for the Middle District of Alabama which rule that causes of action by a debtor are property of the bankruptcy estate.  One such case is the case of <u>Looney v. Hyundai Motor Manufacturing Alabama, LLC</u>, 330 F.Supp.2d 1289 (M.D. Ala. 2004).  In the <u>Looney</u> case the primary issue was standing of the debtor to pursue a cause of action while in bankruptcy.  The <u>Looney</u> court held that the debtor's cause of action is property of the bankruptcy estate in her chapter 13 case and pursuant to §1302 and 1303 the debtor had concurrent standing with the trustee to litigate the cause of action which was property of her bankruptcy estate.  If the cause of action had not been property of the estate, there would be no basis for the court to rule in such a manner.

In the case of <u>Cedric Killebrew v. CSX Transportation, Inc.</u>, Civil Action number 2:03cv0943-D (M.D. Ala. 2005) in deciding a judicial estoppel issue before the District Court for the Middle District of Alabama, the court also held that the debtor's cause of action is property of the estate.  The Court's ruling in <u>Killebrew</u> denied the debtor the ability to continue with certain portions of his cause of action in his own name, but granted permission for the chapter 13 Trustee to substitute as a party to the case to continue with the action on behalf of the debtor's estate.  If the cause of action were not property of the estate, then the issue of judicial estoppel would not have been before the court and the Trustee would not have been allowed to continue in the case as a party plaintiff to recover on behalf of the estate.

Again, while not directly on point with the issue in this case, the Bankruptcy Court for the Northern District of Alabama in a case involving issues of employment of

professionals and approval of fees in chapter 13 cases, the Court in In re Barry Price, 2007 WL 1125639 (Bankr. N.D. Ala. April 16, 2007) (Case number 05-4807-TOM-13, AP number 07-00017) citing to In re Glover, 2003 WL 23811474 (Bankr. S.D. Ga. 2003) and others, held that post petition causes of action were property of the estate pursuant to §541 and §1306.  The Court held that the bankruptcy court has jurisdiction over property of the estate, which the debtor controls as a chapter 13 debtor, and that the use of property of the estate to pay attorneys must be approved by the court.

Finally, while dealing primarily with the issue of the debtor's standing to sue and judicial estoppel, the Bankruptcy Court for the Southern District of Alabama in Travelers Indem. Co. of Ill. v. Griner (In re Griner), 240 B.R. 432 (Bankr. S.D. Ala. 1999) held that a debtor's cause of action is property of the estate and §541, 1302 and 1303 confer concurrent standing on the chapter 13 debtor and the trustee to pursue non-bankruptcy causes of action.

## CONCLUSION

In this case, the Trustee has moved to modify the plan pursuant to 11 U.S.C. §1329 to increase the percentage to claims of the unsecured creditors by any amount of the adversary proceeding settlement proceeds received by the debtor, less the debtors' claimed exemption.  It is the Trustee's contention that the lawsuit proceeds are property of the debtors' estate and should be paid to the Trustee for the benefit of the debtors' unsecured creditors and that the debtors' plan should be modified pursuant to §1329 to increase the dividend to unsecured creditors by the amount of the net adversary proceeding settlement proceeds.  While the Court has ruled that the proceeds must be paid to the Trustee as disposable income, the Court ruled that the cause of action was not

property of the debtor's bankruptcy estate.  It is this ruling regarding property of the estate that the Trustee is moving this court to reconsider and alter or amend.

WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to reconsider its ruling that the debtors' action is not property of the estate and to alter or amend its opinion to provide that this cause of action is both disposable income and property of the estate for the benefit of the debtors' unsecured creditors.

Respectfully submitted this 29th day of August, 2007.

Curtis C. Reding, Jr.
Chapter 13 Trustee

By:     /s/ Sabrina L. McKinney
Staff Attorney (MCK041)
for the Chapter 13 Trustee
ASB-3162-I71S

Office of the Chapter 13 Trustee
Curtis C. Reding, Jr., Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: 334-262-8371
Fax: 334-834-7635
Email: mckinneys@ch13mdal.com

## CERTIFICATE OF SERVICE

I, Sabrina L. McKinney, certify that a copy of the foregoing TRUSTEE'S MOTION TO RECONSIDER, OR IN THE ALTERNATIVE, TO ALTER OR AMEND COURT'S MEMORADUM DECISION GRANTING TRUSTEE'S MOTION TO MODIFY PLAN has been served on the parties listed below by either placing same in the United States Mail, postage prepaid and properly addressed, or via electronic mail, this 29th day of August, 2007.

