UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE:<br>STEVEN D. BAXTER and<br>WENDY BAXTER,<br>　　　　Debtors. | District Court Appellate Case No.<br>1:07-cv-00913-WKW |
| CURTIS C. REDING, STANDING<br>CHAPTER 13 TRUSTEE FOR THE<br>MIDDLE DISTRICT OF ALABAMA,<br>　　　Appellant, | |
| v. | Bankruptcy Court Chapter 13 Case No.<br>06-10672-DHW-13 |
| STEVEN D. BAXTER and<br>WENDY BAXTER,<br>　　　　Appellees. | |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

**APPELLANT'S BRIEF ON APPEAL**

Counsel for the Appellant:

Sabrina L. McKinney (ASB-3162-I71S)
Staff Attorney for Chapter 13 Trustee
Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL  36101-0173
Telephone:  (334) 262-8371
Facsimile:  (334) 834-7635
Email: mckinneys@ch13mdal.com

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS....................................................................................... i

CONFLICT DISCLOSURE STATEMENT,
    CERTIFICATE OF INTERESTED PERSONS AND
    CORPORATE DISCLOSURE STATEMENT ........................................................ ii

STATEMENT REGARDING ORAL ARGUMENT............................................... iv

CERTIFICATE OF TYPE SIZE AND STYLE ..................................................... v

TABLE OF CASES AND OTHER AUTHORITY ................................................ vi

STATEMENT REGARDING APPELLATE JURISDICTION............................... ix

STATEMENT OF THE ISSUE ON APPEAL ...................................................... x

    Issue on Appeal

    Relief Sought by the Appellant

STANDARD OF APPELLATE REVIEW.............................................................. xi

STATEMENT OF THE CASE.............................................................................. xii

    Nature of the Case

    Course of the Proceedings and Disposition in the Court Below

STATEMENT OF THE FACTS ........................................................................... 1

SUMMARY OF THE ARGUMENT ..................................................................... 5

ARGUMENT ....................................................................................................... 6

CONCLUSION..................................................................................................... 21

CERTIFICATE OF COMPLIANCE.................................................................... 22

CERTIFICATE OF SERVICE ........................................................................... 23

## CONFLICT DISCLOSURE STATEMENT,
## CERTIFICATE OF INTERESTED PERSONS
## <u>AND CORPORATE DISCLOSURE STATEMENT</u>

Your Appellant, by and through the undersigned counsel in accordance with the Order of this Court, makes the following disclosure concerning parent companies, subsidiaries, partners, limited liability entity members and managers, trustees, affiliates, or similar entities reportable under the provisions of the Middle District of Alabama's General Order No. 3047:

The appellant is an individual and the relationship to the party is hereby reported:

1.      The Appellant is the Standing Chapter 13 Trustee for the Middle District of Alabama and as such is currently administering the chapter 13 estate of the Appellees, Steven D. and Wendy Baxter.

The Appellant, pursuant to 11th Cir. R. 26.1-1 and Middle District General Order No. 3047 further hereby certifies that the following persons and entities have or may have an interest in the outcome of this case:

1.      Steven D. Baxter – Debtor/Appellee

2.      Wendy Baxter – Debtor/Appellee

3.      Curtis C. Reding, Standing Chapter 13 Trustee for the Middle District of Alabama, Appellant

4.      Michael D. Brock – Counsel for Debtors/Appellees

5.      David G. Poston – Counsel for Debtors/Appellees

6.      Sabrina L. McKinney – Staff Attorney for Trustee/Appellant

7.      The Honorable Dwight H. Williams, Jr. – United States Bankruptcy Judge, Middle District of Alabama

8.      Teresa R. Jacobs, United States Bankruptcy Administrator, Middle District of Alabama

Curtis C. Reding
Standing Chapter 13 Trustee

By:   /s/ Sabrina L. McKinney
Sabrina L. McKinney (ASB-3162-I71S)
Staff Attorney for Chapter 13 Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL  36101-0173
(334) 262-8371 phone
(334) 834-7635 fax
Email: mckinneys@ch13mdal.com

## **STATEMENT REGARDING ORAL ARGUMENT**

The Appellant does not request oral argument in this action unless the Court feels that oral argument may benefit the Court in its decision.

## CERTIFICATE OF TYPE SIZE AND STYLE

The Appellant's brief on appeal is typed in 12 point Times New Roman and is not proportionally spaced.

## TABLE OF CASES AND OTHER AUTHORITY

**Cases**

*In re Armstrong*, 320 B.R. 523 (D. Delaware 2005)...............................................................xi

*Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002)...................................14, 15

*In re Carter*, 258 B.R. 526 (Bankr. S.D. Ga. 2001)..............................................................9

*In re Club Associates,* 951 F.2d 1223 (11th Cir.1992) .........................................................xi

*In re Easley*, 205 B.R. 334 (Bankr. M.D. Fla. 1996)...........................................................11

*In re Euerle*, 70 B.R. 72 (Bankr. D. N.H. 1987)..................................................................11

*In re Furgeson*, 263 B.R. 28 (Bankr. N.D. N.Y. 2001) .......................................................18

*In re Glover*, 2003 WL 23811474 (Bankr. S.D. Ga. 2003) .................................................19

*In re Gulfstar Industries, Inc.*, 236 B.R. 75 (M.D. Fla. 1999)...............................................xi

*In re Harvey*, 356 B.R. 557 (Bankr. S.D. Ga. 2006) ....................................9, 14, 15, 16, 17

*In re Holden*, 236 B.R. 156 (Bankr. D. Vt. 1999) ...............................................................11

*Killebrew v. CSX Transportation, Inc.*,
Civil Action number 2:03cv0943-D (M.D. Ala. 2005) .......................................................19

*In re Koonce*, 54 B.R. 643 (Bankr. D.S.C. 1985) ...............................................................11

*Looney v. Hyundai Motor Manufacturing Alabama, LLC*,
330 F.Supp.2d 1289 (M.D. Ala. 2004) ..............................................................................18

