UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE:<br>STEVEN D. BAXTER and<br>WENDY BAXTER,<br>    Debtors. | District Court Appellate Case No.<br>1:07-cv-00913-WKW |
| CURTIS C. REDING, STANDING<br>CHAPTER 13 TRUSTEE FOR THE<br>MIDDLE DISTRICT OF ALABAMA,<br>    Appellant,<br><br>v.<br><br>STEVEN D. BAXTER and<br>WENDY BAXTER,<br>    Appellees. | Bankruptcy Court Chapter 13 Case No.<br>06-10672-DHW-13 |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

**APPELLANT'S SUPPLEMENTAL BRIEF ON APPEAL
PURSUANT TO COURT ORDER DATED MAY 14, 2008**

Counsel for the Appellant:
Sabrina L. McKinney (ASB-3162-I71S)
Staff Attorney for Chapter 13 Trustee
Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL  36101-0173
Telephone:  (334) 262-8371
Facsimile:   (334) 834-7635
Email: mckinneys@ch13mdal.com

i

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................. i

STATEMENT OF THE ISSUE ON APPEAL ................................................................ ii

STATEMENT OF THE CASE ........................................................................................ iii

ARGUMENT .................................................................................................................... 1

CONCLUSION ................................................................................................................. 6

CERTIFICATE OF SERVICE  ........................................................................................ 7

## STATEMENT OF ISSUE ON APPEAL

Whether the United States Bankruptcy Court for the Middle District of Alabama was correct in its holding that the debtors' post-petition cause of action is not property of the estate.

Case 1:07-cv-00913-WKW    Document 12    Filed 06/06/2008    Page 3 of 11

## **STATEMENT OF THE CASE**
## **AS RELATES TO COURT ORDER MAY 14, 2008**

### **Nature of the Case**

This case is before the Court on the Notice of Appeal filed by the Chapter 13 Trustee from an Order of the Bankruptcy Court on the Trustee's Motion to Modify the debtors' chapter 13 plan holding that the debtors' post-petition cause of action is not property of the estate.

### **Course of the Proceedings**

On August 21, 2007, the United States Bankruptcy Court for the Middle District of Alabama issued its Memorandum Decision/Opinion and Order on the Trustee's motion to modify the debtors' plan. The Bankruptcy Court's order granted the Trustee's motion to modify the plan, but specifically held that the debtor's cause of action was not property of the debtors' estate. However, while not property of the estate, the Court ruled that the settlement was disposable income. After reconsideration was denied, the Trustee filed a timely appeal.

As provided by the Rules of Appellate Procedure, the Trustee filed his initial brief in support of the appeal with the District Court.

On May 14, 2008, this Honorable Court issued an order questioning the standing of the Trustee to pursue this appeal. The Court has asked whether there is in fact a justiciable controversy as ultimately the Trustee's motion to modify the plan was granted. This Honorable Court's order requires the Appellant to file a supplemental brief regarding (1) whether the Trustee has standing to press this appeal and (2) whether this appeal presents a justiciable controversy. This supplemental brief is being offered to the Court in support of the Trustee's standing to pursue this appeal and is provided to this Court pursuant to its May 14, 2008 Order.

## **ARGUMENT**

This case is before the Court on the notice of appeal filed by the Chapter 13 Trustee, your Appellant, seeking relief from the Bankruptcy Court's ruling that the debtors' post-petition cause of action is *not* property of the debtors' estate. This appeal raises a question of law and interpretation relating to the friction that exists between 11 U.S.C. §1306, 11 U.S.C. §1327 and *Telfair v. First Union Mortgage Corp.*, 216 F.3d 1333 (11th Cir. 2000) from the Trustee's perspective of the recovery of assets as an additional dividend for the benefit of unsecured creditors and the debtors' estate.

This Honorable Court issued an order dated May 14, 2008 questioning (1) whether the Trustee has standing to press this appeal and (2) whether this matter presents to the Court a justiciable controversy.

