UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE:<br>STEVEN D. BAXTER and<br>WENDY BAXTER,<br>  Debtors. | District Court Appellate Case No.<br>1:07-cv-00913-WKW |
| CURTIS C. REDING, STANDING<br>CHAPTER 13 TRUSTEE FOR THE<br>MIDDLE DISTRICT OF ALABAMA,<br>  Appellant,<br><br>v.<br><br>STEVEN D. BAXTER and<br>WENDY BAXTER,<br>  Appellees. | Bankruptcy Court Chapter 13 Case No.<br>06-10672-DHW-13 |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

**APPELLANT'S SUPPLEMENTAL BRIEF ON APPEAL
TO ADVISE COURT OF RECENT 11TH CIRCUIT CASE ON POINT**

Counsel for the Appellant:
Sabrina L. McKinney (ASB-3162-I71S)
Staff Attorney for Chapter 13 Trustee
Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL  36101-0173
Telephone:  (334) 262-8371
Facsimile:   (334) 834-7635
Email: mckinneys@ch13mdal.com

## STATEMENT OF ISSUE ON APPEAL

Whether the United States Bankruptcy Court for the Middle District of Alabama was correct in its holding that the debtors' post-petition cause of action is not property of the estate.

## **SUPPLEMENTAL BRIEF ON APPEAL TO**

## **ADVISE COURT OF RECENT 11<u>TH</u> CIRCUIT CASE ON POINT**

COMES NOW, the Chapter 13 Trustee for the Middle District of Alabama, your Appellant, by and through the undersigned counsel and files the following supplement to the initial brief on appeal to advise this Honorable Court of a recent 11th Circuit case which has been released and is directly on point to the issue subject of this appeal.

This case is before the Court on the notice of appeal filed by the Chapter 13 Trustee, your Appellant, seeking relief from the Bankruptcy Court's ruling that the debtors' post-petition cause of action is *not* property of the debtors' estate. This appeal raises a question of law and interpretation relating to the friction that exists between 11 U.S.C. §1306, 11 U.S.C. §1327 and *Telfair v. First Union Mortgage Corp.*, 216 F.3d 1333 (11th Cir. 2000) from the Trustee's perspective of the recovery of assets as an additional dividend for the benefit of unsecured creditors and the debtors' estate.

Since the filing of the Appellant's initial brief on appeal, the identical issue before this Court was submitted for consideration to the 11th Circuit. In the case of *Waldron v. Brown (In re Waldron),* ___ F.3d ___, 2008 WL 2953571 (11th Cir. August 4, 2008), the 11th Circuit held that personal injury or other type claims which are acquired by the debtor as a result of actions which occurred after the chapter 13 plan was confirmed were included in property of the estate, which vest in the estate and remain in the estate until the case ends or is converted.

The issues in the appeal to the 11th Circuit were

> Whether a debtor's claims for legal relief that arose after the confirmation but before the completion of his plan to pay creditors are property of the estate, under Chapter 13 of the Bankruptcy Code, See 11 U.S.C. §1306(a) and whether the bankruptcy court

2

> abused its discretion by requiring the debtor to amend his schedule of assets to disclose the proceeds of any settlement of those claims.

The 11th Circuit in *Waldron* first recognizes that §1306 is an expansive definition of what is property of the estate in a chapter 13 case. Furthermore, §1306 "does not mention the confirmation of the debtor's plan as an event relevant to what assets are property of the estate." Id. The Court went on to clarify that its prior estate transformation ruling in the case of *Telfair v. First Union Mortgage Corp.*, 216 F.3d 1333 (11th Cir. 2000) was an "approach to resolve the tension between Sections 1306(a) and 1327(b) regarding property interests that *existed at confirmation*." Id. (emphasis added). In further explanation of the tension between sections 1306 and 1327 and the effect of vesting upon confirmation, the Court goes on to state "new assets that a debtor acquires unexpectedly after confirmation by definition do not exist at confirmation and cannot be returned to him then."

Following other circuits, the 11th Circuit agrees with the position that after confirmation of the chapter 13 plan, the estate continues to be funded by assets acquired by the debtor post petition as set out in §1306.

> While the case is pending, the post-petition property …. [is] added to the estate until confirmation, the event that triggers [section] 1327(b) and "vests" the property of the estate in the debtor. That is, the property interests comprising the pre-confirmation estate property are transferred to the debtor at confirmation, and this "vesting" is free and clear of claims or interests of creditors provided for by the plan. [section] 1327(b), (c). Finally, the property of the estate once again accumulates property by operation of [section] 1306(a) until the case is "closed, dismissed, or converted."

After finding that the debtor's post-petition claim was in fact property of the estate which remains in the estate until the completion of the debtor's plan, the 11th Circuit went on to hold that the bankruptcy court in *Waldron* did not abuse its discretion by requiring that the

3

debtor amend his schedules to disclose this new asset to his creditors and the Trustee. The court went on to hold that "the disclosure of post confirmation assets gives the trustee and creditors a meaningful right to request, under section 1329, a modification of the debtor's plan to pay his creditors." Id.

The 11th Circuit's ruling in *Waldron* speaks directly on point to the issues in this case and as such, the Trustee would offer the *Waldron* case to this Honorable Court for consideration in its deliberations.

## **CONCLUSION**

WHEREFORE, the above premises considered, your Appellant, Curtis C. Reding, Standing Chapter 13 Trustee, moves this Honorable Court for an order reversing that portion of the Bankruptcy Court's decision regarding property of the estate and issue its ruling that the debtors' post-petition cause of action *is* property of the debtors' estate pursuant to 11 U.S.C. §1306.

Respectfully submitted this 7th day of August, 2008.

                                          Curtis C. Reding
                                        Standing Chapter 13 Trustee

                              By:  /s/ Sabrina L. McKinney
                                   Sabrina L. McKinney (ASB-3162-I71S)
                                   Staff Attorney for Chapter 13 Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL  36101-0173
(334) 262-8371 phone
(334) 834-7635 fax
Email: mckinneys@ch13mdal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing APPELLANT'S SUPPLEMENTAL BRIEF ON APPEAL has been served upon the parties listed below via either electronic filing, electronic mail or U.S. Mail, postage prepaid and properly addressed, this the 7th day of August, 2008:

Steven D. and Wendy Baxter, Debtors (via U.S. Mail)
19 Baxter Station
Louisville, AL  36048

Michael D. Brock and
David G. Poston (via Electronic Filing)
Counsel for Debtors
Brock & Stout
P.O. Drawer 311167
Enterprise, AL 36331-1167

/s/ Sabrina L. McKinney
Sabrina L. McKinney