/s/   Sabrina L. McKinney
Sabrina L. McKinney

Steven and Wendy Baxter
19 Baxter Station
Louisville, AL  36048

Michael Brock
David Poston
Attorneys for the Debtors (via electronic mail)

Teresa Jacobs
Bankruptcy Administrator (via electronic mail)

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                          Case No. 06-10672-DHW
                                               Chapter 13

STEVEN D. BAXTER
WENDY BAXTER,

            Debtors.


ORDER DENYING MOTIONS TO RECONSIDER

The debtors and the chapter 13 trustee filed motions to alter or amend the August 21, 2007 order granting the trustee's motion to modify the chapter 13 plan.  In accordance with the ruling of the court from the bench in open court on September 10, 2007, it is

ORDERED that the motions are DENIED.

Done this 10th day of September, 2007.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtors
   Michael D. Brock, Attorney for Debtors
   Curtis C. Reding, Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**


In Re:                                          Bankruptcy Case No. 06-10672-DHW

     Steven D. Baxter
     Wendy Baxter
         Debtors


<u>**NOTICE SERVICE OF NOTICE OF APPEAL**</u>


     In accordance with Bankruptcy Rule 8004, you are hereby served with the enclosed Notice of Appeal.

     You are further notified of the requirements of Bankruptcy Rules 8006 (relating to the record and statement of issues on appeal and cross-appeals) and 8005 (relating to stays on appeal).

     Dated at Montgomery, Alabama, this day of September 19, 2007.


          /s/ <u>Richard S. Oda, Clerk</u>
           United States Bankruptcy Court


          /s/ <u>Dianne M. Segrest</u>
           Deputy Clerk


cc:   David G. Poston
       Bankruptcy Adminstrator

United States Bankruptcy Court
Middle District of Alabama

In re
Case No.

Instructions for Filing Appeals

1.    If a transcript is included in the Designation of Record and the clerk of the bankruptcy court has not received a copy of the completed Request for Transcript form (attached) within 10 days from the date of mailing said form to the appellant, this office will notify the transcriber of the necessity for a transcript and will  direct the transcriber to bill the appellant for the transcript.

2.    The parties are directed to refer to Rule 8007(c) of the Bankruptcy Rules which states:

> When the bankruptcy court has ordered retention, the parties shall provide to the clerk of the bankruptcy court copies of any papers retained and the clerk shall transmit those copies to the district court or the bankruptcy appellate panel.

3.    If the parties do not furnish copies of papers listed in their Designation(s) of Record along with the filing of their Designation of Record, the bankruptcy clerk's office will provide the copies and bill the requesting party for these copies at the rate of $.50 per page.

4.    FURNISHED COPIES MUST BE STAMPED "FILED" AND DATED IN THE U.S. BANKRUPTCY COURT.

Richard S. Oda, Clerk
U. S. Bankruptcy Court
P. 0. Box 1248
Montgomery, Alabama 36102
Telephone:  (334) 954-3800

AO 435
(Rev. 1/90)

**Administrative Office of the United States Courts**

**TRANSCRIPT ORDER**

**FOR COURT USE ONLY**

**DUE DATE:**

*Read Instructions on Back:*

| 1. NAME | | 2. PHONE NUMBER | 3. DATE | |
|---|---|---|---|---|
| 4. MAILING ADDRESS | | 5. CITY | 6. STATE | 7. ZIP CODE |

| 8. CASE NUMBER | 9. JUDICIAL OFFICIAL | DATES OF PROCEEDINGS | |
|---|---|---|---|
| | | 10. FROM | 11. TO |
| 12. CASE NAME | | LOCATION OF PROCEEDINGS | |
| | | 13. CITY | 14. STATE |

15. ORDER FOR

G APPEAL     G CRIMINAL     G CRIMINAL JUSTICE ACT     G BANKRUPTCY

G NON-APPEAL     G CIVIL     G IN FORMA PAUPERIS     G OTHER *(Specify)*

16. TRANSCRIPT REQUESTED (Specify portion(s) and date(s) of proceeding(s) for which transcript is requested)

| PORTIONS | DATE(S) | PORTION(S) | DATE(S) |
|---|---|---|---|
| G VOIR DIRE | | G TESTIMONY (Specify Witness) | |
| G OPENING STATEMENT (Plaintiff) | | | |
| G OPENING STATEMENT (Defendant) | | | |
| G CLOSING ARGUMENT (Plaintiff) | | G PRE-TRIAL PROCEEDING (Spcy) | |
| G CLOSING ARGUMENT (Defendant) | | | |
| G OPINION OF COURT | | | |
| G JURY INSTRUCTIONS | | G OTHER (Specify) | |
| G SENTENCING | | | |
| G BAIL HEARING | | | |