*In re Madison*, 337 B.R. 99 (Bankr. N.D. Miss. 2006)........................................................14

*In re McGlockling*, 296 B.R. 884 (Bankr. S.D. Ga. 2003) ...............................................9, 13

*Miller v. Shallowford Comm. Hospital*, 767 F.2d 1556 (11th Cir. 1985)................................8

*In re Moore*, 312 B.R. 902 (Bankr. N.D. Ala. 2004)............................................................9

*Muse v. Accord Human Resources, Inc.*,
129 Fed. Appx. 497 (11th Cir. 2005).......................................................6, 7, 10, 12, 13, 14

*In re Nott*, 269 B.R. 250 (Bankr. M.D. Fla. 2000)............................................................9, 11

*In re Price*, 2007 WL 1125639 (Bankr. N.D. Ala. 2007)....................................................19

*In re Reiter*, 126 B.R. 961 (Bankr. W.D. Tex. 1991) ........................................................11

*In re Ross*, 278 B.R. 269 (Bankr. M.D. Ga. 2001) ............................................................9

*In re Stewart*, ____ B.R. _____ 2007 WL 2363026 (Bankr. S.D. Ga. 2007)................9, 14

*In re Sublett,* 895 F.2d 1381 (11th Cir.1990).........................................................................xi

*Telfair v. First Union Mortgage Corp.*,
216 F.3d 1333 (11th Cir. 2000) ........................................5, 6, 7, 9, 10, 12, 13, 14, 15, 16, 20

*Travelers Indem. Co. of Ill. v. Griner*, 240 B.R. 432 (Bankr. S.D. Ala 1999)....................19

## Statutes and Miscellaneous

11th Cir. R. 26.1-1 ................................................................................................................ii

11th Cir. R.32.......................................................................................................................22

11th Cir. R.36-2 ...................................................................................................................14

11 U.S.C. §541..........................................................................................7, 8, 9, 11, 19, 20

11 U.S.C. §554...............................................................................................14, 16, 17, 20

11 U.S.C. §1302........................................................................................................18, 20

11 U.S.C. §1303........................................................................................................18, 20

11 U.S.C. §1306...........................................1, 6, 7, 8, 9, 10, 11, 13, 14, 16, 17, 19, 20, 21

11 U.S.C. §1325....................................................................................................1, 13, 16, 17

11 U.S.C. §1327.......................................................................1, 6, 7, 9, 14, 16, 17, 20

11 U.S.C. §1329.................................................................................................16, 17, 18

28 U.S.C. §157.........................................................................................................................xi

28 U.S.C. §158......................................................................................................................ix, xi

*Bankruptcy Abuse Prevention and Consumer Protection Act of 2005* ................................. 20

*Fair Debt Collection Practices Act* ...................................................................................... 13

F.R.BANKR.P. 7052 ............................................................................................................ xi

F.R.BANKR.P. 8002 ............................................................................................................ xiv

F.R.BANKR.P. 8013 ............................................................................................................ xi

## STATEMENT REGARDING APPELLATE JURISDICTION

This is an appeal arising from a decision of the United States Bankruptcy Court, Middle District of Alabama.  Jurisdiction of the District Court to hear appeals from a decision of a Bankruptcy Court decision is conferred by 28 U.S.C. §158, granting jurisdiction to the District Court over appeals from final judgments, orders, and decrees from the Bankruptcy Court.  The Bankruptcy Court's order on confirmation of the Trustee's motion to modify the debtors' confirmed plan is a final decision within the contemplation of 28 U.S.C §158(a)(1) as a final order.

## STATEMENT OF ISSUE ON APPEAL

### Issue on Appeal

Whether the United States Bankruptcy Court for the Middle District of Alabama was correct in its holding that the debtors' post-petition cause of action is not property of the estate?

### Relief Sought by the Appellant

Curtis C. Reding, Jr., Standing Chapter 13 Trustee for the Middle District of Alabama, the Appellant, seeks relief from the Bankruptcy Court's Memorandum Opinion and Order Confirming the Trustee's motion to modify plan entered on August 21, 2007, and seeks an order reversing that portion of the Bankruptcy Court's ruling that the debtors' cause of action is not property of the estate.

## <u>STANDARD OF APPELLATE REVIEW</u>

Pursuant to 28 U.S.C. §158, the United States District Court functions as an appellate Court in reviewing the Bankruptcy Court's decisions.  *In re Sublett*, 895 F.2d 1381, 1383 (11th Cir. 1990).  The Bankruptcy Court's "findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the Bankruptcy Court to judge the credibility of witnesses."  F.R.BANK.P. 8013 and 7052.

In contrast to the deference given to factual findings, the United States District Court examines the Bankruptcy Court's legal conclusions *de novo*.  *In re Club Associates*, 951 F.2d 1223, 1228-29 (11th Cir. 1992).

Confirmation of a debtors' Chapter 13 plan is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(l).  Core matters are reviewed by Court's on appeal with findings of fact to be reviewed for clear error and conclusions of law to be reviewed *de novo*.  *In re Armstrong*, 320 B.R. 523(D. Delaware 2005).  *In re Gulfstar Industries, Inc.*, 236 B.R. 75 (M.D. Fla. 1999).

## STATEMENT OF THE CASE

### Nature of the Case

This case is before the Court on the Notice of Appeal filed by the Chapter 13 Trustee

from an Order of the Bankruptcy Court on the Trustee's Motion to Modify the debtors' chapter

13 plan holding that the debtors' post-petition cause of action is not property of the estate.

### Course of the Proceedings and Disposition in the Court Below

The debtors, Steven and Wendy Baxter, filed for relief pursuant to Chapter 13, Title 11

on July 11, 2006.   (BR-1).[1]   The debtors' Chapter 13 Plan was confirmed on October 12, 2006.

(BR-28).