Pursuant to 28 U.S.C. §158, "the district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders and decrees … of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." In this case, the order which is being appealed is an order confirming a modified chapter 13 plan. It has long been settled that a bankruptcy court's order confirming a plan is given the same final effect as any district court's final judgment on the merits. See *Stoll v. Gottlieb*, 305 U.S. 165, 170-171, 59 S.Ct. 134, 137, 83 L.Ed. 104 (1938); *Miller v. Meinhard-Commercial Corp.*, 462 F.2d 358, 360 (5th Cir. 1972). Furthermore, the confirmation order is an order that is final and subject to appeal pursuant to 28 U.S.C. §158(a)(1). See also *In re Zahn*, ___ F.3d ___, 2008 WL 2130508 (8th Cir. May 22, 2008). The district court's review of law, and the bankruptcy court's interpretation and application of the Bankruptcy Code are *de*

novo. *In re Morgan*, 182 F.3d 775 (11th Cir. 1999), *In re Club Associates,* 951 F.2d 1223 (11th Cir.1992), and *In re Vick*, 233 Fed.Appx. 897 (11th Cir. 2007).

Pursuant to 11 U.S.C. §323(a), "the Trustee in a case under this title is the representative of the estate" and therefore is a party in interest to the case in which he serves as Trustee. As such, the Trustee has a direct, substantial and pecuniary interest in all facets of the chapter 13 case he is administering.

It has been long held in the Fifth and Eleventh Circuit that the "aggrieved person" doctrine is the prerequisite to standing in an appeal. The aggrieved person doctrine holds that only a person aggrieved has standing to appeal a bankruptcy court's order. See *In re Westwood Community Two Association, Inc.*, 293 F.3d 1332 (11th Cir. 2002). The aggrieved person doctrine is defined by the 11th Circuit as "those parties having a 'direct and substantial interest in the question' being appealed." *In re Westwoo*d, 293 F.3d at 1335, citing *In re Odom*, 702 F.2d 962, 963 (11th Cir. 1983) and *In re First Colonial Corp. of Am.*, 544 F.2d 1291, 1296 (5th Cir. 1977). The person aggrieved doctrine "limits standing to appeal a bankruptcy court order to those individuals who have a financial stake in the order being appealed." *Westwood*, at 1335, referring to *In re Troutman Enter., Inc.*, 286 F.3d 359 (6th Cir. 2002). The Court goes on to state that "a person has a financial stake in the order when that order 'diminishes their property, increases their burdens or impairs their rights.'" *Westwood*, citing *Troutman*. See also *In re Vick*, 233 Fed.Appx. 897 (11th Cir. 2007).

With the standards that are set out by the 11th Circuit, it then becomes a question of whether the Trustee is in fact an "aggrieved person." It is the Trustee's contention that he is in fact an aggrieved person as a result of the Bankruptcy Court's order.

As the Trustee and the person appointed by the Court to account for all property of the estate received and to make a final report to the Court of the administration of the case pursuant to 11 U.S.C. §1302 and §704(a)(2) and (9), the Trustee has a "financial stake" in the order that is being appealed as required by *Westwood* and *Troutman*. As only disposable income instead of property of the estate, if the debtor were to claim that this "disposable income" were used up during the life of the plan rather than turned over to the Trustee, the Trustee would have no collection powers to recover these funds. By holding that post petition causes of actions are not property of the debtor's estate, the Bankruptcy Court has greatly diminished the Trustee's rights to collect property and income that might not be available otherwise to the Trustee for the benefit of unsecured creditors.

In the Middle District of Alabama, the debtor's bar (even though this case is under appeal) is already using the *Baxter* case as binding precedent against the Trustee in an effort to keep the Trustee from collecting debtor's post petition lawsuits for the benefit of unsecured creditors. There has already been at least one case where a debtor has been allowed to keep a settlement because of the Bankruptcy Court's prior ruling in *Baxter*. In that case, the Court upheld its ruling that the settlement was disposable income, but allowed the debtor to keep the money for their own uses as replacement income for income lost during the life of the plan. If the settlement had been property of the estate, then the money could not have been kept by the debtor, but would have had to be turned over to the Trustee for the benefit of creditors. The Trustee has one case that is currently pending that has not yet been ruled on by the Bankruptcy Court where the debtor is taking the position that the post petition cause of action is not property of the estate and therefore does not have to be pledged to the plan as either property or income.

3

For the Court to rule that this asset is not property of the estate, but only disposable income, makes the asset potentially unreachable by the Trustee for the benefit of unsecured creditors. In point of fact, after the Court released its opinion in the *Baxter* case, the first response that the Trustee received to the Court's opinion by one of the debtors' counsel was that since this is <u>only</u> disposable income, then it does not necessarily have to be paid to the Trustee for the benefit of creditors.