17. ORDER

| CATEGORY | ORIGINAL (Includes Free Copy for the Court) | FIRST COPY | ADDITIONAL COPIES | NO. OF PAGES ESTIMATE | COSTS |
|---|---|---|---|---|---|
| ORDINARY | G | G | NO. OF COPIES | | |
| EXPEDITED | G | G | NO. OF COPIES | | |
| DAILY | G | G | NO. OF COPIES | | |
| HOURLY | G | G | NO. OF COPIES | | |

| CERTIFICATION (18. & 19.) By signing below, I certify that I will pay all charges (deposit plus additional). | ESTIMATE TOTAL |
|---|---|
| 18. SIGNATURE | PROCESSED BY |
| 19. DATE | PHONE NUMBER |
| TRANSCRIPT TO BE PREPARED BY | COURT ADDRESS |

| | DATE | BY | | |
|---|---|---|---|---|
| ORDER RECEIVED | | | | |
| DEPOSIT PAID | | | DEPOSIT PAID | |
| TRANSCRIPT ORDERED | | | TOTAL CHARGES | |
| TRANSCRIPT RECEIVED | | | LESS DEPOSIT | |
| ORDERING PARTY NOTIFIED TO PICK UP TRANSCRIPT | | | TOTAL REFUNDED | |
| PARTY RECEIVED TRANSCRIPT | | | TOTAL DUE | |

(Previous editions of this form may still be used)

**DISTRIBUTION:**     COURT COPY     TRANSCRIPTION COPY     ORDER RECEIPT     ORDER COPY

AO 435
(Rev. 1/90)

# INSTRUCTIONS
## GENERAL

**Use.**  Use this form to order transcript of proceedings.  Complete a separate order form for each case number for which transcript is ordered.

**Completion**.  Complete Items 1-19.  Do *not* complete shaded areas which are reserved for the court's use.

**Order Copy.**  Keep a copy for your records.

**Mailing or Delivering to the Court.**  Mail or deliver the original, and two copies to the Clerk of Court.

**Deposit Fee.**  The court will notify you of the amount of the required deposit fee which may be mailed or delivered to the court.  Upon receipt of the deposit, the court will process the order.

**Deliver Time.**  Delivery time is computed from the date of receipt of the deposit fee.

**Completion of Order.**  The court will notify you when the transcript is completed.

**Balance Due.**  If the deposit fee was insufficient to cover all charges, the court will notify you of the balance due which must be paid prior to receiving the completed order.

## SPECIFIC

Items 1-19.   These items should always be completed.

Item 8.       Only one case number may be listed per order.

Item 15.      Place an "X" in each box that applies.

Item 16.      Place an "X" in the box for each portion requested.  List specific date(s) of the proceedings for which transcript is requested.  Be sure that the description is clearly written to facilitate processing.  Orders may be placed for as few pages of transcript as are needed.

Item. 17.     *Categories.*  Only four (4) categories of transcripts may be ordered.  These are:

> *Ordinary*.  A transcript to be delivered within thirty (30) calendar days after receipt of an order.  (Order is considered received upon receipt of the deposit.)
>
> *Expedited*.  A transcript to be delivered within seven (7) calendar days after receipt of an order.
>
> *Daily*.  A transcript to be delivered following adjournment and prior to the normal opening hour of the court on the following morning whether or not it actually is a court day.
>
> *Hourly*.  A transcript of proceedings ordered under unusual circumstances to be delivered within two (2) hours.

**NOTE**: Full price may be charged only if the transcript is delivered within the required time frame.  For example, if an order for expedited transcript is not completed and delivered within seven (7) calendar days, payment would be at the ordinary *delivery* rate.

> *Ordering*.  Place an "X" in each box that applies.  Indicate the number of additional copies ordered.
>
> *Original*.  Original typing of the transcript.  An original must be ordered and prepared prior to the availability of copies.  The original fee is charged only once.  The fee for the original includes the free copy for the court.
>
> *First Copy*.  First copy of the transcript after the original has been prepared.  All parties ordering copies must pay this rate for the first copy ordered.
>
> *Additional Copies*.  All other copies of the transcript ordered by the same party.