On January 16, 2007 the debtors commenced an adversary proceeding against Capital

One Bank, GC Services Limited Partnership, and Intellirisk Management Corporation, d/b/a

Allied Interstate for, among other actions, violations of the automatic stay.  (BR-30).

On or about March 26, 2007, the debtors settled their Adversary Proceeding against

Capital One Bank, GC Services Limited Partnership, and Intellirisk Management Corporation,

d/b/a Allied Interstate.  On April 2, 2007, the debtors filed a Motion to Approve the settlement

agreement for the adversary proceeding.  (BR-31)

On April 12, 2007, the Trustee filed a response to the debtors' motion to approve

settlement contending that the portion of the settlement remaining after payment of attorney's

fees and expenses should be paid to the Trustee for the benefit of the debtors' estate and to

increase the dividend to their unsecured creditors. (BR-35).  In addition to the response to the

motion to approve settlement, the Trustee also filed a motion to modify the debtors' Chapter 13

plan to capture $4,500.00 from the settlement proceeds to increase the dividend to unsecured

---

[1] The record on appeal contains one volume.  For clarity's sake, references to the documents contained in the bankruptcy record will be denoted as (BR-#) and will refer to the docket numbers on the Bankruptcy Court's docket numbering system.

creditors. (BR-36).  On April 24, 2007, the debtors filed an objection to the Trustee's motion to modify the Chapter 13 plan. (BR-40).

On May 11, 2007, the Bankruptcy Court approved the settlement and issued an order requiring the filing of briefs on the Trustee's motion to modify plan. (BR-43, 44).

On June 14, 1007, the parties entered into a joint stipulation of facts as required by the Court's Submission Order dated May 11, 2007.  (BR-54).  On June 15, 2007, the debtors and the Trustee filed their respective briefs in support of or in opposition to the Trustee's motion to modify the Chapter 13 plan. (BR-55, 56).

On August 21, 2007, United States Bankruptcy Court for the Middle District of Alabama issued its Memorandum Decision/Opinion and Order granting the Trustee's motion to modify the plan. (BR-58).   In the Court's Memorandum Decision, the Court held that the debtors' post-petition cause of action was not property of the debtors' estate.  However, while not property of the estate, the Court ruled that the settlement was disposable income and ordered that the proceeds be paid to the Trustee.

On August 29, 2007, the Trustee filed a motion to alter, amend or reconsider the memorandum decision on the Trustee's motion to modify plan.  (BR-62).  The Trustee's contention is that the Bankruptcy Court was incorrect in its holding that the lawsuit proceeds were not property of the debtors' estate.  The Court set the motion to reconsider for hearing on September 10, 2007, and on that same date issued an order denying the motion to reconsider. (BR-68).  On September 28, 2007, the Court supplemented its Order denying the motion to reconsider.  (Docket Sheet BR-86).

On September 18, 2007, the Trustee filed a notice of appeal with the United States Bankruptcy Court and contemporaneously with the filing of the notice of appeal filed a request

for certification for direct appeal to the United States Court of Appeals for the 11th Circuit. (BR-70, 74).  On September 25, 2007, the Bankruptcy Court denied the request for certification for direct appeal to the 11th Circuit. (Docket Sheet BR-80).  Pursuant to F.R.BANK.P. 8002, this appeal was timely filed.   This appeal is currently pending before the District Court for the Middle District of Alabama on the Trustee's notice of appeal.

## STATEMENT OF THE FACTS

The debtors, Steven and Wendy Baxter, filed for relief pursuant to Chapter 13, Title 11 on July 11, 2006. (BR-1).

With the filing of their chapter 13 petition, the debtors proposed a chapter 13 plan to pay certain secured creditors their value of the collateral and to pay nothing (0% - zero percent) to unsecured creditors. (BR-2). The expected duration of the debtors' Chapter 13 plan was approximately 58 months. (BR-2). This is an above median income case for which an applicable commitment period of 60 months applies pursuant to 11 U.S.C. §1325. (BR-1, Form B22C). The debtors did not list any lawsuits or causes of action in their original schedule B of assets. (BR-1, Schedules B and C). Pursuant to 11 U.S.C. §1306(b) and §1327(b), the debtors' plan was silent regarding property of the estate. (BR-2). The debtors' Chapter 13 plan was confirmed on October 12, 2006. (BR-28).

On January 16, 2007 the debtors commenced an adversary proceeding against Capital One Bank, GC Services Limited Partnership and Intellirisk Management Corporation, d/b/a Allied Interstate for, among other actions, violations of the automatic stay. (BR-30). The cause of action which was subject of the adversary proceeding was a post-petition cause of action. Upon the accrual of the cause of action, the debtors did not amend their schedules to list the claim. (Bankruptcy Court Docket Sheet).

On or about March 26, 2007, the debtors settled their Adversary Proceeding against Capital One Bank, GC Services Limited Partnership, and Intellirisk Management Corporation, d/b/a Allied Interstate. (BR-31). Again, the cause of action was not disclosed in the debtors' schedules. (Bankruptcy Court Docket Sheet). On April 2, 2007, the debtors filed a motion to approve the settlement agreement for the adversary proceeding. (BR-31).

On April 12, 2007, the Trustee filed a response to the debtors' motion to approve settlement contending that the portion of the settlement remaining after payment of attorney's fees and expenses should be paid to the Trustee for the benefit of the debtors' estate and to increase the dividend to their unsecured creditors. (BR-35).  In addition to the response to the debtors' motion to approve settlement, the Trustee filed a motion to modify the debtors' Chapter 13 plan to capture $4,500.00 from the settlement proceeds to increase the dividend to unsecured creditors. (BR-36).  On April 24, 2007, the debtors filed an objection to the Trustee's motion to modify the Chapter 13 Plan. (BR-40).

On May 11, 2007, the Bankruptcy Court approved the settlement and issued an order requiring the filing of briefs on the Trustee's motion to modify plan. (BR-43, 44).