By ruling that the asset is only disposable income, the debtor could argue (as happened in this case) that if this is merely disposable income, then all that is required is an increase in the percentage of the plan, but that they would not actually have to turn over the income to the Trustee to fund the plan because the settlement itself is not property of the estate. The debtor has argued that all he need do to meet the disposable income test is to propose to pay the amount of that income over time to creditors through his regular monthly payments to the Trustee. The debtors could propose to increase the percentage of the plan with payments over time, take the settlement for their own uses, and then later dismiss the case when they cannot afford to make the higher payment, thereby, robbing the creditors of the benefit of the settlement. Furthermore, the debtor could argue that a new and total disposable income test analysis needs to be done in the case and there may be no new dividend to unsecured creditors in the case. If these type funds are only disposable income and not property of the estate, it would allow some debtors to walk away from chapter 13 with a windfall.

The Trustee would also argue that he has a "direct and substantial interest in the question being appealed" as set out in *Westwood*. As mentioned above, the *Baxter* case is already being used as precedent in this District. The Trustee has been burdened by increasing litigation with debtors to try to recover these settlements for the benefit of unsecured creditors.

4

The issue presented to this Court on appeal is not just an issue that affects this one case, but has a direct and substantial effect on hundreds of chapter 13 cases in the Middle District of Alabama.

Finally, it could be argued that since the Trustee's motion was granted (although not for the reasons that were before the Bankruptcy Court), that there is no controversy. Although not identical facts, there were similar circumstances before the 8th Circuit in the case of *Zahn v. Richard Fink, Trustee*, ___ F.3d ____, 2008 WL 2130508 (8th Cir. May 22, 2008). In the *Zahn* case, the debtor appealed an order confirming her amended chapter 13 plan. The 8th Circuit BAP ruled that the debtor lacked standing to bring the appeal because the debtor was the one who proposed the plan that was ultimately confirmed by the Bankruptcy Court. The 8th Circuit reversed the BAP's dismissal of the appeal on standing grounds. The 8th Circuit held that the confirmation of the debtor's plan was a final order which was subject to appeal. The 8th Circuit held "that a party may appeal from a judgment in his favor when there has been some error prejudicial to him, or he has not received all he is entitled to, has quite generally been held by the courts, and there is no sound reason otherwise." *Zahn*, citing *Houchin Sales Co. v. Angert*, 11 F.2d 115, 118-19 (8th Cir. 1926). The *Zahn* court held "not to allow a debtor to appeal confirmation of her own plan would require a debtor to comply with a plan that contains provisions the debtor does not believe are required by the Bankruptcy Code, while losing her right to appeal those provisions." *Zahn*, page 3.

While not exactly the same facts as this case, the *Zahn* case is very similar in that the Trustee is appealing the confirmation of a modified plan he proposed to the Court because he does not agree that he received all he is entitled to as the Bankruptcy Court held that the settlement was not property of the estate.

5

## **CONCLUSION**

WHEREFORE, the above premises considered, your Appellant, Curtis C. Reding, Standing Chapter 13 Trustee, moves this Honorable Court for an order finding that he has standing to pursue this appeal and thereby holding this case to be a justiciable controversy. Further, your Appellant moves this Honorable Court to reverse that portion of the Bankruptcy Court's decision regarding property of the estate and issue its ruling that the debtors' post-petition cause of action *is* property of the debtors' estate pursuant to 11 U.S.C. §1306.

Respectfully submitted this 6th day of June, 2008.

                                        Curtis C. Reding
                                        Standing Chapter 13 Trustee

                              By:  /s/ Sabrina L. McKinney
                                   Sabrina L. McKinney (ASB-3162-I71S)
                                   Staff Attorney for Chapter 13 Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL  36101-0173
(334) 262-8371 phone
(334) 834-7635 fax
Email: mckinneys@ch13mdal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing APPELLANT'S SUPPLEMENTAL BRIEF ON APPEAL PURSUANT TO COURT ORDER MAY 14, 2008 has been served upon the parties listed below via either electronic filing, electronic mail or U.S. Mail, postage prepaid and properly addressed, this the 6th day of June, 2008:

Steven D. and Wendy Baxter, Debtors (via U.S. Mail)
19 Baxter Station
Louisville, AL  36048

Michael D. Brock and
David G. Poston (via Electronic Filing)
Counsel for Debtors
Brock & Stout
P.O. Drawer 311167
Enterprise, AL 36331-1167

Teresa R. Jacobs (via Electronic Mail)
Unites States Bankruptcy Administrator
Middle District of Alabama, Northern Division
P.O. Box 1248
Montgomery, AL  36102

                                          /s/ Sabrina L. McKinney
                                          Sabrina L. McKinney