Item 18.      Sign in this space to certify that you will pay all charges.  (This includes the deposit plus any additional charges.)

Item 19.      Enter the date of signing.

Shaded Area.  Reserved for the court's use.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

---

In the matter of:               )
                                )
BAXTER, Steven D. & Wendy,      ) Case No. 06-10672
                                ) Montgomery, AL
    Debtors.                    ) May 9, 2007, 9:42 a.m.

---

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE DWIGHT H. WILLIAMS
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

                          Michael D. Brock
                          David G. Poston
                          Brock & Stout
                          PO Drawer 311167
                          Enterprise, AL 36331

                          Sabrina L. McKinney
                          Attorney at Law
                          P.O. Box 173
                          Montgomery, AL 36101

---

Electronic Recorder
Operator:                 Ramona Walker

Transcriber:              Patricia Basham
                          6411 Quail Ridge Drive
                          Bartlett, TN 38135
                          901-372-0613

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

2

1          THE COURT: 06-10672 is Steven D. and Wendy Baxter, a

2     Chapter 13 case.  Several matters arise in that case.  First is

3     an application to approve professional fees of Mr. Poston.  He

4     was employed on a fifty percent contingency fee and has

5     arranged a settlement of nine thousand dollars on the claim and

6     seeks compensation based on that.  This has been approved, has

7     it, by the bankruptcy administrator?

8          MS. McKINNEY: Yes, sir.

9          THE COURT:  And have you had any objection to this?

10          MS. McKINNEY: No, Your Honor, no objections to the

11     fees or settlement either.

12          THE COURT:  And you know of none, do you?

13          MR. POSTON: I do not, Your Honor.

14          THE COURT:  And both those, not only the fees and

15     expense application is approved but also the application to

16     approve the settlement, it is also approved.

17          MS. McKINNEY: Your Honor, then, the issue, the only

18     other issue remaining before the court would be that portion of

19     the motion to approve settlement which I believe is requesting

20     that the money be paid to the debtor, and then you will also

21     see on your docket the trustee's motion to modify the plan to

22     provide that that money be paid to the trustee actually for the

23     benefit of creditors.

24          THE COURT:  So, in essence, what we have here is this

25     nine thousand dollar settlement.

3

1          MS. McKINNEY: Yes, sir.

2          THE COURT:    And forty-five hundred of that is to be

3     paid to the debtors; is that right, or roughly that?

4          MS. McKINNEY: Yes, sir.

5          THE COURT:    And the trustee is claiming all of – are

6     you saying any of the forty-five hundred is exempt?

7          MS. McKINNEY: I don't believe any of it has been

8     claimed as exempt.

9          THE COURT:    All right.

10         MS. McKINNEY: And, Your Honor, this is a zero percent

11    plan, so anything that will be brought into the estate would be

12    to increase the dividend.  Mr. Brock and I have actually been

13    talking back-and-forth on this case and we don't have any

14    factual disputes at all here, Your Honor.  We are both very

15    clear on the factual issues and would like to submit this to

16    Your Honor on memorandum of law.

17         THE COURT:    All right. Very good.  Well, let me make

18    sure that I can – can I get you to give me, then, one of you

19    prepare at least and the other sign off on, the relevant facts?

20         MS. McKINNEY: Yes, sir.

21         THE COURT:    I just want one set of those, not –

22         MR. BROCK: We will be happy to do that.

23         THE COURT:    Okay.  If you will and then your

24    respective briefs of law.  But how long do you need?  And I

25    will be happy to give you whatever time.

4

1        MS. McKINNEY: Your Honor, thirty days should do it

2    fine. Actually Mr. Brock and I have been talking back-and-forth

3    on this, so it is not really an issue of contention.  It is

4    just something that we just need to –

5        THE COURT:  Well, I will take it as submitted, then,

6    on June 15 if that's all right with you.

7        MS. McKINNEY: That's wonderful.  Thank you.

8        MR. BROCK: Thank you very much.

9        (Off the record at 9:45 a.m.)