The portion of the settlement proceeds at issue amount to $4,500.00. (BR-31).  On June 18, 2007, only after the Trustee's motion to modify the plan, did the debtors file an amended schedule B and C to list the post-petition cause of action and to exempt a portion of those funds. (BR-57).  The Trustee did not object to the debtors' claim of exemption. (Bankruptcy Court Docket Sheet).  The debtors claimed an exemption in the lawsuit funds in the amount of $650.00. (BR-57).  The total settlement of $4,500.00 minus the exemption claimed is $650.00 leaves net proceeds of $3,850.00 at issue for the benefit of unsecured creditors.  The $3,850.00 at issue would increase the dividend to unsecured creditors from 0% to a pro-rata "pot" of $3,850.00 for the benefit of the debtors' unsecured creditors.  A $3,850.00 "pot" plan would increase the dividend to unsecured creditors in this case from 0% to 8.98% based upon unsecured claims filed in the debtors' case.

On June 14, 2007, the parties entered into a joint stipulation of facts as required by the Court's Submission Order dated May 11, 2007. (BR-54).  On June 15, 2007, the debtors and

2

the Trustee filed their respective briefs in support of or in opposition to the Trustee's motion to modify the Chapter 13 plan. (BR-55, 56). The debtors' brief proposed that the settlement was not property of the estate and that the debtors should be allowed to keep the money for their own benefit. The Trustee's brief proposed that the settlement was property of the debtors' estate and should be paid to the Trustee for the benefit of the debtors' unsecured creditors.

On August 21, 2007, United States Bankruptcy Court for the Middle District of Alabama issued its Memorandum Decision/Opinion and Order granting the Trustee's motion to modify the plan. (BR-58, 59). In the Court's Memorandum Decision, the Court held that the debtors' post-petition cause of action was not property of the debtors' estate, but was instead disposable income and ordered that the proceeds be paid to the Trustee. (BR-58).

On August 29, 2007, the Trustee filed a motion to alter, amend or reconsider the memorandum decision on the Trustee's motion to modify plan. (BR-62). The Trustee's contention is that the Bankruptcy Court was incorrect in its holding that the lawsuit proceeds were not property of the debtors' estate. The Court set the motion to reconsider for hearing on September 10, 2007, and on that same date issued an order denying the motion to reconsider. (BR-68). On September 28, 2007, the Court supplemented its Order denying the motion to reconsider. (Docket Sheet BR-86).

On September 18, 2007, the Trustee filed a notice of appeal with the United States Bankruptcy Court and contemporaneously with the filing of the notice of appeal filed a request for certification for direct appeal to the United States Court of Civil Appeals for the 11th Circuit. (BR-70, 74). On September 25, 2007, the Bankruptcy Court denied the request for certification for direct appeal to the 11th Circuit. (Docket Sheet BR-80). This matter is currently before the District Court on the Trustee's appeal from the bankruptcy court's

memorandum decision holding the debtors' post-petition cause of action is not property of the debtors' estate.

## <u>SUMMARY OF THE ARGUMENT</u>

That the debtors' post-petition settlement is property of the debtors' estate for the benefit of their unsecured creditors.  That the 11th Circuit's ruling in *Telfair v. First Union Mortgage Corp*., 216 F.3d 1333 (11th Cir. 2000) was a fact specific ruling and the estate transformation approach can be distinguished and/or expanded in certain cases such as the case at issue where the Trustee is seeking to recover post-petition assets to increase the dividend for the benefit of the debtors' unsecured creditors.

## ARGUMENT

This case is before the Court on the notice of appeal filed by the Chapter 13 Trustee, your Appellant, seeking relief from the Bankruptcy Court's ruling that the debtors' post-petition cause of action is *not* property of the debtors' estate. This appeal raises a question of law and interpretation relating to the friction that exists between 11 U.S.C. §1306, 11 U.S.C. §1327 and *Telfair v. First Union Mortgage Corp.*, 216 F.3d 1333 (11th Cir. 2000) from the Trustee's perspective of the recovery of assets as an additional dividend for the benefit of unsecured creditors and the debtors' estate. The friction between §1306 and §1327 from the Trustee's perspective has not been directly considered by the United States Court of Appeals for the 11th Circuit or the Supreme Court. While the 11th Circuit has considered issues involving property of the estate, the cases have almost always been cases where another issue has been the focus of the appeal and the property of the estate issue has been a secondary issue. Historically, property of the estate cases have been presented to the courts either on issues of standing of the debtor and/or Trustee to pursue causes of action or on issues of judicial estoppel.

The United States Bankruptcy Court in this case cited to the cases of *Telfair v. First Union Mortgage Corp.*, 216 F.3d 1333 (11th Cir. 2000) and *Muse v. Accord Human Resources, Inc.*, 129 Fed. Appx. 497 (11th Cir. 2005) as controlling of this situation. However, it is the Trustee's contention that the case at hand can be distinguished from both *Telfair* and *Muse* as both the *Telfair* and *Muse* cases involved Chapter 13 cases which were already closed and in which the debtor had already received a discharge. Furthermore, the Trustee contends that the 11th Circuit has not considered this issue from the point of recovering assets as an additional dividend for the benefit of the debtors' estate.

This case directly involves the conflict that exists between §1306 and §1327 in an *open* and *active* Chapter 13 case. This case asks the Court to acknowledge and address distinctions which have been made by other courts regarding the conflict between §1306 and §1327 as they apply to the effect of confirmation upon post-petition assets received by the debtors while the debtors' case is still open.

The Bankruptcy Court's Opinion and Memorandum Decision in this case interpreted *Telfair* and *Muse* as binding precedent on this direct point. While there are conflicting decisions throughout the circuit on the interpretation of *Telfair*, the Bankruptcy Court held that the debtors' post-petition claim was not property of the estate.