5

C E R T I F I C A T E

     I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


     /s/ Patricia Basham

     Patricia Basham, Transcriber

     Date:  September 21, 2007

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

---

In the matter of:              )
                               )
BAXTER, Steven D. & Wendy,     ) Case No. 06-10672
                               ) Montgomery, AL
    Debtors.                   ) September 10, 2007, 1:47 a.m.

---

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE DWIGHT H. WILLIAMS
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

                          Michael D. Brock
                          Brock & Stout
                          PO Drawer 311167
                          Enterprise, AL 36331

                          Sabrina L. McKinney
                          Attorney at Law
                          P.O. Box 173
                          Montgomery, AL 36101

---

Electronic Recorder
Operator:                 Ramona Walker

Transcriber:              Patricia Basham
                          6411 Quail Ridge Drive
                          Bartlett, TN  38135
                          9O1-372-O613

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

2

1          THE COURT: This afternoon we take up the Chapter 13

2    case again of Steven and Wendy Baxter, number 06-10672, where

3    I have really cross-motions to reconsider and to alter or amend

4    the order of judgment.

5          Anything further from trustee other than what you have

6    written?

7          MS. McKINNEY: Your Honor, the only thing I would add

8    would be I know you have read our pleadings.  If you have any

9    questions or anything you would like to discuss further, I

10   would be glad to do so.

11         THE COURT:  I don't particularly.  I am going to deny

12   the motion to alter or amend the order or reconsider the order.

13   If you would like, I don't know if you intend to appeal or not

14   to appeal.  I am not putting pressure on you to do one or the

15   other.  I have got a long explanation I would like to put into

16   the  record  with  each  one  of  the  points  made  if  you  are

17   anticipating an appeal.

18         MS. McKINNEY: We are considering it, Your Honor.  I

19   will say this.  I don't know if we are or not.

20         THE COURT:   Very good.   Then I want to reserve the

21   right  to  further  supplement,  but  I  feel  obligated  to  go

22   forward.  As to the merits of the issue, the trustee has not

23   given me any other authority that I felt overcame the ruling in

24   *Telfair*.  *Telfair* was followed by, I understand, a nonbinding

25   but nevertheless persuasive decision of the Eleventh Circuit

1    citing two bankruptcy cases.  The second post *Telfair* case of

2    the Eleventh Circuit was *Muse*.  *Muse* then cited with approval

3    two bankruptcy decisions which clearly addressed the issue of

4    post-petition, post-confirmation, causes of action.  So if the

5    Eleventh Circuit is to be limited by its *Telfair* decision, it

6    is going to need to do it itself and not through me.

7            I found the *Harvey* reasoning that you cited to

8    unpersuasive because of this:

9            *Harvey*, it appeared to me, looked at the case of *Pemco*

10    of the Eleventh Circuit, which is a judicial estoppel case,

11    where the Eleventh Circuit said that this post-confirmation

12    cause of action, the debtor had an obligation to disclose it

13    and, when they didn't, they couldn't pursue it in another

14    forum.  The debtor was judicially estoped from doing so.

15            And the *Harvey* court then drew the conclusion, well,

16    the only significance that that would have is if this is

17    property of the estate.  What else could the Eleventh Circuit

18    say you should list it for.

19            But I find, just for the purpose that I found here,

20    that it is disposable income, and I will get to that.  Mr.

21    Brock, I think, contends otherwise, but I believe it is a part

22    of the disposable income equation that the trustee is not – it

23    is not placed out of the reach of the trustee.

24            Secondly – so the argument here made in the motion to

25    reconsider, that this deprives creditors, I don't see that as

4

1    the case.  I believe that any additional income, my holding is

2    consistent with that, be it a windfall or any other change, I

3    would not want to get into *de minimis* kinds of wrenching out

4    the debtor of every penny, but significant changes may be the

5    sorts of thing that are fodder for an amended plan and can be

6    reached under the disposable income theory.  My opinion, I

7    believe, is consistent with that.

8          Secondly, you called to my attention that a trustee

9    somewhere is being sued for something and that this decision

10   could maybe have ramifications with respect to this trustee

11   here in this district's liability.  I don't find that really a

12   consideration worthy – a matter worthy of my consideration of

13   the merits.  Number one is I should call the – make the

14   decision in accordance with what I believe the facts and the

15   law dictate, irrespective of what liability it may subject some

16   other party to or some party to.

17         But, further – and I don't want an explanation – I

18   don't see how a trustee pursuing an area of law that is murky

19   – and I have said in this very opinion this is a case that is

20   perplexing.  It is a difficult legal question.  And so how the

21   trustee can be held liable for pursuing a particular course of

22   action is beyond me, but I will leave that to some wiser

23   authority to figure it out.