The issue in this case is whether the debtors' recovery from an adversary proceeding, the cause of action of which was acquired post-petition, is property of the debtors' estate and, if so, whether that recovery must be paid to the Trustee for the benefit of the debtors' unsecured creditors. At the time of filing, any and all property of the debtor became property of the bankruptcy estate pursuant to 11 U.S.C. §541. Section 541 defines property of the estate as:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
>
> (2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—
>
> (A) under the sole, equal, or joint management and control of the debtor; or
>
> (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor spouse, to the extent that such interest is so liable.
>
> (3) Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title.

(4) Any interest in property preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551 of this title.

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

(A) by bequest, devise, or inheritance;

(B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or

(C) as a beneficiary of a life insurance policy or of a death benefit plan.

(6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

(7) Any interest in property that the estate acquires after the commencement of the case.

Property of the estate includes any lawsuits or other causes of action of the debtors.

*Miller v. Shallowford Comm. Hospital,* 767 F.2d 1556 (11th Cir. 1985).  11 U.S.C. §1306

defines property of the estate in a chapter 13 case as *including:*

> (a) Property of the estate includes, in addition to property specified in section 541 of this title
> (1) *all property* of the kind specified in such section that the debtor *acquires after* the commencement of the case *but before* the case is *closed, dismissed, or converted* to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and
> (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first. (emphasis added)

At the time of filing, any and all property of the debtor became property of the

bankruptcy estate pursuant to 11 U.S.C. §541.  Pursuant to §1306, property of the estate

includes any property that the debtor *acquired after* the filing of the case, but *before the case*

*was closed*, which would include the recovery from the adversary proceeding at issue.

After determining what is property of the estate pursuant to §541 and §1306, then the Court must take into account the effect of confirmation pursuant to 11 U.S.C. §1327. Section 1327 provides:

> (a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.
>
> (b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.
>
> (c) Except as otherwise provided in the plan or the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

In this case, the debtors' plan was silent with regard to property of the estate. Therefore, any property of the estate at the time of confirmation, not necessary for the completion of the plan, revested with the debtors. The tension between §1306 and §1327 arises when making a determination of whether the vesting effect of §1327 vests with the debtor post-petition property that is not even in existence at the time of confirmation of the plan.

After the 11th Circuit's holding in *Telfair*, some Courts have held that a debtors' post-petition cause of action is not property of the estate. *In re Carter*, 258 B.R. 526 (Bankr. S.D. Ga. 2001) and *In re Ross*, 278 B.R. 269 (Bankr. M.D. Ga. 2001). However, after the ruling of the 11th Circuit in *Telfair*, some courts have distinguished *Telfair* and held that post-confirmation assets acquired by debtors remain property of the estate. *In re Harvey*, 356 B.R. 557 (Bankr. S.D. Ga. 2006), *In re Nott*, 269 B.R. 250 (Bankr. M.D. Fla. 2000), *In re McGlockling*, 296 B.R. 884 (Bankr. S.D. Ga. 2003), *In re Moore*, 312 B.R. 902 (Bankr. N.D. Ala. 2004), and *In re Stewart,* ___ B.R. ___ 2007 WL 2363026 (Bankr. S.D. Ga. 2007).

While the chapter 13 Trustee agrees with the Bankruptcy Court's ruling that the lawsuit proceeds are disposable income, the chapter 13 Trustee respectfully disagrees with the Bankruptcy Court's ruling that this post-petition asset is not property of the estate and maintains that post-petition lawsuits should remain property of the debtors' bankruptcy estate until the case is either dismissed, converted or otherwise closed as set out in §1306. To rule that post-petition assets are not property of the estate in chapter 13 would allow some debtors to walk away from chapter 13 with a windfall while paying nothing to their unsecured creditors. By ruling that the asset is only disposable income, the debtor could argue (as happened in this case) that if this is merely disposable income, then all that is required is an increase in the percentage of the plan, but that they would not actually have to turn over the income to the Trustee to fund the plan because the settlement itself is not property of the estate. The debtor could argue that all he need do to meet the disposable income test is to propose to pay the amount of that income over time to creditors through his regular monthly payments to the Trustee. The debtors could propose to increase the percentage of the plan with payments over time, take the settlement for their own uses, and then later dismiss the case when they cannot afford to make the higher payment, thereby, robbing the creditors of the benefit of the settlement.

The Bankruptcy Court ruled in the instant case that the debtors' cause of action is not property of the estate citing to the 11th Circuit's rulings in *Telfair* and *Muse*. The Trustee is asking this Court to review *Telfair* and *Muse* and recognize that distinctions need to be made from a *strict* estate transformation approach to allow the Trustee to make additional recoveries to increase the dividend for the benefit of unsecured creditors.

The issue of post-petition property of the estate was examined in the case of *In re Nott*, 269 B.R. 250, 257 (Bankr.M.D.Fla.2000) wherein the debtor received a post-confirmation inheritance totaling between $275,000.00 and $300,000.00.  The Court held

> Property of a chapter 13 estate that is in *existence and disclosed as of the date of confirmation* vests in the Debtor pursuant to Section 1327(b).  Any property acquired post-confirmation, however, is property of the estate pursuant to Section 1306(a).  Id at 564-565.  (emphasis added)

The *Nott* court, citing the case of *In re Holden*, 236 B.R. 156, 163(Bankr.D.Vt.1999) went on to say

> Upon confirmation of a Chapter 13 plan, all property of the estate is emptied from the estate and revested in the debtors under Section 1327(b).  Such property is no longer property of the estate.  Immediately after confirmation, the estate begins to be refilled by property acquired by debtors post-confirmation.  That property is protected by the automatic stay and remains so until the case is closed, converted or dismissed.

The *Nott* court also cited to the cases of *In re Euerle*, 70 B.R. 72, (Bankr. D. N.H. 1987), holding a post-confirmation inheritance is property of the estate under §1306; *In re Reiter*, 126 B.R. 961 (Bankr. W.D. Tex. 1991), holding the intent of §1306 was to include all property acquired post-confirmation in property of the estate; and *In re Koonce*, 54 B.R. 643 (Bankr. D.S.C. 1985) where the Court allowed the modification of the chapter 13 plan by the Trustee to increase the percentage to a 100% plan to reflect the debtors' winnings in a $1.3 million dollar lottery.