24         You also mentioned that there are other cases pending

25   where – and I take it that this is the – oh, gee, what is the

5

1    name of the cases that are going on here?  The defendant is

2    down in New Orleans, the law firm.

3            MS. McKINNEY: That case is concluded, Your Honor.

4            THE COURT:   It is over, absolutely, but I take it

5    that you say that this could affect that type of litigation.

6            MS. McKINNEY: That is exactly the kind of litigation

7    that is going on in another district.

8            THE COURT:   Very good.  Any maybe it will.  I don't

9    know.  But nevertheless I believe it is more in keeping with

10   *Telfair* and *Muse*, and I cited to not only the *Ross* and *Carter*

11   cases but a case or two out of the Florida bankruptcy courts

12   that I believe – so, I think – are there any other arguments

13   that you made on reconsideration beyond those?  I think I have

14   now addressed –

15           MS. McKINNEY: Your Honor, the only thing I did not

16   mention in our motion to reconsider was something that we did

17   mention in the original motion, the original brief, which is

18   the potential effect of section 544(d) on property that is not

19   abandoned by the trustee and yet not administered by the

20   trustee remains property of the estate until the case is

21   closed.  That would be one area of examination that we failed

22   to mention in our motion to reconsider but it was in the

23   original brief.

24           Also, Your Honor, with respect to section 1327(c),

25   which holds that the property that is vesting with the debtor

6

1    is free and clear of any claim of creditors.  Now, granted, I

2    know that the trustee would be making claims upon property of

3    the debtor for the purposes of creditors but it didn't

4    specifically exclude the trustee as that vesting being free and

5    clear of claims of the trustee on behalf of creditors.  So that

6    would be two additional arguments that we would make to the

7    court for consideration.

8         THE COURT:   Well, I am going to deny them at this

9    time.  And so the trustee's motion is denied for the reasons I

10   have expressed.

11        Then the debtor has filed, Mr. Brock, a motion to

12   alter or amend really where the debtor, in short, is saying

13   that I have misconstrued disposable income because disposable

14   income is fixed in time now, looking retroactively.

15        MR. BROCK: Yes, sir, and I have read the *Warren* case,

16   your *Warren* opinion, and I understand it.  I just had a

17   previous opinion from Judge Sawyer that I think said

18   differently, so that's why I brought that –

19        THE COURT:   Very good.  Now, I read the *Love* case.

20   And *Love* was really directed at the expense side of the

21   equation and just *in dicta* said otherwise.

22        MR. BROCK: Yes, sir.

23        THE COURT:   I am convinced that – I base my holding

24   in, is it *Warren*?

25        MS. McKINNEY: Yes, sir.

7

1      THE COURT:   *Warren* that you just referred to, on

2  Judge Williamson, Michael Williamson's decision down in Tampa,

3  Florida, and I just believe that it is well reasoned.  In other

4  words, the presumed – I am sorry – not just disposable income

5  but the term "projected disposable income," and he has gone

6  through the statutory couple of rules of construction to say

7  that that's forward looking, it is not mechanical, it is not

8  something that is just formula based or form 22(c) mechanical

9  based.

10      Now, oddly enough, like I thought Judge Sawyer did

11  when he decided *Love*, Judge Sawyer was looking at expenses but,

12  by *dicta*, he says, oh, but you have to match or mismatch the

13  income.  And so by *dicta*, he made that statement, that you are

14  right, I am going a bit contrary to.

15      MR. BROCK: Yes, sir.

16      THE COURT:  But I think Judge Sawyer was making that

17  statement *in dicta* because the expense side was at issue in

18  *Love*.

19      MR. BROCK: Yes, sir, that was my case, as well.

20      THE COURT:  And now in the case that I cite to out of

21  the Middle of Florida, Judge Williamson's case, I don't

22  remember it –

23      MS. McKINNEY: *Arsenault*.

24      THE COURT:   *Arsenault*, in the *Warren* decision,

25  likewise Judge Williamson is like me in this case.  His focus

8

1    is on the income, where the debtor's income changed in the six

2    – current monthly income and now actual income were two

3    different things.

4           MR. BROCK: Yes, sir.

5           THE COURT:  And he decided, just like I have, that

6    that creates a presumptive amount that the debtor could pay but

7    it's rebuttable presumption and that the debtor did rebut it,

8    and I think that is good reasoning.