Furthermore, the Court in *In re Easley*, 205 B.R. 334 (Bankr. M.D. Fla. 1996) also citing to *In re Euerle*, held

> [W]hen a Chapter 13 debtor suddenly and unexpectedly inherits money or property prior to the completion of the plan, the new assets become property of the estate pursuant to Sections 541 and 1306 of the Bankruptcy Code…. The debtor is obligated to

> advise the trustee of the event and to file a supplemental schedule
> listing this asset…. The new assets, whether they are an increase
> in income, an inheritance or lottery winnings, normally are used
> to increase the monthly payments until there is full payment to
> the unsecured creditors or until the new assets are exhausted.

Some have made an argument that the 11th Circuit's opinion in *Telfair v. First Union Mortgage Corp.*, 216 F.3d 1333 (11th Cir. 2000) takes property of the estate out of the reach of the Trustee for the benefit of unsecured creditors. It is the Trustee's contention that the 11th Circuit's opinion in the case of *Telfair* can be distinguished from the case at hand. In the *Telfair* case, the property of the estate argument arose regarding assets of the estate which were in existence and which were known at the time of confirmation and were actually anticipated by the debtors' plan. In the *Telfair* case, the issue was whether the debtors' payments to a creditor made outside the Chapter 13 Trustee's distributions should be considered property of the estate. The property at issue was available and was known and/or anticipated at the time of confirmation, but was specifically provided to be used outside the context of the Chapter 13 plan. Those funds were not necessary for completion of the debtors' plan and, therefore, were found not to be property of the estate. The 11th Circuit's holding was specific to those circumstances and provided that property that is not "necessary to the completion of the debtors' plan" revests with the debtor upon confirmation of the debtors' plan. Furthermore, at the time that the 11th Circuit considered *Telfair*, the debtor had received a chapter 13 discharge and the case had been closed.

The Bankruptcy Court also cited to *Muse v. Accord Human Resources, Inc.*, 129 Fed. Appx. 497 (11th Cir. 2005) as controlling precedent. However, again, the primary issue in *Muse* was an issue of judicial estoppel. Furthermore, at the time the issue of property of the estate arose, the *Muse* bankruptcy case was *closed*. Therefore, since the case was closed, any

12

property that was acquired by the debtor would not have been property of the estate because the case was closed. If the *Muse* case were still open at the time the issue arose, there may have been another outcome as §1306 brings property into the estate that the debtors acquired after the filing of the case, but *before* the case is *closed*.

In the case at hand, the automatic stay violation and the *Fair Debt Collection Practices Act* violation were *not* known at the time of confirmation and were *not* in existence at the time of confirmation because these causes of action arose *post-petition*. If the asset had been known at the time of confirmation, the debtors' plan would have had to commit those proceeds for the benefit of unsecured creditors in order to meet the "best interest of creditors liquidation test" as mandated by 11 U.S.C. §1325(a)(4) for confirmation of the debtors' plan. By virtue of the plan provisions required by §1325(a)(4) for the "best interest of creditors test," the funds would therefore have been "necessary" for the completion of the debtors' plan. As these proceeds were *not* known, they were *not* anticipated as part of the effect of confirmation then the proceeds could *not* revest with the debtors upon confirmation of the debtors' original plan.

It is argued that the 11th Circuit case of *Telfair* does not apply to every situation regarding property of the estate. *Telfair* has been distinguished by Bankruptcy Courts within the 11th Circuit as *not* applying to all estate situations. Many courts that have distinguished the *Telfair* decision holding that the *Telfair* decision is a fact specific, fact driven ruling from the 11th Circuit.

In the case of *In re McGlocking*, 296 B.R. 884 (Bankr. S.D. Ga. 2003) the court held that the Court must determine what is "necessary" for completion of the plan under the particular facts of each case, distinguishing *Telfair*. In *McGlocking*, the issue before the court was a debtor's vehicle and whether it was property of the estate. In that case, the court held

that the debtor's vehicle was necessary for the debtor's employment and therefore necessary for the completion of the plan and was therefore included in property of the estate, even after confirmation of the debtors' plan.

In the case of *In re Madison*, 337 B.R. 99 (Bankr. N.D. Miss. 2006) the court held that each case must be examined separately, distinguishing *Telfair*.

In the case of *In re Stewart*, ___ B.R. ____ 2007 WL 2363029 (Bankr. S.D. Ga. 2007) the court in a case on the issue of standing, followed the *Harvey* decision cited below that a debtor's post-petition lawsuit is property of the estate.

The issue of whether post-confirmation personal injury claims were part of the bankruptcy estate, and subject to capture by the Trustee was before the court in *In re Harvey*, 356 B.R. 557 (Bkrtcy.S.D.Ga. 2006). The *Harvey* court performed an indepth analysis of *Telfair*, §1306, §1327, and §554. The Court concluded that while post-confirmation assets become property of the estate under §1306, they are not deemed to retroactively vest in the debtor as of confirmation pursuant to §1327.

The *Harvey* court began its analysis with *Telfair* and *Muse*. The Court first points out that *Muse* was not selected for publication and therefore pursuant to Eleventh Circuit Rule 36-2, is not binding precedent. Second, the *Harvey* court states

> the issue of whether the post-petition cause of action was 'necessary' for the debtor's plan was not raised in *Muse*. Thus, *Telfair's* adoption of the estate transformation approach has not been applied in a binding opinion to an asset acquired post-confirmation in a Chapter 13 case, such as causes of action in the cases now before this Court. Id at 562.