9           But then oddly enough *in dicta* Judge Williamson goes

10   on to say but expenses shall be fixed.  So he doesn't allow a

11   projection, but I think that's because he is very tightly

12   parsing the language of the statute.  On the expense side, it

13   says the – the Code actually uses the verb "shall" with respect

14   to expense, where "projected" and then the phrase "to be

15   received," all are forward looking.

16          So for that reason I am going to overrule the debtor's

17   motion here, as well.

18          MR. Brock, any other argument?

19          MR. BROCK: No, sir.

20          THE COURT:  Ms. McKinney, anything further from the

21   trustee?

22          MS. McKINNEY: No, sir.  Thank you.

23          THE COURT:  Anything else?

24          MR. BROCK: No, sir.

25          THE COURT:  Then that will be the order in this

9

1    matter.  Thank you, counsel.

2             MR. BROCK: Thank you, Judge.

3             (Off the record at 1:57 p.m.)

10

C E R T I F I C A T E

     I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

/s/ Patricia Basham

Patricia Basham, Transcriber

Date:  September 21, 2007

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE:<br>STEVEN D. BAXTER and<br>WENDY BAXTER,<br>        Debtors. | Case No. 06-10672-DHW-13<br>Chapter 13 |
| CURTIS C. REDING, STANDING<br>CHAPTER 13 TRUSTEE FOR THE<br>MIDDLE DISTRICT OF ALABAMA,<br>        Appellant,<br><br>v.<br><br>STEVEN D. BAXTER and<br>WENDY BAXTER,<br>        Appellees. | |

### NOTICE OF APPEAL

COMES NOW Curtis C. Reding, Standing Chapter 13 Trustee for the Middle District of Alabama, by and through the undersigned counsel, and appeals pursuant to 28 U.S.C. §158(a)(1) and (d)(1) and FED. R. BANK. P. 8001 to the District Court for the Middle District of Alabama, or if request is granted, to the United States Court of Appeals for the 11th Circuit from the Order Confirming the Trustee's motion to modify the debtors' plan entered by the United States Bankruptcy Court, in the debtors' bankruptcy case on August 21, 2007.

The names of all parties to the judgment, order or decree appealed from and the names, addresses and telephone numbers of their respective attorneys are as follows:

Steven D. Baxter, Debtor
19 Baxter Station
Louisville, AL  36048

Wendy Baxter, Debtor
19 Baxter Station
Louisville, AL  36048

Michael D. Brock
David G. Poston
Counsel for Debtors
Brock & Stout
P.O. Drawer 311167
Enterprise, AL 36331-1167
(334) 393-4357

The Hon. Dwight H. Williams, Jr.
United States Bankruptcy Judge
Middle District of Alabama
P.O. Box 1248
Montgomery, AL 36102-1248

Teresa R. Jacobs
United States Bankruptcy Administrator
Middle District of Alabama
One Church Street
Montgomery, AL 36104
(334) 954-3900

Curtis C. Reding
Standing Chapter 13 Trustee for the Middle District of Alabama
P.O. Box 173
Montgomery, AL 36101-0173
(334) 262-8371

Sabrina L. McKinney
Staff Attorney for Standing Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
(334) 262-8371

Respectfully submitted this 18th day of September, 2007.

> Curtis C. Reding
> Standing Chapter 13 Trustee
>
>
> By: /s/ Sabrina L. McKinney
> Sabrina L. McKinney (ASB-3162-I71S)
> Staff Attorney for Chapter 13 Trustee

2

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL  36101-0173
(334) 262-8371 phone
(334) 834-7635 fax
Email: mckinneys@ch13mdal.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Appeal has been served upon the parties listed below either by electronic filing or by U.S. Mail, first-class postage prepaid, this the 18th day of September, 2007:

Steven D. and Wendy Baxter, Debtors (U.S. Mail)
19 Baxter Station
Louisville, AL  36048

Michael D. Brock (electronic filing) and
David G. Poston (electronic filing
Counsel for Debtors
Brock & Stout
P.O. Drawer 311167
Enterprise, AL 36331-1167

Teresa R. Jacobs (electronic filing)
Unites States Bankruptcy Administrator
Middle District of Alabama
One Church Street
Montgomery, AL  36104

/s/ Sabrina L. McKinney
Sabrina L. McKinney

3