The *Harvey* Court then interjects that while *Telfair* was applied to post-confirmation assets in cases such as *Muse*, those cases are not persuasive in light of *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002). In *Burnes*, the 11th Circuit held that "the debtor

14

had a continuing duty to amend his schedules, both after confirmation of his Chapter 13 plan

when he filed his lawsuit, and later when his case was converted to Chapter 7." Id at 562.  The

11th Circuit's conclusions in *Burnes* "clearly reveal that extending *Telfair's* vesting rule to post-

confirmation assets is tenuous at best."  Id at 562.  The *Harvey* court held

> While *Burnes* does not articulate the impact of its ruling on
> *Telfair*, it could only have concluded that the debtor's schedules
> must be amended if it believed that post-confirmation causes of
> action remain estate property.  Otherwise, the failure to amend to
> reveal those assets could hardly set the stage for a judicial
> estoppel attack.

The *Harvey* court distinguished *Telfair* from the facts of the case before it.  The *Harvey*

facts are almost identical to the facts of this case.  *Telfair* did two things:

> (1)  it acknowledged the obvious, that upon filing a bankruptcy
> petition, all of a debtor's property comes under the control of the
> bankruptcy court as estate property; and
> (2) that confirmation of a Chapter 13 plan *returns* all of that
> property to the debtor unless it is "necessary to the fulfillment of
> the plan. Id. at 562 citing *Telfair,* 216 F.3d at 1340 (emphasis
> added).

The 11th Circuit ruled that under the "estate transformation approach," the plan

confirmation *"returns"* property to the debtors' control that property which is not necessary for

the fulfillment of the plan.  Therefore, the property that is necessary for the completion of the

plan *"remains"* in the estate upon confirmation.  The *Harvey* court held:

> This language, primarily the use of the words "returns" and
> "remains" illustrates that when properly read, *Telfair* ruled solely
> on property that existed, and had been revealed, at or before the
> confirmation of the debtor's Chapter 13 plan.

The *Harvey* court then went on to discuss the phrase "not necessary to the fulfillment of

the plan" as being a "far broader exception to the vesting rule than may appear at first glance."

Id at 563.  The Court reasoned that a debtors' "rights and obligations include both the right to

15

seek a modification of a Chapter 13 plan … as well as the obligation to be subject to a post-confirmation modification." Id at 563-564.  All plans are subject to modification under 11 U.S.C. §1329.

> Properly understood, the *Telfair* qualification that estate property includes whatever may be necessary to the fulfillment of the plan must therefore include not just property existing at the moment of confirmation but post-confirmation property necessary to fulfill a post-confirmation modified "plan," which may require increased payments to meet Section 1325(a)(4)'s Chapter 7 liquidation test and Section 1325(a)(3)'s good faith test at anytime during the three to five-year period *after* filing.  Id.

Finally, the *Harvey* court found instructive the reading of 11 U.S.C. §554 for determining the proper treatment of assets acquired post-petition.  11 U.S.C. §554 provides:

> (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

> (c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

> (d) Unless the court orders otherwise, *property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.* (emphasis added)

The *Harvey* court held that the provisions of Section 554 "tip the scales in resolving the tension between Sections 1306 and 1327 in a case involving post-confirmation assets."  Id at 564.  While property that is not "otherwise administered" by the closing of the bankruptcy case is "abandoned to the debtor," property that is not scheduled is "never deemed abandoned and remains property of the estate."  Id at 564.  The court held

> Therefore, post-confirmation causes of action that become property of the estate under Section 1306 remain property of the estate pursuant to Section 554(d), despite Section 1327, if they are not scheduled and made subject to administration or abandonment.

In this case, at the time of the Trustee's motion to modify the plan, the debtors had not amended their schedules to list their recovery. At no point in time in this case has the Trustee abandoned his interest in the settlement on behalf of the estate.

The *Harvey* court concluded its discussion in finding

> post-confirmation assets, including a debtor's personal injury cause of action, become property of the estate under Section 1306 and are not deemed to be retroactively vested in the debtor as of confirmation by operation of Section 1327. Rather, they must be scheduled so that the Trustee's or a creditor's right to seek modification is a meaningful right. If they are not scheduled, they remain property of the estate pursuant to Section 1306 and 554(d), under a close reading of what *Telfair* requires and what *Burnes* strongly implies. Id at 565-566.

In this case, the Trustee has moved to modify the plan to increase the percentage to claims of the unsecured class by the amount of any settlement proceeds from the underlying adversary proceeding. The Trustee's motion to modify the plan is in compliance with the provisions of §1329 and meets the requirements of §1325(a) for confirmation in that it is proposing to pay for the benefit of unsecured creditors the cause of action of the debtors to meet the "best interest of creditors test." 11 U.S.C. §1329 provides:

> (a) At any time *after confirmation* of the plan *but before the completion of payments* under such plan, the plan may be modified, upon request of the debtor, *the trustee*, or the holder of an allowed unsecured claim, to-
> (1)      i*ncrease or reduce the amount of payments on claims under a particular class provided for by the plan…*
> (b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section. (emphasis added)

17

As relates to §1329, the Court in *In re Furgeson*, 263 B.R. 28 (Bankr. N.D. N.Y. 2001) has examined this issue and held that the debtors' settlement of a claim against his creditor for violation of the automatic stay were included in property of the debtors' estate and would warrant modification of the debtors' plan.  The *Furgeson* Court acknowledged that some Courts do not require a "substantial change" in circumstances for modification of the debtors' plan.  However, post-petition settlements such as these are unanticipated and warrant modification of the debtors' plan to increase the dividend to unsecured creditors as the claim arose post-petition and was *received prior to the closure, dismissal, or conversion of the case*. The Court concluded that the Trustee under §1329 is authorized to bring such motions to modify the plan to increase the dividend to unsecured creditors.

Unfortunately, there are very few, if any cases, from this District or even from this Circuit which are *directly on point* with this issue.  As mentioned earlier, most cases which deal with property of the estate issues following the *Telfair* decision are either "standing" cases or "judicial estoppel" cases.   While not directly on point with the issue at hand, there have been cases released by the District Court for the Middle District of Alabama which rule that causes of action by a debtor are property of the bankruptcy estate.  One such case is the case of *Looney v. Hyundai Motor Manufacturing Alabama, LLC*, 330 F.Supp.2d 1289 (M.D. Ala. 2004).  In the *Looney* case, the primary issue was the standing of the debtor to pursue a cause of action while in bankruptcy.  The *Looney* court held that the debtors' cause of action was property of the bankruptcy estate in her chapter 13 case and pursuant to Sections 1302 and 1303 the debtor had concurrent standing with the trustee to litigate the cause of action which was property of her bankruptcy estate.  If the cause of action had not been property of the estate, there would be no basis for the court to rule in such a manner.

In the case of *Cedric Killebrew v. CSX Transportation, Inc.,* Civil Action number 2:03cv0943-D (M.D. Ala. 2005) in deciding a judicial estoppel issue before the Court, the District Court for the Middle District of Alabama also held that the debtor's cause of action is property of the estate.  The Court's ruling in *Killebrew* denied the debtor the ability to continue with certain portions of his cause of action in his own name, but granted permission for the Chapter 13 Trustee to substitute as a party to the case to continue with the action on behalf of the debtor's estate.  If the cause of action were not property of the estate, then the issue of judicial estoppel would not have been before the court and the Trustee would not have been allowed to continue in the case as a party plaintiff to potentially recover assets on behalf of the debtor's estate.

Again, while not directly on point with the issue in this case, the Bankruptcy Court for the Northern District of Alabama in a case involving issues of employment of professionals and approval of fees in chapter 13 cases, *In re Barry Price*, 2007 WL 1125639 (Bankr. N.D. Ala. April 16, 2007) (Case number 05-4807-TOM-13, AP number 07-00017) citing to *In re Glover*, 2003 WL 23811474 (Bankr. S.D. Ga. 2003) and others, held that post-petition causes of action were property of the estate pursuant to §541 and §1306.  The Court held that the bankruptcy court has jurisdiction over property of the estate, which the debtor controls as a chapter 13 debtor, and that the use of property of the estate to pay attorneys must be approved by the court. While the debtor may have control of these assets, they are still property of the estate and subject to the jurisdiction of the court.

Finally, while dealing primarily with the issue of the debtors' standing to sue and judicial estoppel, the Bankruptcy Court for the Southern District of Alabama in *Travelers Indem. Co. of Ill. v. Griner (In re Griner)*, 240 B.R. 432 (Bankr. S.D. Ala. 1999) held that a

debtors' cause of action is property of the estate and Sections 541, 1302 and 1303 confer concurrent standing on the chapter 13 debtor and the trustee to pursue non-bankruptcy causes of action.

In summary, one of the intents of Congress when enacting the *Bankruptcy Abuse Prevention and Consumer Protection Act of 2005* was to increase the dividend being paid to creditors through bankruptcy cases. To rule that debtors' post petition cause of action is not property of the estate would enable some debtors to walk away from chapter 13 with a windfall while paying little or nothing to their creditors. The debtors' lawsuit is clearly an asset within the definitions as set out in 11 U.S.C. §541 and §1306. The question is whether confirmation vested the lawsuit with the debtors even though the property was not even in existence at the time of confirmation, thereby removing it from the reach of the estate for the benefit of creditors. It is the Trustee's contention that §1327 did not and cannot remove from the estate an asset that was not even in existence at the time of confirmation. The asset was not listed by the debtors until after the Trustee had already moved to modify the plan. At the time the debtor amended the schedules to list the asset, this was (and still is) an open and active chapter 13 case. This asset has not been abandoned by the Trustee pursuant to §554. To hold that the asset is merely disposable income and not property of the estate could take the property outside the reach of the Trustee and the debtors' unsecured creditors.

The Trustee is respectfully asking this Court to examine the context of *Telfair* and to recognize that *Telfair* is a case that should be distinguished from certain situations for the effective and productive administration of chapter 13 cases in this district.

## **CONCLUSION**

WHEREFORE, the above premises considered, your Appellant, Curtis C. Reding, Standing Chapter 13 Trustee, moves this Honorable Court to reverse that portion of the Bankruptcy Court's decision regarding property of the estate and issue its ruling that the debtors' post-petition cause of action _is_ property of the debtors' estate pursuant to 11 U.S.C. §1306.

Respectfully submitted this 26th day of October, 2007.

Curtis C. Reding
Standing Chapter 13 Trustee


By: _/s/ Sabrina L. McKinney_
    Sabrina L. McKinney (ASB-3162-I71S)
    Staff Attorney for Chapter 13 Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL  36101-0173
(334) 262-8371 phone
(334) 834-7635 fax
Email: mckinneys@ch13mdal.com

21

## CERTIFICATE OF COMPLIANCE

I, Sabrina L. McKinney, counsel for the Standing Chapter 13 Trustee for the Middle District of Alabama, Appellant in this case, do hereby certify that this brief complies with the type-volume limitation set forth in 11th Cir.R. 32(a)(7)(B). This brief contains 30 pages, exclusive of pages containing the table of contents, tables of citations and any addendum.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing APPELLANT'S BRIEF ON APPEAL has

been served upon the parties listed below via either electronic filing, electronic mail or U.S.

Mail, postage prepaid and properly addressed, this the 26th day of October, 2007:

Steven D. and Wendy Baxter, Debtors (via U.S. Mail)
19 Baxter Station
Louisville, AL  36048

Michael D. Brock and
David G. Poston (via Electronic Filing)
Counsel for Debtors
Brock & Stout
P.O. Drawer 311167
Enterprise, AL 36331-1167

Teresa R. Jacobs (via Electronic Mail)
Unites States Bankruptcy Administrator
Middle District of Alabama, Northern Division
P.O. Box 1248
Montgomery, AL  36102

/s/ Sabrina L. McKinney
Sabrina L. McKinney